APPEAL, APPEAL_NAT

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Adversary Proceeding #: 24-03216

*Assigned to:* Bankruptcy Judge Alfredo R Perez          *Date Filed:* 10/10/24
*Lead BK Case:* 99-99999                                 *Date Terminated:* 11/05/24
*Lead BK Title:* Out of District Main Case               *Date Removed From State:*
*Lead BK Chapter:* 7                                     10/10/24
*Demand:*

*Nature[s] of Suit:*  01 Determination of removed claim or cause


***Plaintiff***
-----------------------

**P.C.F. Properties in TX, LLC**          represented by **John V Burger**
                                          4151 Southwest Frwy
                                          Suite 680
                                          Houston, TX 77027
                                          713-960-9696
                                          Fax : 713-961-4403
                                          Email: bankruptcy@burgerlawfirm.com


V.


***Defendant***
-----------------------

**James Michael Andersen**          represented by **James Michael Andersen**
17041 El Camino Real                                 Attorney at Law
Suite 204                                            17041 El Camino Real
Houston, TX 77058                                    Ste 204
281-488-2800                                         Houston, TX 77058
SSN / ITIN: xxx-xx-8554                              281-488-2800
                                                     Email: jandersen.law@gmail.com


***Defendant***

------------------------
**Elizabeth Thomas**                      represented by **Elizabeth Thomas**
                                                        PRO SE


*Defendant*
------------------------
**Jasmine B. Jarbis**                     represented by **Jasmine B. Jarbis**
                                                        PRO SE


*Defendant*
------------------------
**Jireh Pitts**                           represented by **Jireh Pitts**
                                                        PRO SE


*Defendant*
------------------------
**Monique Moore**                         represented by **Monique Moore**
                                                        PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 10/10/2024 | 1<br>(28 pgs) | Nature of Suit: (01 (Determination of removed claim or cause)) Complaint by P.C.F. Properties in TX, LLC against James Michael Andersen , Elizabeth Thomas , Jasmine B. Jarbis , Jireh Pitts , Monique Moore . Receipt Number 0, Fee Amount $350 (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 2<br>(27 pgs) | Amended Notice of Removal by James Michael Andersen . (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 3<br>(29 pgs; 4 docs) | State Court Records by James Michael Andersen . (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 4<br>(2 pgs) | Withdrawal of claim (Filed By James Michael Andersen ).(Related document(s):1 Complaint) (hem4). (Entered: 10/17/2024) |

| | | |
|---|---|---|
| 10/18/2024 | 5<br>(66 pgs; 16 docs) | Motion for Remand. Objections/Request for Hearing Due in 21 days. Filed by Plaintiff P.C.F. Properties in TX, LLC (Attachments: # 1 Exhibit Texas Supreme Court Abatement Order # 2 Exhibit 24-08005 Remand Order # 3 Exhibit Andersen Dismissal Order # 4 Exhibit Judge Hittner Order # 5 Exhibit Judge Hughes Order # 6 Exhibit Judge Bennett Order # 7 Exhibit Judge Hanks Order # 8 Exhibit Second Judge Bennett Order # 9 Exhibit Final Summary Judgment # 10 Exhibit Recusal Sanctions Order # 11 Exhibit Vexatious Litigant Order # 12 Exhibit Court of Appeals Dismissal Order # 13 Exhibit Appeal Dismissal Order # 14 Exhibit Judge Isgur Order # 15 Proposed Order) (Burger, John) (Entered: 10/18/2024) |
| 10/21/2024 | 6<br>(1 pg) | Show Cause Order, Signed on 10/21/2024. (Related document(s):1 Complaint, 2 Document) **Show Cause hearing to be held on 11/5/2024 at 09:00 AM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 10/21/2024) |
| 10/23/2024 | 7<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):6 Order Setting Hearing) No. of Notices: 1. Notice Date 10/23/2024. (Admin.) (Entered: 10/23/2024) |
| 10/25/2024 | 8<br>(2 pgs) | Order for Conference Pre-Trial Conference set for 12/18/2024 at 11:00 AM at Houston, Courtroom 400 (ARP). (tjl4) (Entered: 10/25/2024) |
| 10/27/2024 | 9<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):8 Order for Conference) No. of Notices: 1. Notice Date 10/27/2024. (Admin.) (Entered: 10/27/2024) |
| 11/01/2024 | 10<br>(8 pgs; 2 docs) | Ex Parte Motion for Withdrawal of Reference. Objections/Request for Hearing Due in 21 days. Fee Amount: $ 181. Filed by James Michael Andersen (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/01/2024) |
| 11/01/2024 | 11<br>(3 pgs; 2 docs) | Opposition Motion to Continue Hearing On (related document(s):5 Motion for Remand). Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/01/2024) |
| 11/01/2024 | 12<br>(1 pg) | Sealed Document *Out on Medical Until 11/13/2024* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 11/01/2024) |
| 11/04/2024 | 13<br>(1 pg) | Amended Order to Show Cause, Signed on 11/4/2024 (Related document(s):6 Order Setting Hearing, 10 Motion for Withdrawal of Reference, 11 Motion to Continue/Reschedule Hearing) The Court hereby amends the initial show cause order (ECF #6) and excuses Defendant Thomas from appearing at the show cause hearing. (abm4) (Entered: 11/04/2024) |
| 11/04/2024 | 14<br>(2 pgs) | Notice of Appeal filed. (related document(s):6 Order Setting Hearing, 13 Generic Order). Fee Amount $298. Appellant Designation due by 11/18/2024. (Andersen, James) (Entered: 11/04/2024) |
| 11/04/2024 | 15 | Election to Appeal to Court of Appeals *Elizabeth Thomas*. (Andersen, James) (Entered: 11/04/2024) |
| 11/05/2024 | 16 | Courtroom Minutes. Time Hearing Held: 9:41 AM to. Appearances: John Burger for Plaintiff and James Andersen as defendant. Argument heard. Defendant, James Andersen, consented to striking the Notice of Removal |

| | | |
|---|---|---|
| | | 1. The court will enter an order remanding case back to 80th District Court of Harris County, Texas. ERO: yes. (Related document(s):1 Complaint, 2 Document). (abm4) (Entered: 11/05/2024) |
| 11/05/2024 | 17 (1 pg) | PDF with attached Audio File. Court Date & Time [ 11/5/2024 9:41:07 AM ]. File Size [ 7120 KB ]. Run Time [ 00:14:50 ]. (admin). (Entered: 11/05/2024) |
| 11/05/2024 | 18 (2 pgs) | Consent Order Striking the Notice of Removal and Remanding the Case to Texas State Court, Signed on 11/5/2024 (Related document(s):1 Complaint, 2 Document, 6 Order Setting Hearing) (abm4) (Entered: 11/05/2024) |
| 11/06/2024 | 20 (3 pgs) | BNC Certificate of Mailing. (Related document(s):13 Generic Order) No. of Notices: 1. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |
| 11/07/2024 | 21 (1 pg) | Clerk's Notice of Filing of an Appeal. On 11/4/2024, Elizabeth Thomas filed a notice of appeal. The appeal has been assigned to U.S. District Judge George C Hanks, Jr, Civil Action 4:24cv4357. Parties notified (Related document(s):14 Notice of Appeal) (bwl4) (Entered: 11/07/2024) |
| 11/07/2024 | 22 (4 pgs) | BNC Certificate of Mailing. (Related document(s):18 Generic Order) No. of Notices: 1. Notice Date 11/07/2024. (Admin.) (Entered: 11/07/2024) |
| 11/09/2024 | 23 (3 pgs) | BNC Certificate of Mailing. (Related document(s):21 Clerk's Notice of Filing of an Appeal) No. of Notices: 1. Notice Date 11/09/2024. (Admin.) (Entered: 11/09/2024) |
| 11/14/2024 | 24 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):14 Notice of Appeal, 15 Election to Appeal). (Andersen, James) (Entered: 11/14/2024) |
| 10/21/2024 | | Judge Alfredo R Perez added to case. (tjl4) (Entered: 10/21/2024) |
| 11/01/2024 | | Receipt of Motion for Withdrawal of Reference( 24-03216) [motion,mwdrefad] ( 181.00) Filing Fee. Receipt number A25681936. Fee amount $ 181.00. (U.S. Treasury) (Entered: 11/01/2024) |
| 11/05/2024 | | Adversary Case 4:24-ap-3216 Closed. (abm4) (Entered: 11/05/2024) |
| 11/07/2024 | | Receipt of Notice of Appeal( 24-03216) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25694755. Fee amount $ 298.00. (U.S. Treasury) (Entered: 11/07/2024) |
| 11/12/2024 | | ***Delivery Confirmation; delivery date(s) 11/8/2024 (Related document(s):18 Generic Order, 19 Document(s) Sent) (dah4) (Entered: 11/12/2024) |

UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
HOUSTON  DIVISION

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC<br>*Plaintiff*<br><br>*vs*<br><br>James M.  Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore et al.<br>*Defendants* | CIV- 24-3875<br>**MISC.  DOCKET NO. 2020-35780**<br><br><br>**Removed from: 80th District Court<br>Harris County, Texas** |

**AMENDED NOTICE OF REMOVAL**
**TRANSFER TO U.S. SOUTHERN DISTRICT OF NEW YORK**
**MOTION FOR CONTEMPT OF COURT**

**TO: Clerk of the U.S. District Court for the Southern District of Texas: Houston**

PLEASE TAKE NOTICE THAT, James M. Andersen (the "Defendant") filed  an Notice of Removal on October  10, 2024, removing the state court action described above herein, pursuant Federal Rule of Bankruptcy Procedure 9027, this Amended Notice of Removal is necessary to correct the names of parties in the caption to correspond with the same named parties that before the state court prior to removal and cure the attempt to remove a "case within a case" which prohibited copies of the Amended Notice of Removal will be  served with

in the 80th District Court and The Texas Supreme Court.

**BACKRGROUND FACTS**

On August 12, 2024, James M. Andersen filed a "Notice of Removal" Federal Rule of Bankruptcy Procedure Rule 9027(a)(1) removing parties and the entire case under cause No. 2020-35780,  styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* from

the 80th District Court, Harris, County Texas  to the U.S. District Court for the Southern District of Texas: Houston Division  under case No. 24-cv-02999.

On August 12, 2024, James M .Andersen filed to effectuate the removal from state court by filing with the 80th District Clerk of Court in cause No. 2020-35780, case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen,* a stamped copy of the Notice of Removal pursuant to F.R.B.P. Rule 9027(c) giving notice that the case No. 2020-35780 had been removed to federal Court.

On or about August 15, 2024, the U.S. District Court Southern District Texas case No. 24-cv-02999, in the case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* assigned the case to the U.S. Bankruptcy Court for the Southern District of Galveston as a Adversary Proceeding under case No. 24-08005.

Prior to Mr. Andersen filing of its August 12, 2024, "Notice of Removal" unknown at the time is that on July 11, 2024, John V. Burger and Barry & Sewart PLLC., initiated a "new cause of action" as a amendment in the 80th District Court in case No. 2020-35780, by filing a "Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims." Mr. Burger amended new cause of action converts/amends the case from Cause No. 2020-35780, to MISC Docket No. 2020-35789 and names new parties Mr. Burger as assigned Misc Docket to the 80th District Court, Harris County, Texas.

On July 11, 2024, Mr. Burger removed the parties: original named parties of: James Allen, Allan Haye, Robert  L.  Thomas (the Plaintiffs) PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., as (the "Defendants"), Elizabeth Thomas and James M. Andersen as

(the "Third Party Defendants"):  and converted via amended the 80th District Court case from Cause No. 2020-35780,to a Misc. Docket No.  2020-35780 and renamed the parties as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") and James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants")*.

On August 16, 2024, John V.Burger of Barry & Sewart PLLC., filed a "Motion to Remand" on behalf of  P.C.F. Properties in TX, LLC.

On August 22, 2024, Mr. Andersen filed in the U.S. Bankruptcy Court a "Second Amended Notice of Removal" ( the Adversary Complaint") and renamed the parties in the case as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants"*).

On August 23, 2024, the U.S. Bankruptcy Court terminated and removed PCF Investments Inc., *its Subsidary PCF Properties in Texas LLC,  Allan A Haye, Robert L Thomas* and James Allen as parties from the case.

None of the above named Defendants *James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires*, filed an answer or objection to the Plaintiff  In re P.C.F. Properties in TX, LLC, Motion to Remand its case to the 80th District Court.

On September 10, 2024, the Honorable Judge Alfredo R. Perez U.S.B.J., granted the remand Motion and remanded the case styled as *Plaintiff P.C.F. Properties in TX, LLC vs. James M. Andersen et, al., Defendants*, to the 80th Judicial District Court docket No. 2020-35780.

**BASIS FOR REMOVAL**

There no other court within the union wherein a lawyer such as Attorney John V. Burger and Barry & Sewart PLLC., litigate in a court of law on behalf of fake fictitious entities that

according to the Texas Secretary of State, have no legal existence on grounds that the adverse parties named in the case African Americans that have no due process, civil rights or equal protection rights in the State of Texas and lawyers that represent  African Americans lose their due process, civil rights or equal protection rights also.

.Defendant intends to file a separate motion pursuant to  Subsection (1) of section 1443 any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district

(1)   Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

### MOTION FOR CONTEMPT OF BANKRUPCTY ORDER

On March 14, 2024, the Honorable Judge Jeffrey P. Norman U.S.B.J., held hearing in the case stayed In Re Elizabeth Thomas Case No. 23-34971, on P.C.F. Properties TX, LLC, "Motion to Vacate" the courts prior order lifting stay in  a appeal pending in another state.  Attorney John V. Burger attended the hearing on behalf of P.C.F. Properties TX, LLC, and argued at length that main basis for seeking the Court to vacate or modify its order lifting the bankruptcy stay is because the adverse parties will improperly misrepresent and misuse the order for other purposes other than its intended use. See Exhibit 1. [Mr. Burger lengthy argument].

The Honorable Judge Jeffrey P. Norman U.S.B.J., response what a bankruptcy court retains   authority to enforce that order and to basically penalize anyone for   the misrepresentation.

This case is of significance because at the hearing Mr. Burger argued at length throughout the whole hearing how Ms. Thomas and those associated with her will misuse and misrepresent the courts order lifting the stay if the order is not vacated.

Here Mr. Burger is attempting to misuse and misrepresent the Honorable Judge Alfredo R. Perez U.S.B.J., September 10, 2024, remand order which remanded the case styled as as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants")* to the 80th District Court under MISC Docket No, 2020-35780, . by attempting tot use it as a global or universal remand order to reinstate and remand other cases and parties that were never before the court as Judge Norman ruled bankruptcy courts have authority to enforce their  orders and to basically penalize anyone for  the misrepresentation

Again Mr. Burger argument is that the adverse parties in the case are African Americans that have no due process, civil rights or equal protection rights in the State of Texas and lawyers that represent   African Americans lose their due process, civil rights or equal protection rights also

## MOTION TO TRANSFER

Defendant seeks to file Motion to Transfer this case to the U.S. District Court for the Southern District of New York.

Dated: October 15, 2024,

                             Respectfully submitted,

                             By:/s/_James M. Andersen_

                             James M. Andersen Pro, Se
                             P. O. Box 58554
                             Webster, Texas 77598-8554
                             Tel. (281)488-2800
                             Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

       The undersigned certifies that on October 15, 22, 2024 a copy of the foregoing Notice

of Removal was served EFC- Service System or E-mail and U. S. Mail, postage prepaid, to:

John V. Burger
Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
evictions@barryandsewart.com

Harris County District Attorney Office
Public Corruption Department
1201 Franklin St
Houston, TX 77002

New York Attorney General Office
Civil Rights/Criminal Division
28 Liberty St.
New York, NY 10005

U.S. Attorney Office
For the Southern District of New York
Criminal Division
26 Federal Plaza, 37th Floor
New York, NY 10278

                             By:/s/_James M. Andersen_

EXHIBIT-1

EXHIBIT-D- MOTION TO VACATE
HEARING TRANSCRIPT

1

```
 1            IN THE UNITED STATES BANKRUPTCY COURT

 2           FOR THE SOUTHERN DISTRICT OF TEXAS

 3                    HOUSTON DIVISION

 4   IN RE:                  §      CASE NO. 23-34971-13
                             §      HOUSTON, TEXAS
 5   ELIZABETH THOMAS,       §      THURSDAY,
          DEBTOR.            §      MARCH 14, 2024
 6                           §      1:32 P.M. TO 2:00 P.M.

 7
                    MOTION TO VACATE  (VIA ZOOM)
 8
            BEFORE THE HONORABLE JEFFREY P. NORMAN
 9              UNITED STATES BANKRUPTCY JUDGE

10

11

12      APPEARANCES:                   SEE NEXT PAGE

13      ELECTRONIC RECORDING OFFICER: AARON JACKSON

14      COURTROOM DEPUTY:              TRACEY CONRAD

15

16

17

18

19

20              TRANSCRIPTION SERVICE BY:

21          JUDICIAL TRANSCRIBERS OF TEXAS, LLC
               935 Eldridge Road, #144
22             Sugar Land, TX  77478
                   281-277-5325
23             www.judicialtranscribers.com

24
     Proceedings recorded by electronic sound recording;
25        transcript produced by transcription service.
```

2

1                              **APPEARANCES**:

2


3    FOR PCF PROPERTIES IN TX, LLC:      ATTORNEY AT LAW
                                         John V. Burger, Esq.
4                                        4151 Southwest Freeway
                                         Suite 680
5                                        Houston, TX 77027
                                         713-960-9696
6


7    FOR THE CHAPTER 13 TRUSTEE:      Christina Rodriguez, Esq.

8


9    ALSO APPEARING:                  ELIZABETH THOMAS,
                                      Pro Se
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                **HOUSTON, TEXAS; THURSDAY, MARCH 14, 2024; 1:32 P.M.**

2                THE COURT:  The next case is the Thomas case,

3   23-34971.

4                MR. BURGER:  Good afternoon, Your Honor.

5                John Burger on behalf of the Movant and Creditor

6   P.C.F. Properties in TX, LLC, and Tony Halaris (phonetic) is

7   on line.  He's the corporate representative.

8                THE COURT:  Thank you, Mr. Burger.

9                MS. RODRIGUEZ:  Good afternoon, Your Honor.

10               Christina Rodriguez appearing behalf of the

11  Chapter 13 Trustee.

12               THE COURT:   Thank you, Ms. Rodriguez.

13               Anyone else appearing in this matter?

14               MS. THOMAS:  Elizabeth Thomas, I'm the Debtor and

15  the Appellate.

16               THE COURT:  Ms. Thomas, I need you to appear by

17  video.

18               Are you able to connect by video?

19               MS. THOMAS:  Oh, I didn't -- I read your

20  procedure and it said for me to appear by -- no, not at this

21  moment, Your Honor, I don't have access to appear by video.

22  I apologize.

23               THE COURT:  If you're going to appear in front of

24  me, Ms. Thomas, you have to appear by video.

25               Let me do this.  Let me recall the case.  I've

4

1   got two matters who should take just a few seconds to take

2   care of, and then I'll come back to you, all right?

3           So, I'll recall the Thomas case.  Ms. Thomas, if

4   you, during the pendency, can arrange to connect by video,

5   it would be in your best interest, all right?

6           MS. THOMAS:  Okay.

7       (Recess taken from 1:34 p.m. to 1:40 p.m.)

8           THE COURT:  Let me return to the Thomas case,

9   which is 23-34971.  Ms. Thomas is on the line now.  I see

10  her.  Mr. Burger is here.  I see him.

11          All right.  Mr. Burger, I'm going to let you

12  argue your motion.  I think I have an understanding of

13  what's going on, and I just want to make sure that I

14  understand this.  Let me just do this real quick.  There is

15  various PCF Properties in Texas, LLC.  That's your client,

16  correct?

17          MR. BURGER:  No, P.C.F. Properties in TX, LLC is

18  my client.

19          THE COURT:  Okay, and I'm sorry.  I didn't write

20  that correctly.  P.C.F. Properties in TX, LLC is your

21  client?

22          MR. BURGER:  That's correct, Your Honor.

23          THE COURT:  And there also is a PCF Properties

24  in Texas, LLC, very similar name, but not related to your

25  client.

5

 1                Is that correct?

 2                MR. BURGER:  That is correct.

 3                THE COURT:  Okay, is there any connection between

 4  those two companies at all other than their names are eerily

 5  similar?

 6                MR. BURGER:  No, Your Honor.  See, what happened

 7  was it was by way of background --

 8                THE COURT:  Okay, bear with me.  Let me ask my

 9  questions first.

10                MR. BURGER:  Okay, okay.

11                THE COURT:  I lifted the stay in this litigation.

12  Is your client P.C.F. Properties in TX, LLC part of that

13  litigation?

14                MR. BURGER:  Let me answer that two ways.  There

15  is State Court litigation relating to property located at

16  8202 Terre Valley Lane in Tomball, Texas.  My client

17  purchased that property at a nonjudicial foreclosure sale in

18  March of 2020.

19                In June of 2020, James Allen and Robert Thomas

20  filed a suit to quiet title.  They named my client

21  incorrectly in the initial filings.  My client appeared and

22  litigated the District Court in that case.  It's 2020-65753,

23  I believe, issued a judgment in April of this year, of last

24  year quieting title to the property in my client's name.

25                Prior to the entry of the summary judgment in my

6

1   client's name in April of last year, Elizabeth Thomas, James

2   Anderson, who is an attorney, James Alan, Alan Hay, and

3   Robert Thomas filed an involuntary bankruptcy case in

4   Delaware and named as the Debtor, P.C.F. Investments, Inc.,

5   dba P.C.F. Properties in TX, LLC and tried to tied that

6   State Court litigation up in the involuntary bankruptcy.

7           The problem is the Debtor that they try to put

8   into bankruptcy was formed in Delaware in 1987, but

9   forfeited its corporate charter in 1993.

10          THE COURT:  Okay.  So, you haven't answered my

11  question though.  You've gone around the horn.

12          So, there's litigation 23-CV-00147 pending in the

13  US Federal District Court of Delaware, correct?

14          MR. BURGER:  Yeah, and that's where I was going

15  with the involuntary --

16          THE COURT:  So, bear with me one second.  Is that

17  an adversary procedure or is that a District Court action?

18          MR. BRUGER:  That is an appeal of Judge Horan's

19  orders in the involuntary denying motions to reinstate and

20  remand a case.  No, no, no.

21          THE COURT:  So, it's an appeal of an adversary,

22  correct?  Is that what you're telling me?

23          MR. BURGER:  No, it's a -- no, it's an appeal of

24  the judge's orders denying matters in the involuntary case.

25  There was no adversary case filed.  When Elizabeth Thomas

1    and the other petitioning creditors --

2         THE COURT:  Again, you want to give me more

3    details than I want to know.  So, bear with me for one

4    second.

5         So, that's an appeal of the Bankruptcy Court

6    decision?

7         MR. BURGER:  Yes, and what they're doing in the

8    Delaware --

9         THE COURT:  Mr. Burger, hold on.  Okay?

10        MR. BURGER:  Okay.

11        THE COURT:  Answer my questions and then shut up,

12   okay?  All right?

13        So, it's an appeal of a Bankruptcy Court

14   decision, okay?  Is your client involved in that appeal at

15   all, a named party appearing in that appeal?

16        MR. BURGER:  We have made an appearance in that

17   matter on behalf of the Texas Corporation.

18        THE COURT:  Okay.

19        MR. BURGER:  And the reason for that is --

20        THE COURT:  Again, you want to give me more

21   information than I want, and I asked you just to answer my

22   question.  I'll give you every opportunity to argue it --

23        MR. BURGER:  Okay.

24        THE COURT:  -- in just a second, okay?

25        So, James Anderson is a lawyer who represents

8

1   apparently the other PCF Investment, the other similarly

2   named corporation; is that correct?

3               MR. BURGER:  No, I believe the person who

4   represents the similarly named company is somebody by the

5   name of Azalea Spiders (phonetic).

6               THE COURT:  Okay, and that's the woman who

7   basically signed without prejudice and without recourse.

8               Okay, all right.

9               MR. BURGER:  Yeah, yeah.

10              THE COURT:  All right.  So --

11              MS. THOMAS:  Can I say something?

12              THE COURT:  Ms. Thomas, you get to speak in just

13  a few minutes. but not until then.

14              MS. THOMAS:  Okay.

15              THE COURT:  Okay.  So, it says James --

16              MS. THOMAS:  Yes, Your Honor.

17              THE COURT:  -- M. Anderson is the Movant,

18  Elizabeth Thomas is the Debtor, Co-Debtors are James Allen,

19  Allen Hay, and Robert L. Thomas, and Judgment Creditor, PCF

20  Properties in TX, LLC, all right?  You've made an appearance

21  in that.

22              You're not a named party, correct?

23              MR. BURGER:  That's correct.

24              THE COURT:  All right.  So, tell me why I should

25  vacate my order lifting the stay.

9

1          MR. BURGER:  Because, Your Honor, the motion that
2    was originally filed, there was an agreed motion lifting the
3    stay.  I filed an objection to it because the language that
4    they wanted to submit to the Court says that there is a
5    settlement agreement that affects the Terre Valley property
6    and my client's interest in that property.
7          THE COURT:  Okay, but I'm looking at the order,
8    and all my order says is, "Accordingly, it is ordered that
9    the motion is granted leave from the automatic stay to
10    pursue the US Federal District Court of Delaware remedies."
11    That's all my order provides for.
12          MR. BURGER:  That's what the order provides, but
13    if the Court looks at what they filed, it says that there's
14    a global --
15          THE COURT:  I don't care what they filed.  I only
16    care what I signed.  What they filed has no legal effect
17    whatsoever.
18          MR. BURGER:  But what happens is Ms. Thomas and
19    her people take your orders and other Court's orders, and
20    they misrepresent the effects of those orders to other
21    Courts, and it costs my client in excess of $100,000 trying
22    to get this thing straightened out.
23          THE COURT:  Okay.  So, let's answer this question
24    then.  Assuming that this order is misrepresented to anyone,
25    don't I have an authority to enforce that order and to

1  basically penalize anyone for doing that?

2        MR. BURGER:  Yeah, I think the Court should

3  penalize them for misleading the Court about what the status

4  of the underlying litigation is.  They are going to take

5  your Court's order.  They're going to put it in front of the

6  Delaware Court.  The Delaware Court has already reinstated

7  the bankruptcy appeal and set a certain briefing deadline.

8        THE COURT:  Okay.  So, let's assume that I vacate

9  the order.  What then happens?  What do you want me to do?

10        MR. BURGER:  I don't want an order from your

11  Court being used as a subterfuge to affect the title that my

12  client has in the Terre Valley property.  If the Court looks

13  at whatever the settlement agreement that they filed or

14  they've entered into, it says that their vacating --

15        THE COURT:  Mr. Burger, I couldn't care less

16  about any sort of settlement agreement.  I haven't approved

17  the settlement agreement.  I don't -- I mean, all I did was

18  lift the stay.  That's all I did.  That's all the order

19  provides for.

20        MR. BURGER:  Right.  Yeah, but that motion says

21  that the stay needed to be lifted to effectuate a settlement

22  agreement, and that settlement agreement vacates my client's

23  judgment in April of 2023, it vacates the orders out of the

24  Delaware Bankruptcy Court, it vacates orders holding

25  Ms. Thomas and the other people liable for numerous motions

1  to recuse the State Court Judge, to vacate a vexatious

2  litigant order that was entered in November sanctioning her

3  and James Thomas in the amount of $50,000 for the actions

4  that they had undertaken.  It's not simply lifting the

5  automatic stay, Your Honor.

6           Ms. Thomas has a history --

7           THE COURT:  Mr. Burger, I'm showing you the

8  order.  Here's the order right there, okay?  You can look at

9  it.

10           MR. BURGER:  And I --

11           THE COURT:  All right, and the last paragraph,

12  "Accordingly, it is ordered the motion is granted leave from

13  the automatic stay to pursue US Federal District Court of

14  Delaware remedies."  That's the only thing it says.  It

15  lifts the stay.  It doesn't do anything more.  I can clarify

16  it and say it doesn't do anything other than lift the stay,

17  but if I don't lift the stay, what do I then do?

18           MR. BURGER:  Well, first, I think the Court -- if

19  Ms. Thomas and her parties have entered into a settlement

20  agreement as part of their motion, I think they need to

21  express what those terms are to your Court, because your

22  Court is the one that has jurisdiction over whatever claims

23  and whatever matters she's trying to settle, and she didn't

24  do it.  She didn't file any of the settlement agreements

25  with your Court.

1          THE COURT:  But again, Mr. Burger, I haven't

2   approved any sort of settlement agreement.  I'm assuming

3   someone's going to have to do that.  Could be me or someone

4   else, but as a practical matter, all I did was lift the

5   stay.  That's all I did.

6          I can clarify that.  I haven't proved anything.

7   I haven't taken any action on anything else.  All I've done

8   is lift the stay.

9          I mean, if you want me to do something else other

10  -- I mean, I'm just trying to figure out where we go.  If I

11  don't lift the stay, if I vacate the order, what am I then

12  going to do?

13      (Phone loudly ringing in background.)

14          THE COURT:  Whoever that is, just turn them off.

15          Okay, what's the practical ramification?

16          MR. BURGER:  Well, the --

17          THE COURT:  You've got litigation going on in

18  Delaware, okay?

19          MR. BURGER:  Right.

20          THE COURT:  You can't remove it to me.  It's

21  already in Federal Court, right?

22          MR. BURGER:  Right.

23          THE COURT:  Okay.  So, either I lift the stay or

24  I don't lift the stay.  What am I going to do if I don't

25  lift the stay?  What's the practical effect of that?

1          MR. BURGER:  The practical effect -- I agree with

2    the Court.  Lifting of the automatic stay, in my opinion,

3    is --

4          THE COURT:  Does nothing other than lift the

5    stay.  I mean, that's all it does.

6          MR. BURGER:  It does nothing --

7          THE COURT:  I mean --

8          MR. BURGER:  Right, but my concern, Your Honor,

9    and I know the Court is not really concerned about the

10   underlying obligations, but I guarantee you that Ms. Thomas

11   is going to take your order to the Federal District Court in

12   Delaware, and she is going to misrepresent what happened in

13   your court and she's going to tell the Delaware District

14   Court that the company that she tried to put in bankruptcy

15   is a title interest holder in my client's property, and

16   she's going to try to get that Federal District Court to

17   approve a settlement, which she will then bring back to the

18   Texas courts.  And then --

19         THE COURT:  Okay, but here's the problem,

20   Mr. Burger.  I can't -- I'm not an appeals court for what

21   happens in some District Court somewhere else.  I can't

22   basically usurp their jurisdiction by simply saying the stay

23   is going to remain in place and don't do anything.  I mean,

24   there's got to be some sort of practical way to resolve your

25   claims, okay?  And I understand that, but if I can't resolve

1  them, what am I supposed to do?  I mean, I understand your

2  predicament.

3          MR. BURGER:  Right.

4          THE COURT:  Okay, but again, litigation is -- go

5  ahead.

6          MR. BURGER:  Litigation is litigation.  I get

7  that, Your Honor, but remember, Ms. Thomas has broken into

8  my client's house twice since August of last year.

9          THE COURT:  Okay, that's argument.  That's not

10  evidence and I'm not sure I want to hear evidence on this.

11  I'm trying to determine whether I should vacate my order

12  lifting the stay, and if I should vacate it or modify it,

13  what do I then do, okay?

14          MR. BURGER:  Right.

15          THE COURT:  You want me to vacate the order,

16  right?

17          MR. BURGER:  Right.

18          THE COURT:  Okay.

19          MR. BURGER:  If the Court wants to clarify --

20          THE COURT:  Okay.  So, bear with me.  Bear with

21  me.

22          So, assuming that you want me to vacate the

23  order, what do you then want me to do?

24          MR. BURGER:  If the Court wants to clarify that

25  it is expressing no, it's not making any expressions one way

1  or another on the underlying merits of whatever settlement

2  agreement is entered into between Elizabeth Thomas and the

3  other parties to what she says is her settlement agreement,

4  that's fine, but my concern is that you have two lawyers who

5  have misrepresented to you what the status of the underlying

6  lawsuit is.

7          THE COURT:  Okay, 9011 applies.  9011 applies,

8  and you can file some sort of motion for sanctions.  That's

9  not before me right now.  I agree there may be real problems

10 with what the lawyers have done in this case based on what

11 I've seen, but that's not before me.  If you want to file a

12 9011 motion, feel free.

13         MR. BURGER:  Okay.

14         THE COURT:  Okay, I'm here.  I'm working.  I'll

15 do it, okay?  But the problem is, what do I then do?  And I

16 think that if you want me to clarify the order, saying all

17 I've done is lift the stay, I've done anything else, and

18 Ms. Thomas, don't make any representations about what my

19 order says or doesn't say.  It does one thing.  It lifts the

20 stay.  That's all it does.

21         I'm happy to do that as well, Okay?

22         MS. THOMAS:  Can I be excused?

23         THE COURT:  No, ma'am, you may not, because you

24 basically have to tell me what you want me to do or not do,

25 and I want to give you an opportunity to respond to what

1    Mr. Burger is saying.

2              Ms. Rodriguez, do you have anything you want to

3    tell me?

4              MS. RODRIGUEZ:  No, Your Honor, we're just

5    observing.

6              THE COURT:  Okay, and again -- and Ms. Thomas

7    just left, which is why I hate virtual hearings.

8              But Mr. Burger, I don't think this case is --

9              FEMALE SPEAKER:  Sorry.

10             THE COURT:  Bear with me.

11             I don't think this case is going anywhere.

12   Effectively, I think at some point in time, it's going to

13   end up being dismissed, and if that's the case, what

14   difference will it make?

15             MR. BURGER:  Understood.  I know that the Trustee

16   does have a motion to dismiss pending, and we haven't taken

17   a position on that at this point and we'll just deal with

18   that, but if the Court does want to issue an order

19   clarifying that it does nothing more than lift the stay,

20   then I'm comfortable with that --

21             THE COURT:  All right, Ms. Thomas --

22             MR. BURGER:  -- and we will proceed.

23             THE COURT:  -- I'm going let you respond now to

24   what we've talked about, and I need you to tell me anything

25   you think I need to know about lifting the stay and any sort

1  of other representations you want to make to me right now.

2          MS. THOMAS:  Well, first of all, Your Honor, I'm

3  really confused because P.C.F. Properties in TX was non-

4  suited from the State Court litigation on February 18th,

5  2020.  They were non-suited.

6          First of all, this is not my lawsuit.  I'm not a

7  plaintiff in this State Court litigation.  I'm a defendant.

8  So, I didn't file anything against anybody.  That's number

9  one.  And second --

10          THE COURT:  Okay.  Whoa, whoa, whoa.  Ms. Thomas,

11  you signed off on this order, the order that I signed.

12          MS. THOMAS:  Yeah.  Yeah, I'm talking about he's

13  talking about the State Court litigation.

14          THE COURT:  Okay, and I don't want to talk about

15  the litigation that's going on in District Court, because I

16  can't do anything about that.  I want to know why I should

17  or should not vacate this order.

18          MS. THOMAS:  The litigation in the Delaware case

19  for PCF Investment, Inc., also known as PCF Investments.

20  PCF, Inc. is a Delaware corporation.  It doesn't have

21  anything to do with Attorney Burger's P.C.F.  They're not a

22  party to it.  They didn't even file -- if he has problems

23  with their appeal or if he thinks there's going to be some

24  misrepresentation of the appeal, he could have filed a

25  motion to intervene.  He could have filed a motion to

1  intervene and brought all these issues in front of the

2  Delaware Court, but he waited until I filed an appeal.  He

3  knew that all the claims that he's bringing up were

4  transferred to the Court.

5          THE COURT:  Okay.  Ms. Thomas, again, I'm going

6  to direct you back to this order, okay?

7          MS. THOMAS:  Yes, Your Honor.

8          THE COURT:  It's an order you signed off on.

9  Mr. Burger wants me to vacate it or to clarify it.  I want

10  to know what your position is relative to this order,

11  because I don't have any of that other litigation before me

12  and honestly, can't do anything about it because I don't

13  have jurisdiction.

14          I just want to know what you think about this

15  order and whether you're happy if I clarify and say all I've

16  done is lift the stay.  I haven't done anything else in the

17  case.  I don't want you representing that I've done anything

18  else other than lift the stay.

19          MS. THOMAS:  I don't have any objection to you

20  doing that, Your Honor, because you haven't.  No one has put

21  anything before you about the Delaware case.  So, if you

22  want to clarify it, if you want to clarify lifting the stay,

23  that's fine.

24          And as far as Mr. Burger's talk about the

25  settlement, the Delaware District Court is the one who

1   issued an order.  No one even asked me.  I'm an Appellant

2   and no one even asked for a settlement.  It's part of their

3   mandatory procedure for all bankruptcy appeals, that you

4   participate in mediation.

5           THE COURT:  All right, Ms. Thomas.  Ms. Thomas,

6   okay.

7           So, here's what I'm going to do, Mr. Burger,

8   okay?  I'm going to allow you, if you feel like these

9   lawyers have misrepresented facts to me by pleadings, if you

10  want to file a motion for sanctions, I'm more than happy to

11  hear that.  I'm going to enter an order, in effect, that

12  clarifies my prior order that says I've done nothing as it

13  relates to any of the claims or causes of action against any

14  of the parties who are named or unnamed in this order, that

15  all I've done is lift the stay so other courts can litigate

16  the issue, and if there's some way for me to exercise

17  jurisdiction, I will, but I don't think that there is.

18          And Mr. Burger, you can do what you need to do.

19          Ms. Thomas, you need to prosecute this case

20  properly because if you don't prosecute this case properly,

21  anything I enter after the case is dismissed doesn't do you

22  any good, doesn't do anybody any good, all right?

23          And I think we're unfortunately marching towards

24  dismissal because I don't think the case is being properly

25  prosecuted, but that's a call for another day, all right?

20

1          Thank you all for appearing.

2          MS. RODRIGUEZ:  Thank you, Your Honor.

3          THE COURT:  Thank you.

4          You're all excused, and we're adjourned.

5      (Hearing adjourned at 2:00 p.m.)

6                      *  *  *  *  *

7          *I certify that the foregoing is a correct*

8  *transcript to the best of my ability due to the condition of*

9  *the electronic sound recording of the ZOOM/video/telephonic*

10 *proceedings in the above-entitled matter.*

11 */S/ MARY D. HENRY*

12 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

13 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

14 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

15 *JTT TRANSCRIPT #68413*

16 *DATE FILED:  MARCH 31, 2024*

17

18

19

20

21

22

23

24

25

UNITED STATES  DISTRICT COURT
SOUTHERN OF TEXAS
TEXAS
HOUSTON DIVISION

In re.  P.C.F.  Properties in TX, LLC                              CIV. 24-3875
                          *Plaintiff*

*vs*

James M.  Andersen, Elizabeth Thomas
Jasmine B .Jarbis, Jireh Pitts, and
Monique Moore et al.                          **Removed from: 80th District Court**
                          *Defendants*                 **Harris County, Texas**

                          **MISC. DOCKET NO. 2020-35780**

**FILING OF STATE COURT RECORDS FOR CAUSE**

| No. | Date Filed | Document | New Filing Party |
|---|---|---|---|
| Exhibit 1 | July 11, 2024 | Misc Doc, Petition initiating a **new Case** | P.C.F. Properties in TX, LLC, against, Elizabeth Thomas, Jasmine Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires et al |
| Exhibit 2 | July 11, 2024 | Proposed Order | P.C.F. Properties |
| Exhibit 3 | October 9, 2024 | Answer, Counter-claim | James M. Andersen |

Respectfully submitted,

By:/s/*James M. Andersen*

James M. Andersen

Dated: August 15, 2024        P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2024  a copy of the foregoing document

was served via EFC-Filing system or e-mail and U. S. Mail, postage prepaid, to:

John V. Burger
Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
evictions@barryandsewart.com

Harris County District Attorney Office
Public Corruption Department
1201 Franklin St
Houston, TX 77002

New York Attorney General Office
Civil Rights/Criminal Division
28 Liberty St.
New York, NY 10005

U.S. Attorney Office
For the Southern District of New York
Criminal Division
26 Federal Plaza, 37th Floor
New York, NY 10278

By:/s/James M. Andersen

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

EXHIBIT-1

*CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants*, | § § | |
| | § | 80th JUDICIAL DISTRICT |
| v. | § § | |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL | § § | HARRIS COUNTY, TEXAS |
| *Defendant/Third-Party Plaintiff* | § | |

MISC. DOCKET NO. 2020-35780

In Re: A Purported                          In the District Court

Lien or Claim Against Real Property Owned by In and For Harris County, Texas

P.C.F. Properties in TX, LLC                80th Judicial District

**Motion for Judicial Review of Documentation**

**or Instrument Purporting to Create Liens or Claims**

Now Comes, P.C.F. Properties in TX, LLC and files this motion requesting a judicial determination of the status of documentation or instruments purporting to create interests in real property, or liens or claims on real, or an interest in real property relating to 8202 Terra Valley Lane, Tomball, TX 77375, all of which are filed in the office of the Clerk of Harris County, Texas, and in support of the motion would show the court as follows:

I.      P.C.F. Properties in TX, LLC, Movant herein, is the owner of the real property commonly known as 8202 Terra Valley Lane, Tomball, TX 77375, or the interest in real property described in the documentation or instrument. The Property is more particularly described as:

Lot Twenty-Five (25), in Block Two (2), of Miramar Lake Section Three (3), a Subdivision in Harris County, Texas, according to the Map or Plat thereof recorded under Film Code No. 553108 of the Map Records of Harris County, Texas.

Movant's interest in the Property is derived from a Trustee's Deed from Anna C. Sewart dated March 13, 2020, and recorded under Instrument No. RP-2020-116398 in the Real Property Records of Harris County, Texas.  Movant also is the holder of a final judgment dated April 19, 2023, in Case No. 2020-35780, by the 80th Judicial District Court, Harris County, Texas, in *Thomas, et al v. P.C.F. Properties in TX, LLC., et al*.  The Judgment quieted title to the Property, avoiding all other claims and/or interests in the Property.

II.    As set forth below, in the exercise of the county clerk's official duties as County Clerk of Harris County, Texas, the county clerk received and filed and recorded the following documentation or instruments attached hereto and containing 22 pages. Said documentation or instruments purport to have created liens or claim interests on the Terra Valley Property, or a purported legal interest in real property against one the parties listed below:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
|---|---|---|---|---|
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

III.    Movant alleges that these deeds, documents and/or instruments attached hereto are fraudulent, as defined by Section 51.901(c)(2), Government Code, and that these deeds, documentation, and/.or instrument should therefore not be accorded lien or claim status and should be removed from Movant's chain of title..

IV.    Movant attests that assertions herein are true and correct.

V.    Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien.  Movant further acknowledges that movant may be subject to sanctions, as provided by Chapter 10, Civil Practice and Remedies Code, if this motion is determined to be frivolous.

Unofficial Copy Office of Marilyn Burgess District Clerk

PRAYER

Movant requests the court to review the attached documentation or instrument and enter an order determining whether it should be accorded lien status, together with such other orders as the court deems appropriate.

Respectfully submitted,

BARRY & SEWART. PLLC


___/s/ John V. Burger_____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN: 24108500BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel.  (713) 722-0281
Fax. (713) 722-9786
Email:    john@barryandsewart.com
              evictions@barryandsewart.com

*Attorneys for Movant, P.C.F. Properties in TX, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the forgoing was served to all parties in interest listed below by electronic delivery as allowed by the Texas Rules of Civil Procedure by first class United States mail, postage prepaid, on or before the 11th day of July, 2024.

James M. Andersen
Agent for Jireh Pitts
PO Box 58554
Webster, TX 77598

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

                                           */s/ John V. Burger*
                                           John V. Burger

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

**Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instruments Purporting to Create Liens or Claims**

On the _____ day of _____, 2024), in the above entitled and numbered cause, this court reviewed a motion, verified by affidavit, of P.C.F. Properties in TX, LLC and the documentation or instrument(s) attached thereto. No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument under the authority vested in the court under Subchapter J, Chapter 51, Government Code.  1

The court finds as follows (only an item checked and initialed is a valid court ruling):

_____ The documentation or instrument(s) attached to the motion herein IS asserted against real or personal property or an interest in real or personal property and:

(1)  IS provided for by specific state or federal statutes or constitutional provisions;

(2)  IS created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by consent of an agent, fiduciary, or other representative of that person; or

(3)  IS an equitable, constructive, or other lien imposed by a court of competent jurisdiction created or established under the constitution or laws of this state or of the United States.

_____ The documentation or instrument(s) attached to the motion herein:

(1)  IS NOT provided for by specific state or federal statutes or constitutional provisions;

(2)  IS NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;

BAS200099 – ORDER AVOIDING LIENS & CLAIMS

(3) IS NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) IS NOT asserted against real or personal property or an interest in real or personal property. There is no valid lien or claim created by this documentation or instrument(s). The following liens and/or claims against the real property located at 8202 Terra Valley Lane, Tomball, TX 77375, are declared null and void:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |
| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act. The county clerk shall file this finding of fact and conclusion of law in the same class of records as the

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

Unofficial Copy Office of Marilyn Burgess District Clerk

subject documentation or instrument was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject documentation or instrument.

SIGNED ON THIS THE _____ DAY OF _____.


_____

DISTRICT JUDGE
80th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, | § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants*, | § | |
| | § | 80th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL | § | HARRIS COUNTY, TEXAS |
| *Defendant/Third-Party Plaintiff* | § | |

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

## NOTICE OF IN-PERSON ORAL HEARING

**Motion for Judicial Review of Documentation
or Instrument Purporting to Create Liens or Claims**

Please take notice that an **in-person** oral hearing will be conducted on August 13, 2024, at 1:30 p.m., to consider and rule P.C.F. PROPERTIES IN TX, LLC's MOTION FOR JUDICIAL REVIEW OF DOCUMENTATION OR INSTRUMENT PURPORTING TO CREATE LIENS OR CLAIMS.  **THIS IS HEARING WILL BE CONDUCTED by the Honorable Jerlynn Manor, 80th Judicial District Court of Harris County**, Texas, 201 Caroline Street, 13th Floor, Houston, TX 77002.

Respectfully submitted,

BARRY & SEWART. PLLC


_____/s John V. Burger_ _____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel.  (713) 722-0281
Fax. (713) 722-9786
 Email:  evictions@barryandsewart.com

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that on July 11, 2024, a true and correct copy of the foregoing pleading has been furnished to all parties as follows:

James M. Andersen
Agent for Jireh Pitts
PO Box 58554
Webster, TX 77598

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

                         */s/John V. Burger*
                         John V. Burger

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Wm. LanceLewis | | lewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | knlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

EXHIBIT-2

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

**Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instruments Purporting to Create Liens or Claims**

On the _____ day of _____, 2024), in the above entitled and numbered cause, this court reviewed a motion, verified by affidavit, of P.C.F. Properties in TX, LLC and the documentation or instrument(s) attached thereto. No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument under the authority vested in the court under Subchapter J, Chapter 51, Government Code. 1

The court finds as follows (only an item checked and initialed is a valid court ruling):

_____ The documentation or instrument(s) attached to the motion herein IS asserted against real or personal property or an interest in real or personal property and:

(1) IS provided for by specific state or federal statutes or constitutional provisions;

(2) IS created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by consent of an agent, fiduciary, or other representative of that person; or

(3) IS an equitable, constructive, or other lien imposed by a court of competent jurisdiction created or established under the constitution or laws of this state or of the United States.

_____ The documentation or instrument(s) attached to the motion herein:

(1) IS NOT provided for by specific state or federal statutes or constitutional provisions;

(2) IS NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;

BAS200099 – ORDER AVOIDING LIENS & CLAIMS

(3) IS NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) IS NOT asserted against real or personal property or an interest in real or personal property.   There is no valid lien or claim created by this documentation or instrument(s).   The following liens and/or claims against the real property located at 8202 Terra Valley Lane, Tomball, TX 77375, are declared null and void:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |
| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act.   The county clerk shall file this finding of fact and conclusion of law in the same class of records as the

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

subject documentation or instrument was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject documentation or instrument.

SIGNED ON THIS THE _____ DAY OF _____.


_____

DISTRICT JUDGE
80th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

EXHIBIT-3

10/9/2024 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92963814
By: Kathy Givens
Filed: 10/9/2024 11:29 AM

## MISC Docket No. 2020-35780

| | | |
|---|---|---|
| In re. P.C.F. Properties in TX, LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiffs/Counter-Defendants* | § | |
| *vs* | § | |
| | § | |
| James M. Andersen, Elizabeth Thomas | § | 80th JUDICIAL DISTRICT COURT |
| Jasmine B .Jarbis, Jireh Pitts, and | | |
| Monique Moore et al. | § | |
| *Defendants/Third-Party Plaintiff* | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | "JURY TRIAL DEMANDED" |

### ORIGINAL ANSWER AND COUNTERCLAIM

Comes now, James M. Andersen and files this Original Answer and Counter Claim against P.C.F. Properties in TX, LLC a purported Texas limited liability company , and in support thereof, would show unto the Court:

### I. ORIGINAL ANSWER

#### A. Affirmative Defenses

1.  Defendant pleads the affirmative defense of fraud this type of action is only available to the current owner of the property and according to the Harris County Real Property Record P.C.F. Property in TX, LLC is not the current owner.

2.  Defendant pleads the affirmative defense of illegality.

3.  Defendant pleads the affirmative defense of   res judicata. Multiple lawsuits and orders concerning the subject property exists which limits Plaintiff's right to recovery.

#### B. General Denial

4.     Defendant enters a general denial on each and every cause of action and demands strict proof thereof.

## II. COUNTERCLAIM

*A. Preamble:*

5.     This case is the latest attempt in a saga that spans more than 4 years of the debt collectors Barry & Swart PLLC., attempt to collect an unlawful debt. Barry & Swart PLLC, and its client Plaintiff P.C.F.  Properties in TX, LLC, as part of statewide RICO Enterprise scheme in the State of Texas in which they attempt to collect outstanding mortgage debts for a lender named FLAGSTONE LENDING GROUP a purported State of Utah Corporation and/or MTH LENDING GROUP LP.,  a a purported State Texas Corporation whom also operated out of the State of Utah, none of these alleged lenders had any license as a matter of fact FLAGSTONE LENDING GROUP a purported State of Utah Corporation has no legal existence instead.

### Statement of Facts

6.     On October 19, 2007, Elizabeth Thomas attended a real estate settlement closing at  f/k/a MTH Title Company L.C., with her lender MTH Lending Group L.P, license address being 550 Westcott, STE 450, Houston Tex, 77007, and executed loans document for a Texas Equity mortgage loan  in the  amount of $235, 262.37, an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of property at 8202 Terra Valley Lane, Tomball Tx. 77375.

7.     On October 19, 2007, although Ms. Thomas executed the loan documents with lender MTH Lending Group L.P,  sold the loan and the Deed of Trust securing the mortgage loan were executed in the name of MTH  Lending  Group  L.P, then partner **Flagstone Lending Group L.P.**, a Texas limited Partnership  address being  8501 Katy Freeway Houston Texas 77024.

8.     Instead unknown is the fact that on October 19, 2007, a "Deed of Trust" was filed in the Harris County Real Property Records which names the lender FLAGSTONE LENDING

GROUP, a purported State of Utah Corporation as the beneficiary of a alleged money purchase loan to Ms. Thomas allegedly funded in the amount of $239,400.00, and names  Tilwa Grooms as the Trustee.

9.      Flagstone Lending Group is a Non-Existent Foreign "Utah <u>Corporation"</u> and <u>MTH Lending Group L.P.</u>, a Non-Existent   "<u>Texas Corporation</u>"   "<u>*do not*</u>" hold a "Regulated Loan License" as required to engage in the business of making, transacting, or negotiating loans mandatorily required pursuant to Texas Finance Code § 342.051 and operating without a license is <u>*illega*</u>l its a criminal offense a "<u>*felony of the third degree*</u>" pursuant to Texas Finance Code 151.708(2).

10.     FLAGSTONE LENDING GROUP   is an Non-Existent "**Utah <u>Corporation</u>**" and MTH Lending Group L.P., a Non-Existent "**Texas Corporation**" operated **their** criminal illegal lending business in the State of Texas among through Twila Grooms Law Firm LLP, Barry & Sewart PLLC, John V Burger and P.C.F. Properties in TX, LLC.

11.     On or about December 27, 2016, recorded in the Harris County Real Property Records was Special Warranty Deed which dissolved the trust created in favor of beneficiary FLAGSTONE  LENDING  GROUP is a Non-Existent "**Utah <u>Corporation</u>**"as a non-existent entity cannot be a beneficiary of a trust.

12.     On February  23, 2018, a Satisfaction and Release of FLAGSTONE LENDING GROUP a Non-Existent Foreign "Utah <u>Corporation"</u>  Deed of Trust was recorded in the Harris County Real Property Records including that said deed of trust no longer has any force of effect as of December 27, 2026.

13.     On February 14, 2019, the Honorable Judge McFarland has already ruled the Deed of Trust is not a vaild lien.

14.    On March 3, 2020, P.C.F. PROPERTIES IN TX. LLC,  a Texas limited liability company claims to have allegedly foreclosed on FLAGSTONE LENDING GROUP a a Non-Existent Foreign "Utah <u>Corporation"</u>  that has been recorded in the Harris County Real Property as release since the year of 2026 the power of sale no longer having any legal force or effect.

15.    P.C.F. PROPERTIES IN TX. LLC,  a Texas limited liability company is separate and distinct entity from P.C.F. Properties in TX, LLC, in that this entity according to the Texas Secretary of State is not a Texas limited liability company.

16.    According to the Texas Secretary of State the entity P.C.F. Properties in TX, LLC, has no legal existence in the State of Texas due to never being legally form.  Instead this entity which lacks a legal existence was created by P.C.F. PROPERTIES IN TX. LLC, John V. Burger and Barry & Sewart PLLC., law firm after losing in the Justice of the Peace Court.

17.    On March 19, 2020, P.C.F. PROPERTIES IN TX LLC., filed a "Forcible Detainer" action against Elizabeth Thomas or All Other Occupants for possession of the property located at 8202 Terra Valley  Lane Texas 77375 in the Justice of the Peace Court Precinct 4, Place 1 Cause No. 1156772,.

18.    P.C.F. PROPERTIES IN TX LLC alleged Debtor Thomas defaulted on  her mortgage loan from Flagstone Lending Group a Utah Corporation as a result on March 3, 2020, its counsel Anna Sewart the alleged "substitute trustee" foreclosed on beneficiary Flagstone "Deed of Trust" *<u>formerly</u>* recorded in the Public Harris County Real Property Record, *under instrument* No. 20070643669, and the Trustee Deed was recorded on March 13, 2020.

19.    Ms. Thomas responded that said Flagstone Lending Group a Utah Corporation has been recorded as release due to being wrongfully recorded and this Flagstone a Utah Corporation has

no legal existence or funded Thomas with a loan effective the release was recorded on **December 27, 2016**, stating that said deed of trust no longer has any legal force or effect.

20.     Secondly Debtor Thomas also raised the affirmative defense that her mortgage loan from lender said Flagstone Lending Group L.P/MTH Lending Group was been in bankruptcy in the year of 2011**.**

21.     On July 13, 2020, the Honorable Judge Lincoln, held a non-jury trial; and ruled that on March 3, 2020, Ana Sewart  the alleged substitute trustee had no power to transfer title of the property to P.C.F. PROPERTIES IN TX LLC.,  because the Deed of Trust had been  recorded as release in the public record no longer has any legal force or effect. Therefore P.C.F. PROPERTIES IN TX LLC., could not have obtained title or color of title from the substitute trustee. See _Martin v. Cadle_ Company, 133 S.W.3d 897 (Tex. App.- 2004 Precedential) and the court awarded possession of said property to Elizabeth Thomas and James Allen..

22.     On July 13, 2020, P.C.F. PROPERTIES IN TX LLC., _filed a_ appealed to the  County Court at Law No. 3 cause number No.  1156772, case entitled P.C.F. PROPERTIES IN TX _vs. Elizabeth Thomas, Inventor James Allen et al_, before the  Honorable  Judge LaShawn A. Williams.

23.     On **August 20, 2020**, Barry & Stewart, wrote a letter to Attorney James Andersen and threaten him that unless he agrees to make a statement that the signatures on certain documents recorded in the Harris County Real Property (i) Special Warranty Deed; and (ii) Satisfaction of Deed of Trust cancelling the trust allegedly created on October 19, 2007, on behalf of Flagstone Lending Group is a Non-Existent Utah due to a lack of a existing beneficiary are both  forgeries within 7 days they were going to report him to the Texas State Bar, and when Andersen failed to response within the 7 days

period a phone was placed to him offering him a financial bribe which Andersen refused.

24.    The Honorable Judge LaShawn A. Williams,

25.    Having loss in the Justice of the Peace Court and County Court at Law P.C.F. PROPERTIES IN TX LLC, John V. Burger together with the Barry & Sewart PLLC., law firm created this fake fictions non-existent entity P.C.F. Properties in TX, LLC to file a false affidavit alleging to be the current owner and thereby moving to the court to declare all others deeds void is just a ongoing scheme targeted against African Americans to steal their property.

26.    This misc docket number does not exist according thee Harris County District Clerk Administration office this whole proceeding is merely evidence of ongoing fraud.

## Cause of Action

### Declaratory Judgment

27.    Defendant brings this counterclaim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37. Defendant asks this Court to declare that (i) P.C.F. Properties in TX, LLC is a fake fictions non-existent entity (ii) this Misc Docket No. 2020-35780 is fake cause of action number that does not exist; and (iii) that neither the Defendant or fake fictions non-existent entity P.C.F. Properties in TX, LLC, hold any interest in any property located at 8202 Terra Valley Lane, Tomball TX, 77375.

### Attorney Fees

28. 26. Defendant seeks recovery of its costs and reasonable and necessary attorneys' fees from Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009.

### . Conditions Precedent

29.    All conditions precedent to Defendants' right to recover have been performed, have occurred, and/or have been waived

### III. REQUEST FOR DISCLOSURES

30.  Defendants hereby request that the Plaintiffs disclose the information set forth in TRCP 194.2(a) through (l) within 31 days of receipt of this request and that Plaintiffs supplement such responses on an ongoing basis as soon as additional information becomes known.

### IV. NOTICE UNDER TEX. R. CIV. P. 193.7

31.  Defendants serve notice of their intent to rely on the self-authentication provisions of Rule 193.7 TRCP with respect to any document produced by any party unless the producing party or some other party objects as required by the rule.

<div align="center">Respectfully submitted</div>

/s/ James M. Andersen
James M, Andersen
Attorney At Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851
Jandersen.law@gmail.com


### CERTIFICATE OF SERVICE

I certify that on the 9th day of October 2024, a true and correct copy of the foregoing document was served by E-File to all parties of record or by email and/or mail via the United States Postal Service regular mail.

/s/ James M. Andersen
James M, Andersen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James  Andersen on behalf of James  Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 92963814
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Answer Affirmative Defenses and Counter-Claims
Status as of 10/9/2024 11:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 10/9/2024 11:29:14 AM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 10/9/2024 11:29:14 AM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 10/9/2024 11:29:14 AM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 10/9/2024 11:29:14 AM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 10/9/2024 11:29:14 AM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 10/9/2024 11:29:14 AM | SENT |
| James Andersen | | jandersen.law@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 10/9/2024 11:29:14 AM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 10/9/2024 11:29:14 AM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 10/9/2024 11:29:14 AM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 10/9/2024 11:29:14 AM | SENT |

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **P.CF. PROPERTIES IN TX, LLC,** | § | |
| **Plaintiff,** | § | **Case No. 24-03216** |
| | § | |
| **vs.** | § | |
| | § | |
| **JAMES ANDERSEN, ELIZABETH** | § | |
| **THOMAS, JASMINE JARBIS, JIREH** | § | |
| **PITTS, MONIQUE MOORE AND** | § | |
| **ALLAN ARMANDO HAYE,** | § | |
| **_Defendants._** | § | |

**P.C.F. PROPERTIES IN TX, LLC'S OBJECTION TO NOTICE OF REMOVAL
(Doc. Nos. 1 and 2), MOTION TO REMAND AND RESPONSE TO MOTION TO**

**<u>TRANSFER AND MOTION FOR SANCTIONS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

This removal proceeding is yet another part of a long-running legal battle waged by

Elizabeth Thomas and those aligned with her to challenge title to property located at 8202

Terra Valley Lane, Tomball, TX 77375.  P.C.F. Properties in TX, LLC ("PCF"), the owner

of the Property, files its Objection to the attempted Notice of Removal (Doc. Nos. 1 and 4),

Motion to Remand this case back to the 80th Judicial District Court of Harris County, Texas

under Cause No. 2020-35780 (the "State District Court Case"),  to the Court of Appeals of

Texas for the First District of Texas under Case No. 01-23-00331-CV (the "Appeal"), and

to the Texas Supreme Court in Case No. 24-0694 (the "Petition for Review") (all collectively

referred to as the "State Court Litigation")m its Response to the Motion to Transfer Venue,

and its Motion to Show Cause why Elizabeth Thomas and those aligned with her should not

be held in contempt of numerous District Court Orders, and shows as follows:

## OBJECTION TO REMOVAL AND MOTION TO REMAND

1.      Elizabeth Thomas and those aligned with her have removed this State Court Litigation and other cases to federal court to avoid substantive rulings against them.  In the instant case, PCF had set a hearing set on October 14, 2024, in State District Court Case related to an order issued by the Texas Supreme Court because of confusion caused by an attorney purporting to PCF's interest over PCF's objection.  A copy of the order is attached as Exhibit 1.

2      In August, 2024, James Andersen, an attorney, attempted to remove the State District Court Case to his chapter 13 bankruptcy case, Case No. 24-80252, pending in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division to rulings on PCF's (1) Motion for ELIZABETH THOMAS and JAMES ANDERSEN to Show Cause Why They Should Not be Held in Contempt for Violations of the Vexatious Litigant Order and Recusal Sanction Order and (2) Motion for Judicial Review of Documentation or Instrument Purporting to Create Liens or Claims (the "Motions") which were pending at the time.  The Motions were set for oral hearing on August 13, 2024 at 1:30 P.M.  The Bankruptcy Court remanded the case on September 10, 2024, and dismissed the bankruptcy on September 27, 2024.  See, Exhibits 2 and 3, respectively.

3.      In the present notice, Andersen, acting on behalf of or in concert with Elizabeth Thomas, attempted to remove the entire State Court Litigation to federal court, and transfer the case to the United States Bankruptcy Court for the Southern District of New York, under Case No. 24-11375, and styled, *In re Allan Armando Haye*, Debtor.  PCF objects to a transfer to New York.

<u>**History of Removals and District Court Orders**</u>.

4.    Ms. Thomas, Allan Haye, James Allen, Robert Thomas, and James Andersen have removed these and other cases[1] multiple times and have been ordered to stop. Elizabeth Thomas and Mr. Andersen have openly, willfully and intentionally defied those District Court orders.   District Courts in this district have issued the following orders prohibiting further removals without express, written permission of the Chief Judge of this District.

   a.  Case No. 4:19-cv-00559; Order entered by Judge Hittner;

   b.  Case No. 4:19-cv-04321; Order entered by Judge Hughes;

   c.  Case No. 4:22-cv-00705; Order entered by Judge Bennett, and

   d.  Case No. 4:22-cv-00742; Order entered by Judge Hanks.

  <u>**Relevant District and Bankruptcy Court Orders**</u>

  **i.**  **Judges Hittner and Hughes' Orders**.

5.    On April 15, 2019, Judge Hittner ordered that:

Elizabeth Thomas [and others] (collectively, "Defendants") … are hereby **ENJOINED, collectively and individually,** from henceforth filing any notice of removal from the 127th Judicial District Court in Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288 (collectively, "State Cases") in the Southern District of Texas without advance written permission from the Chief Judge of the Southern District of Texas. Any New notices of removal from the State Cases which Defendants seek to file in this Court will not be docketed until the Chief Judge of United States District Court for the Southern District of Texas grans Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. (Emphasis in original.)

*See* Exhibit 4. No Motion for Leave to File Notice of Removal was filed for this current notice that purports to remove Cause No. 2017-76078.   In another order relating to a

---

[1] These cases include Cause No. 2016-87941, Cause No. 2016-87941, Cause No. 2017-76078, Cause No. 2017-82388,d Cause No. 2017-04089, and Case No. 2018-91506.  All have been remanded to state court.

bankruptcy court appeal, Judge Hughes issued an order outlining the pattern of abuse of the legal process engaged in by Elizabeth Thomas and those aligned with her.  See, Exhibit 5.

### ii.    Judge Bennett's Order

5.    On February 16, 2023, Judge Bennett ordered that he "expands Judge Hittner's previous directive that the Aligned Litigants [(including Elizabeth Thomas)] receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court." *See* Exhibit 6. Again, here, no removing party obtained prior written approval for this purported current removal.

### iii.    Judge Hanks' Order

6..    On March 30, 2023, Judge Hanks *sua sponte* remanded Ms. Thomas's 2017-76078 case to the 333rd Judicial District Court. *See* Exhibit C. In his order, Judge Hanks:

> "broaden[ed] the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt for court both the removing party and its counsel. (Emphasis in original.)

*See* Exhibit 7.  No such written approval was obtained.

### iv.    Judge Bennett's Second Order

7..    On February 8, 2024, Ms. Thomas and Attorney James Andersen escaped sanctions because Judge Bennett referred only to his prior February 16, 2023 order and said that Mr. Andersen was not listed in that order. *See* Exhibit 8.

8.      Mr. Andersen was listed as counsel and a party in another Elizabeth Thomas-related Delaware bankruptcy, involved another attempt to remove the State Court case to federal court, which was an involuntary bankruptcy petition filed against a defunct Delaware company bearing a similar name to PCF's parent company[2].  Judge Bennett may not have been aware of Judge Hanks's March 30, 2023 order that applied to the removing party and her counsel.

            v.      **Judge Pérez's Order**

9.      On August 12, 2024, Mr. Anderson attempted to remove the litigation to federal bankruptcy court in New York.  The case was filed in Mr. Andersen's chapter 13 bankruptcy, pending under Case No. 24-80252, pending in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division.  The attempted removal was assigned Adv. No. 24-08005.

10.     Mr. Andersen, on behalf of Allan A. Haye (but really acting on behalf of Elizabeth Thomas), filed the attempted removal as agent for Mr. Haye to avoid the prior orders precluding removal. Mr. Andersen is a party – Mr. Andersen is a judgment debtor in State Court Case; he is also the subject of the State Court's Recusal Sanctions Order and Vexatious Litigant Order with respect to the Property.  *See* Exhibits 9 (the Summary Judgment), 10 (the Recusal Sanctions Order), and 11 (the Vexatious Litigant Order).  Mr. Andersen did not seek prior written permission to remove the State Court case.  On April 25, 2024, the Court of Appeals of Texas for the First District of Texas issued an order dismissing

---

[2] Mr. Andersen filed the attempted removal in Case No. 23-10378, in the United States Bankruptcy Court for the District of Delaware, on March 30, 2023, in a failed attempt to delay/avoid a ruling on PCF's summary judgment.  The Delaware Bankruptcy case was dismissed on May 2, 2023.  Elizabeth Thomas, though has appealed and the case is pending before the United States Court of Appeals for the Third Circuit under Case No. 24-1979.

them as parties.  Therefore, the judgments against them are final and non-appealable.  See, Exhibit 12.  The appeal was dismissed on August 22, 2024.  Exhibit 13.

11.    In a brazen attempt to avoid a remand by Judge Pérez, Elizabeth Thomas, acting as Mr. Andersen's legal assistant attempted to remove the bankruptcy adversary case to Delaware federal court – **while the Bankruptcy Court was conducting a hearing, in open court, when Mr. Andersen was physically present in the courtroom, all without Mr. Andersen's knowledge.**

12.    In a recent ruling in another removal, the Hon. Bankruptcy Judge Marvin Isgur found Elizabeth Thomas and Mr. Andersen willfully and intentionally violated the removal orders and ordered them to compensate the affected parties' lawyers.  *See*, Exhibit 14.  Judge Isgur ordered them not to file any more removals in open court.  Mr. Andersen and Elizabeth Thomas ignored that order, too.  A hearing is set for October 21, 2024, to determine if they should be held in contempt for failing to pay the sanctions entered by Judge Isgur.

### vi.  Most Recent Foray into Removals of the State Court Litigation

13.    Now, on the eve of yet another hearing in state court, Mr. Andersen attempted to remove the entire State Court Litigation to federal court and transfer it to the Haye Bankruptcy pending in New York.   Again, Mr. Andersen failed to obtain written authorization prior to removing the State Court Litigation to federal court.  Mr. Andersen, as well as all other parties associated with Elizabeth Thomas, should be compelled to show cause for their defiance of numerous federal district court and bankruptcy court orders.  The inclusion of non-parties to the State Court Litigation is merely another attempt to confuse or

distract courts. There is no federal question and there is no basis for federal court jurisdiction over the State Court Litigation.

14.     Based on the prior orders, though this case was not properly removed, in abundance of caution, and out of deference to the Texas state courts, PCF seeks an order remanding the case back to the 80th District Court and to the Court of Appeals of Texas for the First District of Texas. Further, the Court should consider how to stop further attempts at frivolous removals.

15.     Pursuant to 28 U.S.C. § 1446, this attempted removal is not timely. A notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting for the claim for relief. 28 U.S.C. § 1446(b). Here, the State District Court lawsuit was filed in June 2020, and the Summary Judgment was entered by the State District Court on April 19, 2023; the Appeal Case has been pending since May 2023, and the Supreme Court Case has been pending since August 26, 2024. The State Court Litigation involves matters purely of state law relating to real property located in Harris County, Texas. There is no basis for federal court jurisdiction. Additionally, the Summary Judgment is final as to Mr. Haye, Mr. Andersen, and Elizabeth Thomas. See, 28 U.S.C. § 1331. Furthermore, Mr. Andersen failed to comply with 28 U.S.C. § 1446(a). Additionally, the attempted removal fails to meet the requirements of the removal rules. Andersen has not copies of all pleadings in the State Court Litigation from either the District Court Case, the Court of Appeals Case, or the Texas Supreme Court case.

16.     Consequently, the purported removal should be remanded to the Texas state courts.

## RESPONSE TO MOTION TO TRANSFER

17.    In this current purported removal, Mr. Andersen seeks to transfer the State District Court and Appeal Cases case to Mr. Haye's Southern District of New York bankruptcy case file on August 8, 2024 under Case No. 24-11375-mew-7, and pending in the United States Bankruptcy Court for the Southern District of New York.  Incidentally, Mr. Haye filed bankruptcy *pro se*, listing his addresses as 536 East 6th Street, New York, NY 10009, and 500 8th Avenue FRNT 3, 1839, New York, NY 10018.  However, when Mr. Andersen filed the Notices of Removal and Suggestions of Bankruptcy, on August 1, 2024, Mr. Andersen listed Mr. Haye's address as 4548 NW 6th Ct., Ocala, FL 33475.

18.    Judge Bennett previously rejected Ms. Thomas's prior attempts to transfer the cases to her bankruptcy case in New York related to the property that she purchased in 2007 at 8202 Terra Valley Lane, Tomball, Texas. He wrote:

> On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S. Bankruptcy Court for the Southern District of New York, While Plains Division, where she has a pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).
> …
> E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17. However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even Further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the … Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being

administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d
746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to'
jurisdiction when the asset in question nis not property of the estate and the
dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction
under Section 1334(b) as required for a removal pursuant to Section 1452.

*See* Exhibit 6. Judge Bennett clearly rejected the claims that Ms. Thomas makes to support

transfer to her closed bankruptcy case.

      19.     Judge Hanks similarly ruled and wrote about the long twisted history of this

and similar litigation:

> This case is one strand in a complex web of protracted civil lawsuits and
> bankruptcy proceedings that … Thomas … and several associated parties …
> have crafted to effectuate, in the words of the United States Bankruptcy Court
> for the Southern District of New York, "a scheme to delay, hinder, and defraud
> creditors" through "a long-running systemic plan … to prevent a piece of
> property located at 8202 Terra Valley Lane, Tomball, Texas … from being
> foreclosed." Judges of this Court share the New York bankruptcy court's astute
> view of these cases. In a related bankruptcy
> appeal, Judge Hughes referred to [Thomas and several associated parties]
> actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have
> been filed—to avoid foreclosure" through "frivolous litigation" and the
> recording of "questionable or invalid documents in real property records …
> including a purported satisfaction and release of the lien." (Internal citations
> omitted.)
>
> One of the … favored tactics is the filing of dilatory notices of removal….
>
> …. The judges presiding over the bankruptcy [(18-23676)] have explicitly
> "determined that the filing of [Elizabeth Thomas's] bankruptcy petition was
> part of a scheme to delay, hinger, and defraud creditors" through "a long-
> running systemic plan … to prevent a piece of property located at 8202 Terra
> Valley Lane, Tomball, Texas … from being foreclosed." (Internal citations
> omitted.)
>
> …. This removal was plainly an obstruction tactic.

*See* Exhibit 7. As stated above, Judge Hanks remanded the case and clearly wrote how

unimpressed he was with Mr. Thomas's argument that these cases were related to her New

York bankruptcy. *Id.*

20.     Likewise, Mr. Andersen's attempt to transfer this case to Mr. Haye's New York bankruptcy should be denied.  Mr. Haye does not own the Property, he does not reside in the Property, and claims no interest in and to the Property.  Mr. Haye is no longer a party to the State Court Case or the Appeal Case, having been dismissed as a party.  *See*, Exhibit H.  A litigant should not be able to challenge state court orders in federal courts as a means of relitigating matters that already have been considered and decided by a court of competent jurisdiction. *See, Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

21.     Notwithstanding Mr. Andersen's failure to abide by numerous court orders, the attempted  removal to the New York Bankruptcy Court is fundamentally flawed.  Fed. R. Bankr. P. 9027 states that a notice of removal shall be filed with the clerk for the *district and division* within which is located the state of federal court *where the civil action is pending*.  See, Fed. R. Bank. P. 9024(a)(1) (emphases added).  Any removal notice, therefore, had to be filed in the United State District Court for the Southern District of Texas, Houston Division. *Id*.

22.     However, Bankruptcy Court jurisdiction is not automatic and removal actions are very strictly construed in the Bankruptcy Court.  Bankruptcy Courts only have jurisdiction over *core* proceedings that directly relate to a bankruptcy case.  See, 28 U.S.C. § 157(a).  Core proceedings are matters arising under Title 11, or arising in a case under Title 11.  28 U.S.C. § 157(b).  Cases removed to the Bankruptcy Court are adversary proceedings subject to Rule 7001, et seq, of the Federal Rules of Bankruptcy Procedure.  See. Fed. R.

Bankr. P. 9027(a)(1). Mr. Andersen completely failed to comply 11 U.S.C. § 303 applicable to bankruptcy cases, and further failed to comply with the Federal Rules of Bankruptcy Procedure by not filing this removed proceeding as an adversary proceeding and paying the required filing fee.

23.    Nevertheless, Mr. Andersen's attempted removal is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal bankruptcy case [as Mr. Andersen attempted to do in the New York Bankruptcy Court]. Instead, the litigant must comply with the procedures of removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022); *see, also, Gillian v. Austin*, No. C-02-1389, 2022 WL 1034115, at *4 (N.D. Cal. May 13, 2002)("[T]he notice of removal is a means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] A case cannot be removed from state court to become a part of an already existing federal case.") Mr. Andersen did not comply with required procedures; therefore, the attempted removal was never part of any pending bankruptcy case.

24.    For reasons cited by Judge Hughes, Judge Hittner, Judge Bennett, Judge Hanks, as attributed to Judge Morriss while she presided over Ms. Thomas's New York bankruptcy, and Judge Isgur's recent rulings, the Motion to Transfer should be denied.

### SANCTIONS ARE APPROPRIATE

25.    Furthermore, Mr. Andersen, Ms. Thomas, and all of those acting in concert

with them should be compelled to show why they should not be sanctioned for willful, intentional violations of numerous court orders prohibiting repeated removals, abusing the legal system, and forcing PCF to incur extraordinary legal fees defending baseless, meritless lawsuits brought solely for the purposes of harassment.

26.     Elizabeth Thomas, Mr. Andersen, and those acting in concert with them, have demonstrated contempt of this Courts' orders.  They simply refuse to abide by orders issued by Courts in this District, willfully and intentionally defying orders compelling them to obtain written approval from the Chief Judge of this District prior to attempting to remove other cases to federal court.  Their conduct is egregious.  It is willful.  It is intentional.  It is knowing.  This Court has inherent power to compel compliance with orders issued by Courts in this District.    This Court should issue appropriate orders to Elizabeth Thomas, Mr. Andersen, and those acting in concert with them to show cause why they should not be held in contempt of court.

## CONCLUSION

27.     Ms. Thomas and Mr. Andersen have been sanctioned monetarily multiple times, and there is no evidence that any sanctions have been paid. They have been ordered numerous times to not remove these cases without prior court approval, yet they continue to do so without regard to or respect for the Courts' prior orders. PCF prays that the Court deny

the Motion to Transfer and remand these cases back to their respective courts of origin.

Respectfully submitted,

BARRY & SEWART, PLLC


_/s/ John V. Burger_____
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN: 24108500

4151 Southwest Freeway, Ste 680
Houston, Texas 77027
Telephone: (713) 722-0281
Telecopier: (713) 722-9786
evictions@barryandsewart.com
john@barryandsewart.com

ATTORNEYS, P.C.F. Properties in TX, LLC

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Remand, was served upon the Defendants at the addresses listed below by CM/ECF service on this the 18th day of October, 2024 by prepaid U.S. regular and certified mail, return receipt requested, and by email at the addresses listed below:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email: *jandersen.law@gmail.com*

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

Via email at:    elizthomas234@gmail.com; and tethomas3@aol.com

Allan A. Haye
536 East 6th Street
New York, NY 10009,

Allan A. Haye
500 8th Avenue FRNT 3, 1839
New York, NY 10018.

Allan A. Haye
4548 NW 6th Ct.
Ocala, FL 33475

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

 /s/ *John V. Burger*
John V. Burger

# IN THE SUPREME COURT OF TEXAS

No. 24-0694

ELIZABETH THOMAS, JAMES ALLEN, ALLAN HAYE, ROBERT THOMAS, AND JAMES ANDERSEN, PETITIONER

v.

PCF PROPERTIES IN TX, LLC, RESPONDENT

ON PETITION FOR REVIEW

## ORDER

Before the Court are two separate entities claiming to be the respondent in this Court, i.e., the party that is adverse to petitioner Robert L. Thomas in the court of appeals' judgment rendered August 22, 2024, in No. 01-23-00331-CV, which is an appeal from the trial court's final judgment signed on April 19, 2023, in cause no. 2020-35780. Attorney Alzadia Spires, of Spires Law Firm, P.L.L.C., has filed a Notice of Designation of Lead Counsel on behalf of "PCF Investments Inc., It's Subsidiary PCF Properties In Texas, LLC," purporting to be the respondent in this Court. Attorney John V. Burger, of Barry & Stewart, PLLC, has filed an Objection to Designation of Alzadia Spires as Lead Counsel for Respondent on behalf of "P.C.F. Properties in TX, LLC," asserting it is the "real" respondent in this Court.

The Court, on its own motion, *see* TEX. R. APP. P. 60.6, abates the case until further order of the Court. The case is remanded to the trial court to determine which of the two entities that have filed an appearance in this Court purporting to be the respondent is a party to the trial court's judgment signed on April 19, 2023. The trial court should hold any hearings necessary and make and issue findings of fact and conclusions of law as necessary.

This case is removed from the Court's active docket until November 19, 2024, by which time the parties must file either a status report or a motion to lift the order of abatement.

Done at the City of Austin, this 20th day of September, 2024.

EXHIBIT
1

BLAKE A. HAWTHORNE, CLERK
SUPREME COURT OF TEXAS
By Claudia Jenks, Chief Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-80232 |
| JAMES MICHAEL ANDERSEN, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| P.C.F. PROPERTIES IN TX, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-8005 |
| | § | |
| JAMES MICHAEL ANDERSEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO REMAND

On this day, the Court considered P.C.F. Properties in TX, LLC's Motion to Remand (ECF #7) to the Texas State Courts. The Court has reviewed all the exhibits and listened to the arguments of the parties, including the long history of this matter in the 80th Judicial District Court under Cause No. 2020-35780 and the other related matters. The Court concludes that several equitable grounds exist pursuant to 28 U.S.C. Section 1452(b) to remand the case, including the inconsistent representations made by several of the parties at the hearing.

ORDERED that the Court REMANDS this case to the Texas State Courts.

SIGNED 09/10/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

1 / 2

EXHIBIT
2

TRUE COPY I CERTIFY
ATTEST: September 12, 2024
NATHAN OCHSNER, Clerk of Court
By: s/ Vanesa Aranda
Deputy Clerk

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 27, 2024

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

In
Re:    James Michael Andersen

Case No.: 24−80232

Debtor

Chapter:  7

---

### ORDER OF DISMISSAL

Appropriate notice having been given that the case would be dismissed without further notice if the debtor failed to comply with the Deficiency Order issued in this case, and

The Clerk having informed the court that the debtor has failed to satisfy the deficiency, as set out in the docket entry for this order

**It is ORDERED that this case is DISMISSED.**

Signed and Entered on Docket: 9/27/24

Alfredo R Pérez
United States Bankruptcy Judge

EXHIBIT

3

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PRIMARY RESIDENTIAL          §
MORTGAGE INC. *et al*,        §
                             §
         Plaintiffs,          §
                             §
v.                           §    Civil Action No. H-19-559
                             §
ELIZABETH THOMAS *et al*,     §
                             §
         Defendants.          §

<u>ORDER OF SANCTIONS AND PRECLUSION</u>

In accordance with the Court's Order granting Primary Residential Mortgage,

Inc.'s and Meritage Homes of Texas, LLC's Joint Motion to Remand and For

Further Equitable Relief, the Court hereby

**ORDERS** that Defendants Elizabeth Thomas ("E. Thomas"), James Allen

("Allen"), and Robert L. Thomas ("R. Thomas") (collectively, "Defendants") are

hereby **ENJOINED, collectively and individually,** from henceforth filing any

notice of removal from the 127th Judicial District Court in Harris County, Texas in

Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288

(collectively, "State Cases") in the Southern District of Texas without advance

written permission from the Chief Judge of the Southern District of Texas. Any new

notices of removal from the State Cases which Defendants seek to file in this Court

will not be docketed until the Chief Judge of the United States District Court for the

**EXHIBIT
4**



Southern District of Texas grants Defendants written leave to file; any new notice of

removal of the State Cases which Defendants seek to file in this Court shall be

accompanied by a Motion for Leave to File Notice of Removal. The Clerk of this

Court shall forward such action and motion to the Chief Judge of the United States

District Court for the Southern District of Texas for submission of the motion.

Failure of Defendants to comply with this Order or to continue to file any

vexatious or frivolous notices of removal, complaints, motions, or actions raising

similar issues addressed in the above-referenced Order may result in the imposition

of monetary sanctions and/or an order of contempt of court.

SIGNED at Houston, Texas, on this __*15*__ day of April, 2019.


DAVID HITTNER
United States District Judge

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Allan Armando Haye, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| *versus* | § | Civil Action H-19-4321 |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| *In re* | § | Bankruptcy 19-32662 |
| Allan Armando Haye, | § | |
| | § | |
| Debtor. | § | |

## Opinion on Appeal

1.    *Background.*

On October 19, 2007, Elizabeth Thomas signed a loan to buy property in Tomball, Texas. The note was assigned to JP Morgan Chase Bank, N.A.

About four years later, in 2010, Thomas stopped paying her loan.

In October 2010, Thomas began a ten year campaign of lawsuits and bankruptcies – over 15 have been filed – to avoid foreclosure. One suit, 4:13-cv-1022, *Thomas, et al. v. JP Morgan Chase, N.A.*, was dismissed with prejudice. Thomas's challenge to the Bank's lien failed, and the judgment's effect was that the Bank's lien is valid.

From October 2015 to October 2016, Thomas and her attorney, James Anderson, recorded 11 questionable or invalid documents in the real property records in an effort to disrupt the Bank's interest in the property – including a purported satisfaction and release of the lien.

On February 1, 2019, Allan Haye bought the property from Thomas's brother, Robert.

**EXHIBIT 5**

On May 7, 2019, Haye filed for bankruptcy claiming ownership of the Tomball property. He mentions neither the Bank's lien or the three lawsuits he had filed over the property in the weeks before his bankruptcy.

During the Section 341 meeting, Haye said that he had no relator, contract, or disclosure documents when he bought the property. He could not remember the price he paid and other salient details. He claimed he was not aware that the property had been involved in litigation.

On September 18, 2019, the bankruptcy court held a hearing to discuss the Bank's motion for *in rem* relief. Before the hearing, Haye's counsel told the Bank's counsel, Haye, and the clerk of the court that he would not be available for the hearing because of a family emergency. Counsel agreed that the Bank would advise the court of his situation, and it did. The bankruptcy court said that Haye's counsel should have moved for a continuance if he could not appear. Haye was sitting outside the court room, but left when the court called a recess.

After returning from the recess, the bankruptcy court granted the Bank's motion for *in rem* relief by default because Haye failed to appear or move to continue the hearing. Thomas had appeared but said she had no interest in the property, so the court ruled she had no standing to challenge the motion. The court's September 24, 2019, order reflected its holdings from the hearing.

On October 22, 2019, the bankruptcy court denied Haye's motion to reconsider.

On October 30, 2019, Haye appealed the September 24, 2019, order granting *in rem* relief and the October 22, 2019, order denying reconsideration arguing that: (a) the Bank had no standing for relief because it was not a secured creditor; (b) the court abused its discretion by granting relief by default; and (c) the court abused its discretion by granting relief because the Bank did not meet the statutory elements.

Haye also claims that a Harris County court entered a temporary restraining order prohibiting foreclosure on the property on December 3, 2019. The record is clear this is a lie as that was a *show cause* order. The motion for temporary restraint was denied on January 20, 2020.

2. *Standing.*

Under 11 U.S.C. § 362, a bankruptcy court may grant *in rem* relief from an automatic stay in favor of a secured creditor if it finds that the petition was filed as a part of a scheme to defraud the creditor.

Haye says that the Bank does not have standing because its lien in invalid, so it is not a secured creditor. He argues that the lien was satisfied and released which was supported by a February 14, 2019, judgment – *Thomas, et al. v. McCarty Haltus, LLP* – from the 133rd District Court in Harris County.

The facts show that the satisfaction and release was invalid. The deed of trust allowed just the lender – the Bank – to change the trustee. Anderson was appointed as substitute trustee under the satisfaction and release without the Bank's consent.

The Harris County court's judgment was an agreed order in a case where the Bank was not a party, thus it is not binding on it. The order also did not find the Bank's lien to be invalid. It could not have found anything against the Bank, a non-party.

Haye's feigned ignorance and twisting of the facts does not invalidate the Bank's lien.

The Bank had standing to move for *in rem* relief in the bankruptcy court.

3. *Abuse of Discretion -- Default.*

Haye says that the Bank's counsel agreed to make a oral motion to continue the hearing because Haye's counsel could not appear for an unspecified family emergency. Haye claims the Bank was silent and said nothing during the hearing. He argues that the bankruptcy court abused its discretion when it found that Haye "never appeared."

Haye gives no legal support for his assertion that default is not a proper means to grant *in rem* relief. His rendition of what happened again twists the facts.

Haye had proper notice of the hearing and an opportunity to respond -- which he did in writing. The record shows the agreement made was that the

Bank would advise the court of Haye's situation but would not agree to an oral motion. Haye gives no evidence to the contrary.

Hayes did not appear in person or through counsel and did not move to continue the hearing. Default was proper.

The bankruptcy court did not abuse its discretion by granting *in rem* relief by default.

4.   *Abuse of Discretion – Merits.*

Under 11 U.S.C. § 362(d), a bankruptcy court may grant *in rem* relief if it finds that: (a) the debtor's current bankruptcy filing was part of the scheme; (b) the scheme's object was to delay, hinder, and defraud creditors; and (c) the scheme must have involved either that some interest in the property was transferred without the secured creditor's or the court's consent, or that multiple bankruptcy filings affected the property.[1]

Haye says that the current bankruptcy filing cannot be the part of a scheme because the Bank is not a secured creditor. He also argues that this bankruptcy is not part of a scheme to delay, hinder, and defraud the Bank because the Bank is not a secured creditor, and no other creditors made the same assertion. Haye claims that there was no transfer of a property interest by him, and that this was Haye's sole bankruptcy filing affecting the property.

This court has already found that the Bank is a secured creditor and will not address that issue again. A majority of Haye's arguments fail on this alone.

There is no requirement that the scheme must be solely carried out by Haye. Holding otherwise would allow people to avoid their debts by simply transfering title to others who immediately file for bankruptcy.

The property was transferred from Elizabeth Thomas to Robert Thomas to Haye. These three have filed over 20 lawsuits and seven bankruptcies related to this property. Most of these cases were dismissed for a variety of reasons – including for violating court orders – and multiple courts have sanctioned

---

[1] *In re JCP Properties, Ltd.*, 540 B.R. 596, 619 (Bankr. S.D.T.X. 2015).

Thomas for her frivolous litigation history. Thomas and her accomplices also created and recorded multiple documents – ranging from "corrected" deeds to releases to substitutions of trustees – to try to invalidate the Bank's lien.

The bankruptcy court concluded these actions were sufficient to show a scheme to hinder, delay, and defraud the Bank by preventing it from foreclosing on the property. This court agrees.

To Haye's disagreement, the bankruptcy court also determined that Haye was a part of this scheme. Having reviewed the record, this court agrees. It appears that Haye was merely a straw-man buyer of this property so that this vexatious war on the Bank's lien could continue after multiple courts grounded Thomas's assault. Haye could not recall the most basic details of his purchase. These records are public, and Haye is presumed to know the terms of his purchasing deal. A check and a deed, at minimum, were exchanged if the transfer was legit. Haye also filed three lawsuits in short order of his bankruptcy. It is clear that Haye had taken command in the campaign against the Bank.

The bankruptcy court did not abuse its discretion in granting *in rem* relief.

5.    *Conclusion.*

The bankruptcy court's September 24, 2019, and October 22, 2019, orders will be affirmed.

Signed on April 22, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

## Appendix A – Schedule of Lawsuits

a.   10-cv-4320, *Thomas v. Mortg. Elec. Registration Sys., Inc.* (S.D.T.X.)

b.   10-40785-H3-7, *In re Elizabeth Thomas* (Bankr. S.D.T.X.)

c.   11-3090, *Thomas v. Dolan Media Co.* (Bankr. S.D.T.X.)

d.   11-cv-3656, *Thomas v. JP Morgan Chase, N.A.* (E.D.N.Y.)

e.   13-cv-1022, *Thomas, et al. v. JP Morgan Chase, N.A.* (S.D.T.X.)

f.   2013-4627, *Thomas, et al. v. The Professional Law Firm and Corp. of Barrett, Daffin, Frappier, Turner, & Engle, LLP* (333rd Dist. Harris Cty.)

g.   13-cv-2481, *Thomas, et al. v. The Professional Law Firm and Corp. of Barrett, Daffin, Frappier, Turner, & Engel, LP* (S.D.T.X.)

h.   14-22609, *In re Elizabeth Thomas* (Bankr. S.D.N.Y.)

i.   2014-54729, *Thomas, et al. v. Meritage Homes, et al.* (61st Dist. Harris Cty.)

j.   17-33326, *In re Elizabeth Thomas* (Bankr. S.D.T.X.)

k.   2017-76678, *Thomas, et al. v. Meritage Homes Corp., et al.* (234th Dist. Harris Cty.)

l.   18-cv-851, *Miramar Lakes Homeowner's Ass'n v. Thomas, et al.* (S.D.T.X.)

m.   2018-14171, *Robert Thomas v. McCarthy & Holtus, LLP.* (133rd Dist. Harris Cty.)

n.   18-23676-shl, *In re Elizabeth Thomas* (Bankr. S.D.N.Y.)

o.   2019-8058, *Haye Allen v. McCarthy & Holtus, LLP, et al.* (334th Dist. Harris Cty.) (three separate petitions were attempted to be filed but were all consolidated into this case number)

p.   2019-30835, *Allen Haye v. McCarthy & Holtus, LLP, et al.* (334th Dist. Harris Cty.)

United States District Court
Southern District of Texas

**ENTERED**

February 16, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-705 |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, *et al*, | § | |
| | § | TRUE COPY I CERTIFY |
| Defendants. | § | ATTEST: February 23, 2023 |
| | § | NATHAN OCHSNER, Clerk of Court |

By: *s/ C Krus*
Deputy Clerk

**ORDER**

Before the Court are Defendant/Third-Party Plaintiff PCF Properties in Texas, LLC

("PCF") and Third-Party Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Second Motion to

Remand (Doc. #16); Responses from Plaintiff/Counter Defendant Allan Haye (Doc. #17),

Third-Party Defendant Elizabeth Thomas (Doc. #28), and Plaintiff/Counter Defendant James

Allen (Doc. #29); and a Reply from PCF and Chase (Doc. #34). Having reviewed the parties'

arguments and applicable legal authority, the Court grants the Motion to Remand.

In 2007, Third-Party Defendant Elizabeth Thomas ("E. Thomas") obtained a residential

mortgage loan to purchase real property located at 8202 Terra Valley in Tomball, Texas (the

"Property"). Doc. #16 at 1. In 2010, the mortgage for the Property was assigned to Chase through

a deed of trust. *Id.* at 1–2. For a decade, E. Thomas failed to make payments, so on March 3,

2020, Chase foreclosed on the mortgage. *Id.* at 2; Doc. #34 at 1. PCF purchased the Property at

a foreclosure sale. Doc. #16 at 2. E. Thomas, and Plaintiff/Counter Defendants James Allen

("Allen") (E. Thomas' brother), Robert Thomas ("R. Thomas") (E. Thomas' son), and Allan Haye

("Haye") (a straw buyer) (collectively, the "Aligned Litigants") have repeatedly filed frivolous

lawsuits and bankruptcies to prevent PCF from taking possession of the Property. *Id.* (listing

**EXHIBIT
6**

DEFENDANT'S
EXHIBIT
**1**

eleven lawsuits collectively filed by Allen, R. Thomas, and Haye); *id.*, Ex. 5 at 1 (U.S. Bankruptcy

Judge Cecelia G. Morris noting that E. Thomas has filed at least six bankruptcies). Judges have

found that the Aligned Litigants are working together to "delay and defraud [Chase] in its efforts

to foreclose against the [Property]." Doc. #16, Ex. 5 at 2; *Id.*, Ex. 3 at 1 (U.S. Bankruptcy Judge

Sean H. Lane finding that "the filing of [E. Thomas'] bankruptcy petition was part of a scheme to

delay, hinder, and defraud creditors"). In fact, on April 15, 2019, U.S. District Court Judge David

Hittner enjoined E. Thomas, R. Thomas, and Allen from filing any notices of removal from the

127th Judicial District in Harris County for three pending cases without advance written

permission from the Chief Judge of the Southern District of Texas. *Id.*, Ex. 1. In his order, Judge

Hittner stated,

> Failure of Defendants [E. Thomas, R. Thomas, and Allen] to comply with this Order or to
> continue to file any vexatious or frivolous notices of removal, complaints, motions, or
> actions raising similar issues addressed in the above-referenced Order may result in the
> imposition of monetary sanctions and/or an order of contempt of court.

*Id.*

Yet, despite Judge Hittner's admonishments, the Aligned Litigants have continued their

tactics. On June 15, 2020, Allen, as an alleged owner of the Property, sued PCF in the 80th Judicial

District of Harris County for quiet title and declaratory judgment regarding ownership of the

Property. Doc. #2, Ex. 10 ¶ 2. Haye and R. Thomas were later joined as Plaintiffs, and in February

2021, the plaintiffs filed their Eighth Joint Amended Petition with claims against E. Thomas. *Id.*

¶¶ 4–5, 9. On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28

U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S.

Bankruptcy Court for the Southern District of New York, White Plains Division, where she has a

pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).

PCF and Chase argue that the case must be remanded because this Court lacks jurisdiction

under Section 1452. Doc. #16 at 6. Section 1452 allows a party to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).    Section 1334(b) of 28 U.S.C. gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in *or related to a case under [T]itle 11*." 28 U.S.C. § 1334(b) (emphasis added).  A matter is related to a Title 11 case when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17.  However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11.  Even further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the . . . Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12.  Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being administered in E. Thomas' bankruptcy proceeding.  *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate.").  Therefore, the Court lacks jurisdiction under Section 1334(b) as required for a removal pursuant to Section 1452.

For the foregoing reasons, the Motion to Remand is hereby GRANTED, and this case is

REMANDED to the 80th Judicial District Court, Harris County, Texas for further proceedings. This Court also expands Judge Hittner's previous directive that the Aligned Litigants receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court. Moreover, as noted by Judge Hittner, continued frivolous notices of removal, complaints, and motions by the Aligned Litigants will result in the imposition of monetary sanctions and/or an order of contempt from this Court.

It is so ORDERED.

FEB 1 6 2023
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4

Case 4:22-cv-00742   Document 23   Filed on 03/30/23 in TXSD   Page 1 of 8

2017-76098

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MTH LENDING GROUP LP, *et al.*,              §
                                             §
        Plaintiffs,                          §
                                             §
VS.                                          §     CIVIL ACTION NO. 4:22-CV-742
                                             §
ALVIN R. MULLEN II, *et al.*,                §
                                             §
        Defendants.                          §

04-05-23

MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court are a motion for a preliminary injunction and a "motion to enforce remand order" filed by Defendant Alvin R. Mullen II ("Mullen"). (Dkt. 17; Dkt. 18).[1] The Court has carefully considered the full record in this case, including the dockets of the numerous related proceedings. Both of Mullen's motions are **DENIED AS MOOT**. The Court *sua sponte* **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[2]

Furthermore, this lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least five times—four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. *See* Southern District of Texas case numbers 4:19-CV-323, 4:19-CV-559, and 4:19-CV-2486 and District of Columbia bankruptcy case number 18-10020. Accordingly, the Court will

---

[1] The Court, out of necessity, cites to the dockets of several other cases in this opinion. Docket citations that are enclosed in parentheses and prefaced with the abbreviation "Dkt." are citations to the docket of this case, Southern District of Texas case number 4:22-CV-742.
[2] The state-court cause number is 2017-76078.

1 / 8

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

EXHIBIT
7

DEFENDANT'S
EXHIBIT
2

broaden the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas.** Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

## BACKGROUND

This case is one strand in a complex web of protracted civil lawsuits and bankruptcy proceedings that Mullen, Elizabeth Thomas, James Allen, Robert L. Thomas, and several other associated parties ("the Mullen parties") have crafted to effectuate, in the words of the United States Bankruptcy Court for the Southern District of New York, "a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 158. Judges of this Court share the New York bankruptcy court's astute view of these cases. In a related bankruptcy appeal, Judge Hughes referred to the Mullen parties' actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have been filed—to avoid foreclosure" through "frivolous litigation" and the recording of "questionable or invalid documents in the real property records . . . including a purported satisfaction and

release of the lien." *See* Southern District of Texas case number 4:19-CV-4321 at docket entry 23.

One of the Mullen parties' favored tactics is the filing of dilatory notices of removal. In an attempt to help quell the Mullen parties' obstructive removals, Judge Hittner entered a preclusion order after remanding the second removal of this case. Judge Hittner's order requires Elizabeth Thomas, James Allen, and Robert L. Thomas to obtain advance written permission from the Chief Judge of the Southern District of Texas before removing this case. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.[3] However, the Mullen parties have now twice circumvented Judge Hittner's order by having Mullen (along with, in one instance, other non-enjoined Mullen parties) file the notice of removal. On the first such occasion, Judge Eskridge remanded the case to state court on account of procedural defects in the notice of removal and failure to pay the filing fee. *See* Southern District of Texas case number 4:19-CV-2486 at docket entry 60.

The second such occasion is this removal. Mullen has removed the case to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452 ("Section 1452"). (Dkt. 1 at pp. 16–18). The bankruptcy proceeding to which this case purportedly relates is a bankruptcy petition filed by Elizabeth Thomas in the United States Bankruptcy Court for the Southern District of New York. *See* Southern District of New York bankruptcy case number 18-

---

[3] Judge Hittner's order also lists two related state-court cases, case number 2018-91506 and case number 2017-83288, as subject to the injunction on removal. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Those two cases were consolidated with this case by the state-court judge prior to the removal that precipitated Judge Hittner's order. *See* case number 2017-76078 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated January 30, 2019.

23676. The judges presiding over the bankruptcy have explicitly "determined that the filing

of [Elizabeth Thomas's] bankruptcy petition was part of a scheme to delay, hinder, and

defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property

located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See*

Southern District of New York bankruptcy case number 18-23676 at docket entries 80 and

158.

## LEGAL STANDARD

Mullen has removed this lawsuit to this Court under Section 1452. (Dkt. 1 at pp.

16–18). With irrelevant exceptions,[4] Section 1452 states that "[a] party may remove any

claim or cause of action in a civil action . . . to the district court for the district where such

civil action is pending, if such district court has jurisdiction of such claim or cause of action

under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). In turn, 28 U.S.C. § 1334 grants

jurisdiction to district courts and adjunct bankruptcy courts in proceedings that are "related

to" a bankruptcy. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). A proceeding is "related

to" a bankruptcy "if the outcome of that proceeding could conceivably have any effect on

the estate being administered in bankruptcy." *Id.* (quotation marks omitted).

However, even if a claim or cause of action is properly removed to a district court

under Section 1452, the district court "may remand such claim or cause of action on any

equitable ground." 28 U.S.C. § 1452(b). The district court "has broad discretion to grant or

deny a motion to remand a removed claim on any equitable ground, including: (1) forum

---

[4] Section 1452 does not allow the removal of proceedings before the United States Tax Court or of
civil actions by governmental units to enforce those units' police or regulatory powers.

4 / 8

non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result." *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984) (citations omitted). Since *Browning*, "[c]ourts in the Southern District of Texas have considered additional factors in the evaluation of equitable remand, including the presence of non-debtor parties; the degree of relatedness or remoteness to the main bankruptcy case; whether the case involves forum shopping: and the burden on the bankruptcy court's docket." *GITP Properties I, LTD v. Mattress Pal Holding, LLC*, No. 4:19-CV-1947, 2019 WL 4889603, at *2 (S.D. Tex. Sept. 16, 2019), *adopted*, 2019 WL 4888174 (S.D. Tex. Oct. 2, 2019) (collecting cases). The district court's exercise of discretion under Section 1452(b) is not subject to appellate review, *id.*, and the district court may remand a case under Section 1452(b) *sua sponte. In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

## ANALYSIS

The Court finds no shortage of equitable grounds on which to remand this case. This lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. Two of those removals, including this one, were in violation of the spirit, though perhaps not the letter, of a preclusion order previously entered

by Judge Hittner. The bankruptcy filing to which this case supposedly relates has been denounced by the bankruptcy court presiding over it as "part of a scheme to delay, hinder, and defraud creditors." This removal was plainly an obstruction tactic.

Needless to say, the Court finds sufficient equitable grounds for a remand under Section 1452. However, the Court must highlight a misrepresentation that the Mullen parties have made both to this Court and to the New York bankruptcy court about whether this case was "removed into" a different case that was pending before Judge Hittner five years ago. Although it is unclear why, apart from a general desire to create confusion, the Mullen parties continue to misrepresent this specific piece of the history of this case, it is abundantly clear that the Court must leave no room for interpretation on this point.

In 2018, one of the Mullen parties, Elizabeth Thomas, removed a different case, Texas state court case number 2016-87941, to the Southern District of Texas, where it was given Southern District of Texas case number 4:18-CV-851 and assigned to Judge Hittner. Judge Hittner remanded the case to state court on the opposing party's motion and ordered Elizabeth Thomas to pay the movant's attorney's fees. *See* Southern District of Texas case number 4:18-CV-851 at docket entry 44. Before the removal, case number 2016-87941 had been consolidated with case number 2017-04089, a fact that Judge Hittner noted in his remand order. *See* case number 2016-87941 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated May 16, 2017; Southern District of Texas case number 4:18-CV-851 at docket entry 44. Judge Hittner's remand order made no mention of this case (state-court case number 2017-76078), however, as this case had not (and never has) been consolidated with case number 2016-87941. *See* Southern District of Texas case

6 / 8

number 4:18-CV-851 at docket entry 44. To boil it down: this case was never part of Southern District of Texas case number 4:18-CV-851.

Nevertheless, the Mullen parties, for whatever reason, have represented to this Court and to the United States Bankruptcy Court for the Southern District of New York that this case was somehow "removed into" Southern District of Texas case number 4:18-CV-851 before Judge Hittner entered his remand order. (Dkt. 21 at p. 2). *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 137. This is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case as [the Mullen parties apparently] attempted to do [before Judge Hittner]. Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022) (footnote omitted); *see also Gilliam v. Austin*, No. C-02-1389, 2002 WL 1034115, at *4 (N.D. Cal. May 13, 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] A case cannot be removed from state court to become part of an already existing federal case."). The Mullen parties did not comply with the required procedures, so, again, this case was never part of Southern District of Texas case number 4:18-CV-851.

For all the reasons discussed above, the Court will remand this case to Texas state court under 28 U.S.C. § 1452(b). The Court will also broaden the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559 to include all

parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.

## CONCLUSION

The motion for a preliminary injunction and "motion to enforce remand order" filed by Defendant Alvin R. Mullen II (Dkt. 17; Dkt. 18) are **DENIED AS MOOT**, as are any other pending motions. The Court sua sponte **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[5]

Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas.** Any attempt by any party to remove this case without obtaining the required permission as set forth in the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559[6] may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 333rd Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas on March 30, 2023.

George C. Hanks, Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The state-court cause number is 2017-76078.
[6] The Court has attached Judge Hittner's order to this opinion.

TRUE COPY I CERTIFY ATTEST
NATHAN OCHSNER, Clerk of Court
By _____ Deputy Clerk

Exhibit-B

United States District Court
Southern District of Texas

**ENTERED**

February 12, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-705 |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

<div style="border:1px solid black; display:inline-block;">

**EXHIBIT
8**

</div>

## ORDER

Before the Court are Defendant PCF Properties in Texas, LLC's ("PCF") Motion for

Sanctions (Doc. #77) and Third-Party Defendant James Andersen's ("Andersen") Response[1] (Doc.

#78). In its Motion, PCF alleges that Plaintiffs Robert L. Thomas, Allan Haye, and James Allen,

Defendant Elizabeth Thomas, and Andersen (collectively, the "Thomas Parties") and the parties'

respective counsel should be sanctioned for willfully and intentionally violating the Court's

February 16, 2023 Order (Doc. #75). Doc. #77. In the February 16 Order granting PCF and Third-

Party Defendant JP Morgan Chase Bank N.A.'s Second Motion to Remand, the Court stated that

the "Aligned Litigants" (Elizabeth Thomas, James Allen, Robert L. Thomas, and Allan Haye) must

"receive advanced written notice from the Chief Judge of the Southern District of Texas before

filing notices of removal to include any and all removals from any Harris County District Court."

Doc. #75 at 4. The Court also warned that "continued frivolous notices of removal, complaints,

and motions by the *Aligned Litigants* will result in the imposition of monetary sanctions and/or an

order of contempt from this Court." *Id.* (emphasis added).

---

[1] The Court notes for the sake of clarity that Third-Party Defendant James Andersen's Response
is titled as "Letter to Judge Bennett." Doc. #78. It is clear from the content of the letter that it was
filed in response to the Motion for Sanctions, thus the Court will treat the letter as a response.

PCF contends that the Thomas Parties violated the Court's Order by attempting to remove a case in the 80th District Court of Harris County to the Unites States Bankruptcy Court of Delaware. Doc. #77, Ex. 10. The Notice of Removal to the Delaware Bankruptcy Court was filed by Andersen, a third-party defendant who is also an attorney and is representing himself in this matter. Notably, in the Court's Order, the Aligned Litigants were barred from filing any notices of removal without written permission from the Chief Judge of the Southern District of Texas. *See* Doc. #75 at 4. But Andersen was not included as one of the Aligned Litigants. *Id.* Thus, the Court's Order did not apply to him.

Accordingly, PCF's Motion for Sanctions (Doc. #77) is hereby DENIED.

It is so ORDERED.

___FEB 0 8 2024___
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2