P4
7--
Stipx
at+ex

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLEN and ALLAN HAYE, *Plaintiffs/Counter-Defendants,* | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| PCF PROPERTIES IN TEXAS, LLC *Defendant/Third-Party Plaintiff* | § § § | 80th JUDICIAL DISTRICT |
| v. | § § § | |
| ELIZABETH THOMAS, JAMES M. ANDERSEN, and JPMORGAN CHASE BANK, N.A.; | § § § § | |
| *Third-Party Defendants.* | § § | HARRIS COUNTY, TEXAS |

**FILED**
Marilyn Burgess
District Clerk

APR 1 9 2023

Time: _____
Harris County, Texas

By _____

## ORDER GRANTING PCF PROPERTIES IN TX, LLC'S MOTION FOR SUMMARY JUDGMENT

After considering Defendant, PCF PROPERTIES IN TX, LLC's Motion for Summary Judgment, the pleadings, the responses, the replies, the affidavits, the arguments of counsel, and the evidence in support thereof, the Court is of the opinion that the motion should be granted. Therefore, it is

ORDERED, ADJUDGED and DECREED that PCF PROPERTIES IN TX, LLC's Motion for Summary Judgment is hereby GRANTED.

ORDERED, ADJUDGED AND DECREED, that the foreclosure sale conducted on or about March 3, 2020, by JPMORGAN CHASE BANK, N.A., it successors in interest and assigns, and/or its substitute trustees, at which PCF PROPERTIES IN TX, LLC, was the successful bidder, is hereby declared valid, and title to the Subject Property is hereby quieted in favor of PCF PROPERTIES IN TX, LLC., and PCF PROPERTIES IN TX, LLC, shall be and hereby is awarded exclusive fee simple owner

**EXHIBIT 9**


DEFENDANT'S EXHIBIT
B

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.

of the Subject Property, free and clear of any right, title or claim to right or title in the Subject Property made by JAMES ALLEN, ROBERT THOMAS, ALLAN HAYE, ELIZABETH THOMAS AND JAMES ANDERSEN.    It is further

ORDERED, ADJUDGED, AND DECREED that PCF PROPERTIES IN TX, LLC's Motion for Summary Judgment is hereby GRANTED in its entirety; it is further

ORDERED, ADJUDGED, AND DECREED and hereby DECLARED that:

• the lien held by James Allen f/k/a Jeve Enterprises, recorded at instrument number RP-2017-481834 of the Official Public Records of Harris County, Texas (the "JEVE Lien"), is and was inferior to and subject to that deed of trust lien held by JPMORGAN CHASE BANK, N.A., recorded at instrument number 20070643669 of the Official Public Records of Harris County, Texas (the "Chase Lien");

• The foreclosure of the Chase Lien extinguished the JEVE Lien and James Allen's interest in the Property;

• James Allen, Robert Thomas, Allan Haye, Elizabeth Thomas and James Andersen have no right, title or interest in the Property of any sort; it is further

ORDERED, ADJUDGED, AND DECREED and hereby DECLARED that judgment is GRANTED as to PCF PROPERTIES IN TX, LLC, as to its quiet title, declaratory judgment and trespass-to-try-title claims, and that title to that certain tract of land situated in Harris County, Texas and described with particularity as follows:

LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT THEREOF UNDER FILM CODE 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property")

is hereby quieted in PCF PROPERTIES IN TX, LLC, over and above any interest purportedly held by James Allen and Allan Haye.; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC, do have and recover possession of the Property against Plaintiffs; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded its reasonable and necessary attorneys' fees against James Allen, Robert Thomas, Allan Haye, Elizabeth Thomas, and James Andersen, jointly and severally pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, in the amount of $10,000.00; it is further

ORDERED, ADJUEDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded conditional attorneys' fees: $5,500.00 if a motion for new trial is filed; $10,000.00 in the event of an unsuccessful appeal of the Judgment to the Court of Appeals; $7,500.00 if PCF is required to respond to a Petition for Review to the Texas Supreme Court is $5,00.00; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded its costs of court and post-judgment interest on the foregoing sums at the rate of 5.5% per annum from the date of judgment until the judgment is satisfied; it is further

ORDERED, ADJUDGED AND DECREED that all writs necessary for enforcement of this Judgment AGAINST PLAINTIFFS, including but not limited to, a Writ of Possession, shall issue upon PCF PROPERTIES IN TX, LLC's request and the clerk of this Court is hereby ORDERED to issue a Writ of Possession upon the request of PCF PROPERTIES IN TX, LLC, and shall require no further action from this Court; it is further

ORDERED, ADJUDGED AND DECREED that for all the above recovery, let execution issue; it is further

ORDERED, ADJUDGED and DECREED that any relief not expressly granted herein is denied.


ORDERED, ADJUDGED and DECREED that JAMES ALLEN, ROBERT L. THOMAS, and ALLAN A. HAYE take NOTHING on all of their claims against PCF PROPERTIES IN TX, LLC.  it is further

ORDERED, ADJUDGED and DECREED that PCF PROPERTIES IN TX, LLC 's contingent

claims against JPMORGAN CHASE BANK, N.A., are hereby dismissed as moot.

SIGNED on _April 19_____, 2023.

PRESIDING JUDGE

EXHIBIT
10

*P6*
*Sanc x*
*Stip x*

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLEN and ALLAN HAYE,<br>*Plaintiffs/Counter-Defendants,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| P.C.F. PROPERTIES IN TX, LLC<br>*Defendant/Third-Party Plaintiff* | §<br>§<br>§ | 80th JUDICIAL DISTRICT |
| v. | §<br>§ | |
| ELIZABETH THOMAS, JAMES M.<br>ANDERSEN, and<br>JPMORGAN CHASE BANK, N.A.; | §<br>§<br>§<br>§ | |
| *Third-Party Defendants.* | §<br>§ | HARRIS COUNTY, TEXAS |

### ORDER GRANTING P.C.F. PROPERTIES IN TX, LLC'S MOTION FOR SANCTIONS AGAINST JAMES ALLEN AND ELIZABETH THOMAS FOR VIOLATING COURT ORDERS

CAME ON TO BE CONSIDERED the MOTION FOR SANCTIONS AGAINST JAMES

ANDERSEN AND ELIZABETH THOMAS FOR VIOLATING COURT ORDERS, and the

Court, have considered the pleadings, the evidence in support thereof, and the argument of the

parties, is of the opinion that the motion should be granted. The Court further finds that the motion

was filed in good faith, is meritorious and should be granted. Therefore, the Court finds that

JAMES ANDERSEN AND ELIZABETH THOMAS knowingly, willfully, and intentionally

violated orders of this Court. The Court further finds that

1. James Andersen and Elizabeth Thomas had actual knowledge of the Ordered entered on

   August 2, 2023, by the 11th Administrative District Court in connection with the second

   baseless motion to recuse/disqualify the Trial Judge. That Order requires the following:

**FILED**
Marilyn Burgess
District Clerk

NOV 14 2023

Time: _____
Harris County, Texas
By _____
Deputy

EXHIBIT
2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Unofficial Copy Office of Marilyn Burgess District Clerk



ORDERED, ADJUDGED and DECREED that, in the event any other lawsuits are filed by any person claiming an interest in the property located at 8202 Terra Valley Lane, Tomball, TX 77375, seeking injunctive relief in any form or manner, the Clerk of the Harris County Ancillary Court shall provide immediate prior written notice to P.C.F. Properties in TX, LLC, and its counsel of record, of any hearing, whether *ex parte* or otherwise, in person or via zoom before granting or entering any form of temporary restraining order, temporary injunction or otherwise affecting P.C.F. Properties in TX, LLC's rights, title, or interest, including possession thereof, of the property located at 8202 Terra Valley Lane, Tomball, TX 77375. P.C.F. Properties in TX, LLC's contact information is:

BARRY & SEWART, PLLC
Anna C. Sewart, Email: acsewart@barryandsewart.com
David W. Barry, Email: dwbarry@barryandsewart.com
Austin R. DuBois, Email: austin@barryandsewart.com
John V. Burger, Email: john@barryandsewart.com
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
Email: evictions@barryandsewart.com

SIGNED this 24th day of July, 2023.

2. The Court further finds that James Andersen and Elizabeth Thomas had actual knowledge of the Ordered by this Court entered on August 10, 2023, which contained similar provisions as follows:

BAS200099 – LAWSUIT SANCTIONS ORDER

ORDERED, ADJUDGED, and DECREED that a certified copy of this ORDER shall be delivered to the Harris County Ancillary Court, and the Harris County Ancillary Court is hereby PROHIBITED from granting, entering, or otherwise ruling on any application for *ex parte* injunctive relief, whether temporary or permanent against P.C.F Properties in TX, LLC or its agents, filed any person or persons claiming an interest in the property located at 8202 Terra Valley Lane, Tomball, TX 77375, and the Clerk of the Ancillary Court shall provide at least 24 hour prior before first providing written notice of any hearing seeking *ex parte* injunctive relief, whether temporary or permanent, to P.C.F. Properties in TX, LLC and its counsel of record, at the address below:

Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
Email: evictions@barryandsewart.com;
acsewart@barryandsewart.com;
dwbarry@barryandsewart.com;
austin@barryandsewart.com;
john@barryandsewart.com; and
evictions@barryandsewart.com

*Attorneys for P.C.F. Properties in TX, LLC*

Failure to abide by this Court will result in immediate action by this Court.

3. The Court finds that Case No. 2023-63377, and styled Jasmine Jarbis, et al v. P.C.F. Properties in TX, LLC, was filed in bad faith, constitutes a collateral attack on this Court's judgment, and was brought solely with the intent to harass, hinder, defraud, and delay Defendant, P.C.F. Properties in TX, LLC's ability to take possession of the property located at 8202 Terra Valley Lane, Tomball, TX 77375.

4. The Court finds that James Andersen violated the Court Orders referenced herein.

5. The Court finds that James Andersen knowingly violated the Court Orders referenced herein.

6. The Court finds that James Andersen willfully violated the Court Orders referenced

herein.

7. The Court finds that James Andersen intentionally violated the Court Orders referenced herein.

8. The Court finds that Elizabeth Thomas violated the Court Orders referenced herein.

9. The Court finds that Elizabeth Thomas knowingly violated the Court Orders referenced herein.

10. The Court finds that Elizabeth Thomas willfully violated the Court Orders referenced herein.

11. The Court finds that Elizabeth Thomas intentionally violated the Court Orders referenced herein.

12. The Court finds that James Andersen and Elizabeth Thomas violated the Court Orders referenced herein for the purposes of harassing Defendant, P.C.F. Properties in TX, LLC.

13. The Court finds that James Andersen and Elizabeth Thomas have already been sanctioned by orders of this Court for filing frivolous

14. The Court finds that sanctions are necessary to compel James Andersen and Eliabeth Thomas to comply with Court Orders.

15. The Court finds that numerous lawsuits and legal actions have been filed to hinder, defraud and delay Defendant, P.C.F. Properties in TX, LLC's ability to take possession of the property located at 8202 Terra Valley Lane, Tomball, TX 77375; the Court further finds that in all likelihood more legal actions will be filed by or on behalf of Elizabeth Thomas to hinder, defraud, and delay Defendant, P.C.F. Properties in TX, LLC's ability to take possession of the property located at 8202 Terra Valley Lane,

Tomball, TX 77375. As a result, *in rem* relief prohibiting any further actions contesting

P.C.F. Properties in TX, LLC's ownership of the property located at 8202 Terra Valley

Lane, Tomball, TX 77375 is warranted.

. Therefore, it is

ORDERED, ADJUDGED and DECREED that JAMES ALLEN, ALLAN HAYE, JAMES

ANDERSEN and ELIZABETH THOMAS are SANCTIONED as a result of their knowing,

willful, and intentional violation of Court Orders. Monetary sanctions in the amount of

$ 50,000.00 are imposed against JAMES ANDERSEN and ELIZABETH THOMAS,

jointly and severally, It is further

ORDERED, ADJUDGED and DECREED that future violations of this Court's Orders

shall be punishable by contempt; it is further

ORDERED, ADJUDGED and DECREED that P.C.F. Properties in TX, LLC is awarded

*in rem* relief with respect to any challenge of ownership, title, possession, or use of the property

located at 8202 Terra Valley Lane, Tomball, TX 77375, and any further actions seeking injunctive

relief in any form or manner is hereby strictly prohibited. In the event any person or entity files

any action or proceeding to challenge P.C.F. Properties in TX, LLC's ownership, title, possession,

or use of the property located at 8202 Terra Valley Lane, Tomball, TX 77375, the Clerk of the

Harris County Ancillary Court shall transfer that case to this Court, and this Court will issue

appropriate orders, whether sua sponte or otherwise. The Clerk of the Court shall provide

immediate prior written notice to P.C.F. Properties in TX, LLC, and its counsel of record, of any

hearing, whether *ex parte* or otherwise, in person or via zoom before granting or entering any form

of temporary restraining order, temporary injunction or otherwise affecting P.C.F. Properties in

TX, LLC's rights, title, or interest, including possession thereof, of the property located at 8202

Terra Valley Lane, Tomball, TX 77375.  P.C.F. Properties in TX, LLC's contact information is:

**BARRY & SEWART, PLLC**
Anna C. Sewart, Email: acsewart@barryandsewart.com
David W. Barry, Email: dwbarry@barryandsewart.com
Austin R. DuBois, Email austin@barryandsewart.com
John V. Burger, Email:  john@barryandsewart.com
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
Email:  evictions@barryandsewart.com

SIGNED this _____ 14 _____ day of _____November_____, 2023.

PRESIDING JUDGE,
80th JUDICIAL DISTRICT COURT

BAS200099 – LAWSUIT SANCTIONS ORDER

$10
Vexad
Stipx

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLEN and ALLAN HAYE, | § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants,* | § | |
| | § | |
| v. | § | |
| | § | |
| P.C.F. PROPERTIES IN TX, LLC | § | |
| *Defendant/Third-Party Plaintiff* | § | 80th JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| ELIZABETH THOMAS, JAMES M. | § | |
| ANDERSEN, and | § | |
| JPMORGAN CHASE BANK, N.A.; | § | |
| | § | |
| *Third-Party Defendants.* | § | HARRIS COUNTY, TEXAS |



**ORDER DECLARING ELIZABETH THOMAS LITIGANTS VEXATIOUS LITIGANTS**

Before the Court is P.C.F. PROPERTIES IN TX, LLC'S Motion to Declare Elizabeth

Thomas and Others Vexatious Litigants. P.C.F. Properties in TX, LLC's motion is GRANTED.

**FACTUAL BACKGROUND**

P.C.F. PROPERTIES IN TX, LLC requests this Court declare Elizabeth Thomas and Others

vexatious litigants based upon an extensive litigation history involving the same factual dispute

and factual foundation and the same property located at 8202 Terra Valley Lane, Tomball, TX

77375. To prevent future harassing and abusive litigation, P.C.F. PROPERTIES IN TX, LLC

requests this Court enjoin Elizabeth Thomas, Jasmine Jarbis, JaVaughn Mahomed, Monique

Moore, Sarah Jarbis, Omari J. Thomas, James Allen, Robert Thomas, Allan Haye, and James

Andersen from filing any additional lawsuits unless granted prior written permission from this

Court or the 11Th Administrative District Court.

The following is an incomplete and inexhaustive list of cases filed in Texas justice, county,

EXHIBIT
111

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

district, and appellate courts, and the applicable federal courts by or on behalf of Elizabeth Thomas related to the Terra Valley Property:

      I.      <u>Litany of</u> <u>Cases Filed in State Courts</u>:

     1.     Cause No. 2014-54729, *Thomas v. Meritage Homes*;

     2.     Cause No. 2017-76078, *James Allen v. MTH Lending Group LP*;

     3.     Cause No. 2018-14171, *Thomas v. McCarthy & Holthus LLC*;

     4.     Cause No. 2020-35780, *Allen v. PCF Properties in TX LLC*.

     5.     Cause No. 2017-75641, *Robert Thomas v. Flagstone Lending Group*;

     g.     Cause No. 2018-14171, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP and Elizabeth Thomas*.

     7.     Cause No. 2019-08058, *Haye v. McCarthy & Holthus LLP*;

     8.     Cause No. 2019-30835, *Haye v. McCarthy & Holthus LLP*;

     9.     Cause No. 2019-31310, *Haye v. Sewart*;

     10.     Cause No. 2020-12210, *Haye v. McCarthy & Holthus LLP*;

     11.     Cause No. 2016-85941, *Perez, et al v. Miramar Lake Homeowners Association, et al*;

     12.     Cause No. 2017-82388; *Elizabeth Thomas, et al. v. Meritage Homes of Texas, LLC, et al*;

     13.     Cause No. 01-23-00331-CV, and is styled *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal is pending.

     14.     Cause No. 01-23-00226-CV (Orig. Proc.); *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal was withdrawn by the Appellants.

     15.     Cause No. 2023-26720; *Mahomed, et al v. P.C.F. Properties in TX, LLC*.

16.    Cause No. 2023-34044; *Jarbis, et al v. P.C.F. Properties in TX, LLC.*

17.    Cause No. 23-0571; *In re Elizabeth Thomas, James Allen, Allan Haye, and James Andersen, Relators*; in the Supreme Court of Texas.  That petition has been denied.

18.    Cause No. 01-23-00678-CV; *In re Jasmine Jarbis, Relator*; this is a mandamus proceeding filed by Plaintiff which the Appellate Court dismissed on September 26, 2023;

19.    Cause No 234100308025; *THOMAS V. P.C.F. PROPERTIES IN TX, LLC*; in the Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas.  Application for Writ of Reentry. Application denied.

**II.    Litany of Cases Filed in or Removed to Federal Court;**

20.    Cause No. 4:13-cv-01022; *Elizabeth Thomas, et al. v. J.P.Morgan Chase, N.A. f/k/a Chase Home Finance, LLC;*

21.    Cause No. 4:19-cv-00559; *Primary Residential Mortgage Inc., et al v. Elizabeth Thomas, et al;*

22.    Cause No. 18-23676-CGM-13 (Bankr. S.D.N.Y); *In re Elizabeth Thomas, Debtor;*

23.    Cause No. 4:22-cv-00705; *Elizabeth Thomas, et al. v. P.C.F. Properties in TX, LLC, et al;*

24.    Adversary Proceeding No. 22-3024; *Elizabeth Thomas, et al v. Thomas, et al;*

25.    Cause No. 22-cv-3666 (NSR); *James Allen, et al v. Primary Residential Mortgage, Inc.*

26.    Cause No. 19-32662 (Bankr. S.D. Tex.); *In re Allan A. Haye, Debtor;*

27.    Cause No. 10-40785 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

28.    Cause No. 14-22609 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

298.    Cause No. 15-36259 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor;*

30.   Cause No. 17-33326 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

31.   Cause No. 18-00598 (Bankr. D.C.); *In re Elizabeth Thomas, Debtor*;

32.   Cause No. 4:19-cv-04321 (S.D. Tex.); *Haye v. JP Morgan Chase*;

33.   Cause No. 23-10378 (Bankr. Del.); *In re PCf Investments, Inc., et al*; involuntary bankruptcy petition; case dismissed.

This Court takes judicial notice of at least four (4) orders issued by separate federal district courts which require the ELIZABETH THOMAS AND THOMAS LITIGANTS to obtain prior authorization before removing any state court lawsuits to federal court. This Court takes judicial notice that the ELIZABETH THOMAS AND THOMAS LITIGANTS have defied each such order.

This list of cases does not include the volumes of pleadings in the cases Elizabeth Thomas files, most of which are lengthy, incoherent, irrelevant, and outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, or misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled. Additionally, the list of cases does not include the number of times Elizabeth Thomas changes case captions, the names of party-plaintiffs and/or defendants, misstates a party's legal position, solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties to litigation, or files motions for sanctions against parties and/or their attorneys of record.

III.   **Elizabeth Thomas filed Cases in Other People's Names:**

Elizabeth Thomas has employed a new strategy attempting to hinder, defraud the courts, and delay PCF's rights in the Terra Valley Property: Elizabeth Thomas has used the following parties to challenge this Court's judgment:

1.   Jasmine Jarbis

2. JaVaughn Mahomed

3. Monique Moore

4. Sarah Jarbis

5. Omari J. Thomas

6. James Allen

7. Robert Thomas

8. Allan Haye

9. James Andersen, though an attorney, he is a judgment debtor and has represented Jasmine Jarbis, JaVaughn Mahomed, and Omari J. Thomas as attorney of record.

These parties are collectively referred to as the "THOMAS LITIGANTS".

This Court concludes that these parties are Elizabeth Thomas's proxies and that they should be declared vexatious litigants, as well.

This Court takes judicial notice of the following cases filed other parties' names challenging this Court's judgment, PCF's right, title, and interest in the Terra Valley Property, and the execution of the writ of possession:

i. **Cause No. 2023-26720;** *Jasmine Jarbis, et al v. PCF Properties in Texas, LLC*: this case is pending in the 295th District Court of Harris County, Texas. While an *ex parte* temporary restraining order was entered in Plaintiffs' favor, the district court denied injunctive relief on June 1, 2023. P.C.F. has filed a Motion to Dismiss Baseless Claims under Rule 91a of the Texas Rules of Civil Procedure, which was set for hearing on July 14, 2023. The Plaintiffs subsequently filed a notice of non-suit of all pending claims;

ii. **Cause No. 2023-34044;** *Monique Moore, et al v. PCF Properties in Texas, LLC*: a temporary restraining order was entered on June 2, 2023, and a hearing was set for June 12, 2023, at 2:30 p.m. P.C.F. filed a Motion to Dissolve the restraining order, which was set for hearing on June 8, 2023, at 2:00 p.m., asserting that the ancillary court's temporary restraining order was entered as a result of fundamental error, that being that Monique Moore and Sarah Jarbis, the plaintiffs in that case, did not have a legal interest in the Property. The Plaintiffs filed their notice of non-suit on June 8, 2023, rendering the hearing moot.

iii.    Case No. 01-23-00678-CV; *In re Jasmine Jarbis, Relator*; a mandamus proceeding seeking an order declaring the execution of the writ of possession illegal based on the identity of the parties, a spurious argument about bankruptcy, and the recusal of the trial judge. This proceeding was dismissed on September 26, 2023, on standing issues.

iv.    Case No. 234100308025; *Elizabeth Thomas v. P.C.F. Properties in TX, LLC*; Thomas filed a petition for writ of reentry in the Justice of the Peace, Precinct 4, Place 1, Harris County, Texas. The Justice Court denied the relief on jurisdictional grounds.

v.    Case No. 2023-63377; *Jasmine Jarbis, et al v. P.C.F. Properties in TX, LLC*; Plaintiffs sought, and obtained a temporary restraining enjoining PCF from renting or selling the property. An amended restraining order was entered enjoining PCF from excluding the Plaintiffs from re-entering the property. PCF filed an emergency motion to dissolve the restraining orders, which was granted on October 3, 2023. Plaintiffs filed a non-suit of the case, then sought to vacate the nonsuit and filed a request for injunctive relief. That relief was denied and the case was transferred from the 269th District Court to the 80th District Court on October 16, 2023. Plaintiffs file their third amended petition substituting the named parties for "John Doe" and "Jane Doe" and then the originally named parties filed a notice of nonsuit of their claims on October 18, 2023; on October 19, 2023, the substituted parties filed their own notices of nonsuit. PCF filed a motion for sanctions against he named parties and their counsel for knowing, willful, and intentional violations of two orders issued in this case.

Omari Thomas has appealed the order dissolving the restraining order. That case was filed on October 23, 2023, and is pending under Case No. 01-23-00789-CV, and styled *Omari J. Thomas v. P.C.F. Properties in TX, LLC*.

vi:    Case No. 2023-72610 *Omari J. Thomas v. P.C.F. Investments, Inc.*; this is the most recent case filed challenging this Court's judgment, the writ of possession, and PCFs title to the Terra Valley Property. Omari J. Thomas, who PCF believes is Elizabeth Thoams's 21 year old relative, was a party in Case No. 2023-63377; P.C.F. Investments, Inc., is PCF's parent company, but does not own title to the Terra Valley Property. This case was filed on October 18, 2023 and has been assigned to the 127th Judicial District Court of Harris County, Texas. As of October 25, 2023, there are no events pending and citation has not been requested or issued. However, PCF suspects that Elizabeth Thomas will seek the issuance of either a restraining order or an injunction permitting her to reenter the Terra Valley Property, much like the orders entered in Case No. 2023-63377, which were dissolved by the Court.

Two orders have been issued in this case intended to defer the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further abusive, frivolous pleadings or lawsuits challenging PCF's title to the property. The first order was entered on August 2, 2023, by the 11th Administrative District Court in connection with the second baseless motion to recuse/disqualify

the Trial Judge. The Second Order was entered by this Court on August 10, 2023. Both Orders require prior written notice to be provided to PCF and its counsel of record prior to the issuance of injunctions orders. The THOMAS LITIGANTS have defied those Orders.

## DISCUSSION

### Legal Standard

Section 11.054 of the Texas Civil Practices and Remedies Code provides,

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been:

    (A) finally determined adversely to the plaintiff;

    (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

    (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

    (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

    (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code. 11054.

Section 11.101 of the Texas Civil Practices and Remedies Code provides,

(a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant.

(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

(c) A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.

(d) A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.

(e) A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state.

Tex. Civ. Prac. & Rem. Code § 11.101.

Section 11.103 of the Texas Civil Practices and Remedies Code provides,

(a) Except as provided by Subsection (d), a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing.

Tex, Civ. Prac. & Rem. Code § 11.103.

Section 11.101(a) provides Courts with authority to issue pre-filing injunctions against vexatious litigants. The sanction of a pre-filing injunction may be appropriate with pro se litigants have a history of submitting multiple frivolous claims. Pro se litigants do not have license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets. See, Ferguson v. MBank Hous., N.A., 808 F.2d 358, 359 (5th Cir. 1986). A court has the inherent authority to impose a pre-filing sanction on vexatious litigants upon finding of such abuse. Id.; Tex. Civ. Prac. & Rem. Code § 11.101(a).

This case arises out of a foreclosure dispute between Elizabeth Thomas and her lender

pertaining to a mortgage secured by the Terra Valley Property. The cases listed above are in inexhaustive list of the cases file by or on behalf of Elizabeth Thomas or her proxies challenging the validity of the mortgage, the lender's rights to foreclose, the validity of the foreclosure sale, and PCF's right, title, and interest in the Terra Valley Property after PCF purchased it at a non-judicial foreclosure sale on March 3, 2020. These cases are duplicative, harassing, and burdensome to the Courts and the parties who must defend these baseless meritless lawsuits filed against the ELIZABETH THOMAS AND THOMAS LITIGANTS.

This Court finds that the ELIZABETH THOMAS AND THOMAS LITIGANTS are vexatious litigants as defined by Chapter 11 of the Texas Civil Practices and Remedies Code.

This Court further finds that monetary sanctions alone are insufficient and/or ineffective to dissuade the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further lawsuits challenging PCF's ownership interest in the Terra Valley Property, considering that the ELIZABETH THOMAS AND THOMAS LITIGANTS already have knowingly, willfully, and intentionally defied orders of this Court and other courts of competent jurisdiction. This Court concludes that pre-filing authorization is required to deter any further vexatious litigation.

Therefore, this Court believes the appropriate sanction here is to declare the ELIZABETH THOMAS AND THOMAS LITIGANTS vexatious litigants and hereby ENJOINS the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing any civil laws in Harris County, Texas without first obtaining written permission from a judge of Harris County, Texas. It is further

ORDERED that the ELIZABETH THOMAS AND THOMAS LITIGANTS shall provide security to P.C.F. Properties in TX, LLC, in the amount of $20,000.00 to cover reasonable expenses incurred in connection with litigation commenced by the ELIZABETH THOMAS AND

THOMAS LITIGANTS, including attorney's fees and costs; if the ELIZABETH AND THOMAS LITIGANTS fail to post a $20,000.00 bond within ten (10) calendar days of the signing of this Order, this suit shall be dismissed with prejudice in its entirety, pursuant to Tex. Civ. Prac. Rem. Code. § 11.056. A copy of this Order shall be filed in Case No. Case No. 2023-32617, *Omari J. Thomas v. P.C.F. Investments, Inc.*

SIGNED this ___16___ day of ___November___, 2023.

_____
PRESIDING DISTRICT COURT JUDGE

BAS200099 – ORDER DECLARING THOMAS VEXATIOUS LITIGANT

**Order issued April 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-23-00331-CV

———————————

**ELIZABETH THOMAS, ALLAN HAYE, AND JAMES ANDERSEN,**
**Appellants**

**V.**

**PCF PROPERTIES IN TX, LLC, Appellee**

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2020-35780

## MEMORANDUM ORDER

Appellants, Elizabeth Thomas, Allan Haye, and James Andersen
(collectively, "appellants"), have failed to timely file a brief. *See* TEX. R. APP. P.
38.6(a), 38.8(a). Appellants filed a notice of appeal from the trial court's April 19,

EXHIBIT
12

2023 summary-judgment order.

The clerk's record was filed on June 16, 2023, and the reporter's record was filed on August 15, 2023. Accordingly, appellants' brief was due to be filed on or before September 14, 2023. *See* TEX. R. APP. P. 38.6(a). Appellants did not file a brief.

On September 22, 2023, the Clerk of this Court notified appellants that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). Despite the notice that their appeal was subject to dismissal, appellants did not adequately respond. *See* TEX. R. APP. P. 42.3(b), (c).

Accordingly, the Court orders that the appeals of the above-listed appellants are dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b), 43.2(f). We dismiss any pending motions filed by the above-listed appellants as moot. The appeals of appellants, James Allen and Robert Thomas, remain pending before this Court.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-23-00331-CV

ELIZABETH THOMAS, JAMES ALLEN, ALLAN HAYE, ROBERT THOMAS, AND
JAMES ANDERSEN, Appellants

V.

PCF PROPERTIES IN TX, LLC, Appellee

Appeal from the 80th District Court of Harris County.
(Tr. Ct. No. 2020-35780).

This case is an appeal from the order signed by the trial court on April 19, 2023.

On April 25, 2024, this Court rendered an order dismissing the appeals of appellants, Elizabeth Thomas, Allan Haye, and James Andersen, for want of prosecution. It is, therefore, **considered**, **adjudged**, and **ordered** that the appeals of appellants, Elizabeth Thomas, Allan Haye, and James Andersen, are **dismissed**.

Further, the Court today considered the April 29, 2024 motion to dismiss the appeals of appellants, James Allen and Robert Thomas. After due consideration, the Court **grants** the motion. Accordingly, the Court **dismisses** the appeals of appellants, James Allen and Robert Thomas.

EXHIBIT

**13**

The Court **orders** that the appellants, James Allen, Allan Haye, Robert Thomas, and James Andersen, jointly and severally, pay all appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered August 22, 2024.

Per curiam opinion delivered by panel consisting of Chief Justice Adams and Justices Hightower and Countiss.

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 11, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3066 |
| | § | |
| PRIMARY RESIDENTIAL | § | |
| MORTGAGE INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING COMPENSATION

For the reasons stated on the record, Elizabeth Thomas and James M. Andersen must pay $13,657.50 to Primary Residential Mortgage, Inc., and $4,612.50 to Meritage Homes of Texas, LLC.

Elizabeth Thomas and James M. Andersen are jointly and severally liable for the payments.

These payments are awarded as compensatory sanctions for civil contempt.

The payments must be made in full and in cash within 14 days of entry of this order. The Court retains jurisdiction to consider any enforcement action that may be brought on account of a failure to pay these sanctions.

SIGNED 06/11/2024

_____
Marvin Isgur
United States Bankruptcy Judge

**EXHIBIT**

**14**

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **P.CF. PROPERTIES IN TX, LLC,** | § | |
| **Plaintiff,** | § | **Case No. 4:24-cv-03875** |
| | § | |
| **vs.** | § | |
| | § | |
| **JAMES ANDERSEN, ELIZABETH** | § | |
| **THOMAS, JASMINE JARBIS, JIREH** | § | |
| **PITTS, MONIQUE MOORE AND** | § | |
| **ALLAN ARMANDO HAYE,** | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

On this day, the Court considered Defendant, P.C.F. Properties in TX, LLC,'s Motion to Remand, and the Court REMANDS this case to the 80th Judicial District Court of Harris County, Texas under Cause No. 2020-35780  (the "State District Court Case") and the Court of Appeals of Texas for the First District of Texas under Case No. 01-23-00331-CV (the "Appeal"), and the Texas Supreme Court under Case No. 24-0694.

The Court further considered James Andersen's Motion to Transfer on behalf of Allan A. Haye this case to a New York bankruptcy matter with Case No. 24-11375-mew-7in the Southern District of New York, and the Court DENIES that motion to transfer.

The Court further ORDERS James Andersen and Elizabeth Thomas to personally appear before this Court on _____, _____, 2024, at _____ a.m./p.m., to show cause why they should not be held in contempt of court for willful and intentional violations of Court orders prohibiting further removals of state court litigation without obtaining prior written approval from the Chief Judge of the Southern District of Texas.

Signed this _____ day of _____, 2024.

_____
JUDGE PRESIDING

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 21, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXES
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3216** |
| | § | |
| **JAMES MICHAEL ANDERSEN,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

A show cause hearing is scheduled for November 5, 2024 at 9:00 am in Courtroom 400, 515 Rusk, Houston, TX 77002. Parties to the case are required to appear in person to show cause as to why this case should not be remanded to Texas State Court in view of the previous remand order issued in case 24-8005 ECF No. 26 on September 10, 2024. Any response to this order shall be filed no later than November 1, 2024 at 4:00 pm.

SIGNED 10/21/2024

Alfredo R Pérez
United States Bankruptcy Judge

1 / 1

# UNITED STATES BANKRUPCTY COURT
## SOUTHERN OF TEXAS
## TEXAS
## HOUSTON  DIVISION

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC<br>*Plaintiff*<br><br><br>*vs*<br><br><br>James M.  Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore Shelvy Spires<br>***Defendants*** | **24-AP-03216**<br><br>**MISC.  DOCKET NO. 2020-35780**<br><br><br><br>**Removed from: 80th District Court<br>Harris County, Texas** |

## MOTION TO WITHDRAW REFERENCE
## AND TO STAY PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

       James M. Andersen ("Andersen"), a Defendant in the above styled adversary proceeding (the "Adversary Proceeding"), hereby submits this Motion to Withdraw Reference (the "Motion"), pursuant to 28 U.S.C. § 157 and Movant also request the Bankruptcy Court issue a stay of proceedings as permitted by 28 U.S.C. § 157(c) pending the District Court's ruling on the motion to withdraw reference. respectfully states as follows:

### I.
### NATURE OF ANDERSEN MOTION

      1.   This case has been improperly filed in bankruptcy court due to the absence of a debtor.  Andersen   files this "Motion to Withdraw the Reference", due the bankruptcy court "lack of jurisdiction" to hear this case due to their being "no debtor,"  as such the matter presented does not constitute a legitimate bankruptcy proceeding as there is no debtor involved and a  lack of a debtor, deprives  the Bankruptcy Court lacks jurisdiction. No Defendants in this case have been served with citation of service and or notice of scheduled hearings.

2.   There is no "debtor" named in this case for the Bankruptcy Court to have jurisdiction over; the Bankruptcy Court only has jurisdiction over cases involving a debtor who has filed for bankruptcy protection, and without a debtor, the court cannot properly adjudicate the dispute.

3.   On October 10, 2024, Defendant Andersen filed a "Notice of Removal" [Doc. 1],  the case under Misc Doc. No. 2020-35780, styled as *In re P.C.F. Properties in TX , LLC, vs. James M.  Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and  Shelvy Spires* from the 80th District Court, Harris County, Texas to the U.S. District Court for the Southern District of Texas: Houston Division case No.  24-cv-03875.

4.   On October 15, 2024, after communications with Training Specialist Ms. Claudia Gutierrez, for the U.S. District Court for the Southern District of Texas: Houston Division discovered was the fact that Allan Haye whom is presently in a bankruptcy was wrongfully named as party to this Misc Doc case. Mr. Haye is not named as a party to this proceeding and as such he was removed  though a Amendment.

5.   On October 15, 2024, Andersen filed a Withdrawal [Doc. 6], as to the October 10, 2024, "Notice of Removal" on the grounds that it erroneously named non-party Allan Haye as a party to this case.     On October 15, 2024, Andersen   timely filed a "Amended Notice of Removal" which effectively removed non-party debtor Allan Haye. [Doc. 4. ],

6.   On July 11, 2024, P.C.F. Properties in Texas LLC, a purported Texas limited liability company commenced a new cause of action under Misc Doc. No, 2020-35780 in the 80th District Court solely against *James M.  Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and  Shelvy Spires*. See State Court Filings. Mr. Haye is not named as a party.

7.   On September 10, 2024, a Remand Order was issued remanding the parties In re P.C.F. P.C.F. Properties in Texas LLC, vs. *James M.  Andersen, Elizabeth Thomas ,Jasmine B*

*Jarbis, Jireh Pitts, and Shelvy Spires*.under Misc. Docket No. 2020-35780 to the 80th District Court, Harris County Texas.  See **Exhibits** 1, 2, and 3. Mr. Haye is not named as a Party to this order or proceeding.

8.        On October 17, 2024, the district court in error referred this case to the bankruptcy and there exists no debtor in this case or any claims against any debtor that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. Accordingly, subject matter jurisdiction over this case does not exist..

## II.
## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This proceeding was in error referred to this Court under General Order 2012-06 consistent with 28 U.S.C. § 157(a). Andersen seeks the District Court's withdrawal of this proceeding. Section 157 commits to the District Court the decision to withdraw a bankruptcy proceeding. 28 U.S.C. § 157(d) (2020); FED. R. BANKR. P. 5011(a). Hence, the Court may only issue a report and recommendation to the District Court about whether this proceeding should be withdrawn.

## III.
## ARGUMENT AND AUTHORIES

This case lacks a debtor, meaning the Bankruptcy Court lacks jurisdiction to hear the matter the dispute falls outside the scope of bankruptcy jurisdiction.  The District Court may withdraw proceedings "for cause." *Benjamin v. United States (In re Benjamin)*, No. 17-33255, 2021 WL 3861615, at *3 (Bankr. S.D. Tex. Apr. 30, 2021) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  The most important factor is whether the matters referred are core or non-core. S. *St. Seaport Ltd. P'ship v. Burger Boys, Inc.* (In re Burger Boys, Inc.), 94 F.3d 755, 762 (2d Cir. 1996).

Andersen argues that this Motion is timely. "In an adversary proceeding, a party should move to withdraw the reference within 90 days of the complaint or notice of removal." In the Matter of Bankruptcy Jurisdiction, General Order No. 2011-12. Because Andersen filed it's Amended Notice of Removal on October 15, 2024. [Doc. .4 ],this  motion is timely.

### 1.  Bankruptcy Court lack of Jurisdiction

There is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that  P.C.F. Properties in Texas LLC claims could have any such effect on Haye's estate.. See generally _In re Baltic Associates, L.P_., 149 B.R. at 95.

P.C.F. Properties in Texas LLC's, non-bankruptcy law claims would not be related to any pending bankruptcy case and do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case.  28 U.S.C. § 157(d) establishes the power of the District Court to withdraw the reference This statutory language makes clear that the power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b).  A bankruptcy subject matter jurisdiction exists over debtors or claims against debtors.    Thus, a district court may not properly refer to the bankruptcy court all civil proceedings over which it may have subject matter jurisdiction.

Instead, such a referral is limited by § 1334(b) to cover only those proceedings that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. See, e.g., _In re Williams_, 244 B.R. 858, 865-66 (S.D.Ga. 2000) ("The jurisdiction of bankruptcy courts, as § 157's terms make clear, is derivative: They can only exercise jurisdiction if that jurisdiction has been first granted to the district courts pursuant to 28 U.S.C. § 1334"), aff'd sub nom. _Williams v. Sears, Roebuck Co._,

___ F.3d ___, 2002 WL 649108 (11th Cir. 2002) (Table); *In re Foundation for New Era*
*Philanthropy*, 201 B.R. 382, 398 ("If a proceeding is unrelated to the bankruptcy case, the
district court has no authority to refer it to a bankruptcy judge — even if the proceeding falls
within some other federal jurisdictional grant"); see also *United States v. One Parcel of Real*
*Property, Commonly Known as Star Route Box 1328, Glenwood, Washington County,*
*Oregon,* 137 B.R. 802, 805 (D.Or. 1992); *In re JMP-Newcor International, Inc*., 225 B.R. 457,
460 (Bankr.N.D.Ill. 1998)

In law and fact the case should be dismissed as it follows that, under section 157(d), the
district court may only withdraw from the bankruptcy court the reference of those proceedings
which were improperly referred initially: via., those within the scope of section 1334(b).
Accordingly, whether or not the plaintiffs' claims could have originally been filed in the district
court under its federal question jurisdiction, 28 U.S.C. § 1331, the putative claims could only be
withdrawn from this court under section 157(d) if bankruptcy jurisdiction under § 1334 exists for
those claims. For the reasons mentioned earlier, bankruptcy subject matter jurisdiction does not
lie. Therefore, withdrawal of the reference under section 157(d) for the claims would not be
appropriate and should instead be dismissed.

Although BLR 5011-1 provides that the withdrawal motion will first be presented to the
bankruptcy court "[u]nless the district court orders otherwise," that local rule seems to
contravene title 28 and Rule 5011.

*In Healthcentral*, the Ninth Circuit held that a local rule could not contravene the
requirements of 28 U.S.C. § 157, providing that only a district court may withdraw the reference.
504 F.3d at 786. The Ninth Circuit thus invalidated the local rule providing otherwise as
inconsistent with section 157(d) and Rule 5011(a):

 The rules associated with local bankruptcy rules are clear. As part of the Bankruptcy Code Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2075. Pursuant to this authority, the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule 9029"), which grants district courts the power to adopt their own local rules. Brown v. Smith (In re Poole), 222 F.3d 618, 621 (9th Cir.2000). Under Rule 9029, however, this power is strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1], 9029–2 (rev. 15th ed. 2006.) Rule 9029 states a local bankruptcy rule must: (1) be consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy Procedure; and (3) not limit the use of Official Bankruptcy Forms. Steinacher v. Rojas (In re Steinacher), 283 B.R. 768, 772–73 (9th Cir. BAP 2002). If any of these limits are not observed, the local bankruptcy rule must be held invalid.

Moreover, comparing, and contrasting Rule 5011(a) with Rule 5011(b), governing abstention under 28 U.S.C. § 1334(c), further calls into question BLR 5011-1's requirement that a motion to withdraw the reference be presented to the bankruptcy court. Whereas Rule 5011(a) (and title 28) requires motions to withdraw the reference to be decided by the district court, "motions to abstain are heard by bankruptcy judges." 1 COLLIER ON BANKRUPTCY ¶ 3.05 (16th ed.). And Rule 5011(b) further specifies motions to abstain are "governed by Rule 9014 . . . ." Rule 5011(a) contains no such requirement.

In any event, the text of BLR 5011-1 itself provides that the requirement of a prior recommendation by the bankruptcy court is not absolute, and the district court has discretion to bypass that recommendation in the interests of judicial economy. See Franklin Sav. Ass'n v. Office of Thrift Supervision, 150 B.R. 976, 978 (D. Kan. 1993) (holding, in case governed by local rule similar to BLR 5011-1, that district court would rule on motion for withdrawal of reference without seeking a bankruptcy court recommendation  as the bankruptcy court lacks jurisdiction as such the District Court should consider the Motion in the first instance.

**IV.**
**CONCLUSION**

Accordingly, the Defendant James M. Andersen requests that the District Court withdraw the reference of this adversary proceeding and grant such other and further relief as is equitable and just

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2024 the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

By:/s/James M. Andersen
James M. Andersen

**UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re. P.C.F. Properties in TX, LLC | 4-24-cv-03875 |
| *Plaintiff* | |
| | **MISC. DOCKET NO. 2020-35780** |
| *vs* | |
| James M. Andersen, Elizabeth Thomas Jasmine B .Jarbis, Jireh Pitts, and Monique Moore Shelvy Spires | **Removed from: 80ᵗʰ District Court Harris County, Texas** |
| *Defendants* | |

**ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE(Docket No. ___)**

Came on for consideration James M. Andersen Motion to Withdraw the Reference ("Motion") and after consideration of the Motion, response, and arguments of counsel, if any, finds that cause exists to grant the motion. It is therefore, ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and Adversary No 4-24-cv-03875 shall be assigned to the United States District Court for the Southern District of Texas, Houston Division for further proceedings and trial.

Signed this _____ day of _____, 2024.

_____
United States District Judge

**UNITED STATES BANKRUPCTY COURT**
**SOUTHERN OF TEXAS**
**HOUSTON  DIVISION**

---

In re.  P.C.F.  Properties in TX, LLC
              *Plaintiff*

                                            24-ap-03216

*vs*
                                            **MISC.  DOCKET NO. 2020-35780**

James M.  Andersen, Elizabeth Thomas
Jasmine B .Jarbis, Jireh Pitts, and            **Removed from: 80ᵗʰ District Court**
Monique Moore Shelvy Spires                         **Harris County, Texas**
              *Defendants*

## MOTION FOR A CONTINUANCE

        Comes Now, Elizabeth Thomas (the "Plaintiffs") and files this Emergency

Motion to Continue, I have just been notified of Show Cause Hearing set for

November 5, 2024, and this notice was not served on any of the pro, se parties.  I

don't receive electronic service, this continuance s for good cause shows the court

as follows:

        On October 9, 2024, I was diagnosed by my doctor with a condition that

requires surgery. I am scheduled for said surgery on October 17, 2024 with a

pending release date of October 31, 2024, providing that there are no

complications. On October 30, 2024, while at my follow-up appointment I was

admitted back into the hospital due to complications until November 13, 2024.  As

such I am will not be able to appear at the hearing scheduled for November 5,

2024,  and seek that said hearing be continued for the reasons stated above. In

support thereof I have filed under seal a copy of the doctor's letter placing me on a

Medical until November 13, 2024.

Respectfully submitted,

By Permission /s/Elizabeth Thomas

Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.con

### CERTIFICATE OF CONFERENCE

On November 1, 2024, I served a copy of this Motion via e-mail upon
**John Burger** <john@barryandsewart.com

/s/Elizabeth Thomas

### CERTIFICATE OF SERVICE

The undersigned certifies that on November 1, 2024, a copy of the foregoing

document was served EFC- Service System or E-mail and U. S. Mail, postage

prepaid upon all counsel of record.

/s/Elizabeth Thomas

**UNITED STATES BANKRUPCTY COURT**
**SOUTHERN OF TEXAS**
**HOUSTON  DIVISION**

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC | |
| *Plaintiff* | 24-ap-03216 |
| | **MISC.  DOCKET NO. 2020-35780** |
| *vs* | |
| James M.  Andersen, Elizabeth Thomas Jasmine B .Jarbis, Jireh Pitts, and Monique Moore Shelvy Spires | **Removed from: 80th District Court Harris County, Texas** |
| *Defendants* | |

## ORDER GRANTING MOTION FOR CONTINUANCE

Before the Court is the Motion filed by Elizabeth Thomas (the "Movant") requesting continuance of the current hearing scheduled for November 5, 2024, on the Defendants Motion for Remand. The Court finds that good cause has been shown and the Motion should be granted.

ACCORDINGLY, IT IS ORDERED that the hearing on the Defendants Motion for Contempt as to the Movant is  continued to the _____date and time _____.

SIGNED On _____.

_____
Hon. Alfredo R. Perez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 04, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXES
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3216** |
| | § | |
| **JAMES MICHAEL ANDERSEN,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### AMENDED ORDER TO SHOW CAUSE

On October 21, 2024, the Court entered a Show Cause Order (ECF #6) scheduling a show cause hearing for November 5, 2024, at 9:00 am in Courtroom 400, 515 Rusk, Houston, TX 77002. Parties to the case are required to appear in person to show cause as to why this case should not be remanded to Texas State Court in view of the previous remand order issued in case 24-8005 ECF No. 26 on September 10, 2024 and to file any response any November1, 2024.

Rather than file a response to the Show Cause Order, Defendant Andersen filed a Motion to Withdraw the Reference and to Stay Proceedings (ECF #10) and Defendant Thomas filed a Motion for Continuance (ECF #11). The Court hereby amends the initial show cause order (ECF #6) and excuses Defendant Thomas from appearing at the show cause hearing.

SIGNED 11/04/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

1 / 1