1 | P a g e

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Elizabeth Thomas                                      Case No. 4:24-cv-04357

    *Appellant*

vs.

Non-Existent P.C. F. Properties in TX, LLC.

    *Appellee*

_____

**APPELLANT MOTION TO CERTIFY ORDER FOR DIRECT APPEAL
PURSUANT TO 28 U.S.C. § 158 IN THE ALTERNATIVE TRANSFER VENUE**

NOW COMES, Elizabeth Thomas (the "Appellant"), and files this Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158 ("Motion for Certification") in the Alternative transfer venue and for cause shows as follows:

### STATUTORY AND RULE AUTHORITY

This certification is made pursuant to 28 U.S.C. § 158(d)(2). This certification is governed by Fed. R. Bankr. P. 8006.

### BACKGROUND

On October 10, 2024, Mr. Andersen (the Defendant"), filed a Notice of Removal, with the U.S. District Court Clerk, and named parties in two separate cases. The former parties, prior to a July 11, 2024, amendment of the case namely: *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* under former cause No. 2020-35780 and/or the new parties presently before the court namely: *P.C.F. Properties in TX, LLC.[1], vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* under Misc. Docket

1 | P a g e

No. 2020-35780, as removed from the 80th District Court to the U.S. District Court for the Southern District of Texas: Houston Division under case No. 24-cv-02999. *See:* (ECF. No. 1).

On or about October12, 2024, the U.S. Deputy Clerk contacted Mr. Andersen and advised that the October 10, 2024, Notice of Removal filed in the U.S. Southern District Court of Texas (Houston) is <u>*incorrectly*</u> filed as one ***cannot*** filed a "case within a case" or named the parties in the case as and/or under case No. 24-cv-02999 . *See:* **Exhibit**-1- (ECF. No. 1).

On October 15, 2024, Mr. Andersen filed a Amended Notice of Removal and correctly renamed the parties presently before the state court prior to removal as: *P.C.F. Properties in TX, LLC[1]., vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* Misc Doc. 2020-35780, from the 80th District Court, Harris County, Texas and filed State Court claims under case No. <u>24-03216</u>. *See:* (ECF. No. 2 and ECF. No.3.).

The October 15, 2024, Amended Notice of Removal, included a "Motion for Contempt" in that Attorney John V. Burger and the Barry & Sewart PLLC., law firm according to the Harris County District Clerk Administrative Office was improperly seeking to use an September 10, 2024, remand order themselves as a global or universal remand order to reinstate cases involving African Americans whom they have already deem have no due process, civil rights or equal protection rights in the State of Texas and sought under the civil rights act that the case be transferred to the U.S. District Court for the Southern District of New York.

On October 18, 2024, Attorney John V. Burger and the Barry & Sewart PLLC., law firm filed a Remand Motion on behalf of the Plaintiff *P.C.F. Properties in TX, LLC,* and never filed an objected or opposed the October 15, 2024, Notice of Removal instead ***move*** the court to remand the amended case styled as *P.C.F. Properties in TX, LLC vs. James M. Andersen,*

---

[1]. *P.C.F. Properties in TX, LLC, alleges to be a Texas limited liability company.*

*Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* Misc Doc. 2020-35780, back to the 80th District Court and sought sanctions. *See:* (ECF. No. 5 ).

On October 21, 2024, Alfredo R. Perez U.S.B.J., issued a "Show Cause Order" ordering James M. Andersen and Elizabeth Thomas to appear before the Court on November 5, 2024, in response to Plaintiff *P.C.F. Properties in TX, LL, remand motion included a request for sanctions.* (ECF. No. 6 ).

On November 1, 2024, a Ex Parte Motion to Withdraw the Reference, (the "Motion"), the filing fee paid for docketing challenging that the bankruptcy court lacked subject matter jurisdiction after the amended October 15, 2024, Notice of Removal, as there is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that P.C.F. Properties in Texas LLC claims could have any such effect on debtor Haye's estate as his bankruptcy has already been dismissed and he has been removed from the case on October 15, 2023, amended Notice of Removal . *See:* (ECF. No. 10 ).

Despite the paying a filing for the Motion to Withdraw the Reference, the clerk has not docketed this case as of this filing of the Motion as shown on court's docket sheet.

On November 1, 2024, the Appellant., filed a Motion for Continuance of the November 5, 2024, hearing on the grounds that on October 17, 22024, she had emergency surgery and still under medical care in the hospital due to complications from the sugery. (ECF. No. 11 and EFC. No. 12 ).

On November 3, 2024, Alfredo R. Perez U.S.B.J., amended his "Show Cause Order" ordering and removed the Appellant from the order so as to move forward with November 5,

2024, hearing and simply deny Appellant the right to be heard. (ECF. No. 13 ).

On November 4, 2024, Appellant filed a timely "Notice of Appeal" from the U.S. Bankruptcy Court October 21, 2024, and November 3, 2024 Orders to Show Cause as the orders have significant implications on my rights or the proceedings, and I believe the court made a mistake in issuing it. *See:* (ECF. No. 14 ).[2]

## JURISDICTION

Appellant argues that this Court has jurisdiction. Under Rule 8006(f), a court may certify a direct appeal to the court of appeals upon request by a party. To properly certify a direct appeal, a court must serve its certification on the parties to the appeal in the manner required by Rule 8003(c)(1). Fed. R. Bank. P. 8006(f)(5). A party may file a response or cross-request within 14 days after the request is served or within 60 days after the entry of the order being appealed, whichever comes first. Fed. R. Bankr. P. 8006(f)(3). Oral argument on the request to certify is not necessary, but up to the discretion of the court. Fed. R. Bankr. P. 8006(f)(4).

For a court to have jurisdiction to certify a direct appeal, the matter must be "pending" in that court. Fed. R. Bankr. P. 8006(d). For the purposes of Rule 8006, "a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of. appeal from the judgment, order, or decree for which direct review is sought." Fed. R. Bankr. P. 8006(B). "A matter is pending in the district court . . . thereafter." Id.

_____

2. A notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal**.** *In re Bialac*, 694 F.2d 625 (9th Cir. 1982); *In re Health Care Prods.*, 169 B.R. 753, 755 (M.D. Fla. 1994) ("Filing a Notice of Appeal from an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill. 1995) (bankruptcy court lacks authority to provide guidance or modify order pending appeal); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction "to anything that impacts on any issue or matter under appeal").

Here, the thirtieth day is December 3, 3034. Thomas has filed this Motion for Certification on December 18, 2024. Thus, the Motion for Certification was filed when the case is pending in this Court. Appellant moves the Court to finds that because the Motion for Certification was filed while the matter was still pending in this Court, as such this court has discretion regarding when to rule on the Motion for Certification. Under § 158(d). Here, there is only one appellant and no appellee with a legal existence per the Texas Secretary of State June 6, 2024, "certificate of fact" that P.C.F. Properties in TX, LLC, is a fictitious entity that has no legal existence. The appellant, Thomas,, is the party requesting certification.

### INFORMATION REQUIRED BY FED. R. BANKR. P. 8006(F)(2)(A)–(D).

Rule 8006(f), which allows a court to certify a direct appeal upon request, requires the Motion for Certification to include the information required by Rule 8006(f)(2)(A)–(D). This information includes the facts necessary to understand the question presented on appeal, the question presented on appeal, the relief sought, and the reasons for the direct appeal as discussed in 28 U.S.C. § 158(d)(2)(A)(i)–(iii).

**A. The Facts Necessary to Understand the Question Presented (Rule 8006(f)(2)(A).**

In this Motion for Certification, Thomas correctly states the necessary facts in that:

On or about October 15, 2024, this case was improperly referred and commence as a adversary proceeding in the bankruptcy court despite lack of subject matter jurisdiction due to the lack of debtor. Non-Existent P.C.F. Properties in Texas LLC's, non-bankruptcy state law claims are not be related to any pending bankruptcy case and do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. 28 U.S.C. § 157(d) establishes the power of the District Court to withdraw the reference. Here according to the Texas Secretary of State the Plaintiff/Appellee P.C.F. Properties in TX, LLC., a purported Texas limited Liability Company,

instead lacks a legal existence due to never being duly formed and according to the Harris County District Clerk Administrative Office and the Administrative Judge of Civil Trial Court Division their does not exist a cause under MISC Docket No, 2020-35780, styled as *P.C.F. Properties in TX, LLC vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* in the 80th District Court or any other District Court in Harris County, for which Mr. Andersen could have even removed. This statutory language makes clear that the power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b). A bankruptcy subject matter jurisdiction exists over ***debtors*** or ***claims against debtors***. Thus, a district court may not properly refer to the bankruptcy court any civil proceedings over which they lack subject matter jurisdiction were as here their exist to debtors or existing claims against ant debtor.

      Moreover, no court has personal or subject matter jurisdiction over entities that lack a legal existence due to ***never*** being duly formed and whether any order or judgment entered in favor of said entity had no legal existence, is a nullity and is void *ab initio.* A judgment or order cannot be rendered against or for an entity that does not exists because it is not a proper party and *must be void.");  See:* Kingman Holdings, L.L.C. v. Chase Home Fin., L.L.C., 2015 WL 13802564, at *2 (W.D. Tex.Apr. 20, 2015. Courts in Texas, apply the rule that "[c]ivil suits may be maintained only by or against parties having an actual or legal existence.*"See:* Bailey v. Vanscot Concrete Co., *894 S.W.2d 757, 759 (Tex. 1995);(* without a legal existence;, no judgment can be rendered for or against it . *See:* Smith v. CDI Rental Equipment, Ltd., 310 S.W.3d 559, 565 (Tex. App.— Tyler 2010).

    Lastly the Appellant an African American argues that her due process and procedural due process rights were intentionally violated on November 5, 2024, due to her race.

B. **The Questions Presented on Appeal (Rule 8006(f)(2)(B)).**

Thomas contends that the only questions presented on appeal are:

1. Whether bankruptcy court had subject matter jurisdiction despite the lack of a debtor non-bankruptcy state law claims do not related to any pending bankruptcy case do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. 28 U.S.C. § 157(d);

2. Whether bankruptcy court had subject matter jurisdiction despite the lack of existing case or controversy for which Mr. Andersen could have remove from state court?

3. Whether the bankruptcy court denied the Appellant due process and procedural due rights to be heard at a November 5, 2024, hearing after granting her a continuance and failing to reset hearing date ?

4. Whether bankruptcy court had personal or subject matter jurisdiction to hear and grant relief to a entity i.e., P.C.F. Properties in TX, that has no legal existence;

5. Whether the federal remand orders can be used as a global order to reinstate prior cases against non-parties based on race specifically African American?

6. Whether orders entered after the filing of a notice of appeal are void for lack of jurisdiction?

C. **The Relief Sought (Rule 8006(f)(2)(C)).**

On appeal, Thomas seeks a determination that (i) the case was improperly referred to the bankruptcy court which lacked subject matter jurisdiction due the lack of debtor (ii) the bankruptcy court lacked personal and subject matter jurisdiction over P.C.F. Properties in TX, LLC, a fictitious entity that lacks a legal existence as such standing;, (iii) the bankruptcy lacked subject matter jurisdiction due to the lack of a existing case or controversy for which Mr. Andersen could have remove from state court; (iv) the bankruptcy court denied the Appellant

due process and procedural due rights to be heard at a November 5, 2024, hearing after granting her a continuance of the hearing by failing to reset hearing date and (v) Federal remand orders cannot be used as a global order against non-parties based on race specifically African American.

### D. Reasons Why Direct Appeal Should Be Allowed, Including Circumstances Specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii).

This Court may authorize a direct appeal to the Fifth Circuit if it certifies that:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.SC. § 158(d)(2)(A)(i)–(iii). "If any of the four conditions precedent are met, the court shall make the certification per § 158(d)(2)(B)(ii)." *In re Adkins*, 517 B.R. 698, 699 (Bankr. N.D. Tex. 2014). Pursuant to § 158(d)(2)(A)(i), the first issue is whether the bankruptcy court October 21, 2024, and November 3, 2024, Orders to Show Cause involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or whether the order involves a matter of public importance. Appellant concedes that the bankruptcy court Orders to Show Cause do not involve a question of law for which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States.  Instead Thomas argues that the issues presented for appeal is a matter of public importance. There are no other courts in the world, whether federal or state that has personal or subject manner jurisdiction over entities that have never existed lawsuits except the in State of Texas its specifically allowed if against African Americans. For decades African

American in the State of Texas have consistently complained of a two-tier unequal judicial system that has fallen on death ears and are presently referred as the Emmitt Till hearings.

This case and others involving John V. Burger and Barry & Sewart PLLC law firm is trending on social media around the world reporters at FOX 26 News has personal sat in on court hearings commonly referred to as the Emmitt Till hearings. On August 24, 1955, Emmitt Till, while visiting family in Mississippi was accused of whistling at a white women four days later the women husband with other "*white*" and "*black*" men kidnapped Till from his uncle Moses Wright's home drove to a barn in Drew, Mississippi and they lynched and beat Emmett Till brutally, dragged his body to the bank of the Tallahatchie River, shot him in the head, tied him with barbed wire to a large metal cotton gin fan and shoved his mutilated body into the water.

The Till story is not just about him being lynched, it also demonstrated how the judiciary system during trial allow the white accusers of Till murder to make a mockery out of the trial when his mother sought justice for his murder. The white accusers constantly made jokes, made false statements and created the illusion that they were the victim instead of Till and would instilled fear in other African Americans if they appeared in court and testified against whites with threats of being lynched.

Making a mockery out of the judiciary system in the Till case is the exact same mockery that John V. Burger and Barry & Sewart PLLC law firm, (the "Align Parties") are allowed to commence in legal actions against African Americans. The Align Parties file lawsuits in the name of fictitious non-existing entities i.e. P.C.F. Properties in TX, LLC, and when hearings are set on behalf of said non-existence entities in the fictional case, the align parties will post or cause to be posted on the African Americans posters of Emmitt Till in his open casket and poster of blacks being lynched on car windows, business cards with a monkey with a noose around its

neck on their front doors, black baby dolls with noose around their hanging from the fence around their yards. The notoriety of the case convinces Thomas that the issue presented for is one of public importance.

The next issue under § 158(d)(2)(A)(ii) is whether this case involves resolution of conflicting decisions. Thomas asserts that bankruptcy court lacked the authority or jurisdiction to decide the case or to compel a defendant to appear based on the requested relief of Plaintiff P.C.F. Properties in TX, LLC, whom lacked standing before the court due to the lack of legal existence conflicts with other courts' decisions both within the circuit and outside the circuit.

To start, the Federal Rules of Civil Procedure differentiates between corporate existence and capacity. For instance, Rule 17(b)(3)(A) permits courts to imbue unincorporated associations and partnerships with the capacity to sue. But this power does not extend to entities that lack legal existence. *See*: <u>Brown v. Fifth Jud. Dist. Drug Task Force</u>, 255 F.3d 475, 477 (8th Cir. 2001) (explaining that "the questions of legal or juridical existence and capacity to sue and be sued are distinct, and that a group of persons working together for a common purpose must first be found to have legal existence before the question of capacity to sue or be sued can arise"); see also <u>Roby v. Corp. of Lloyd's</u>, 796 F. Supp. 103, 110 (S.D.N.Y. 1992) (holding that "[c]apacity to be sued and legal existence are separate and distinct concepts"), aff'd on other grounds, 996 F.2d 1353 (2d Cir. 1993). Compare <u>China Cast Educ. Corp. v. Chen Zhou Guo</u>, No. 15-cv-5475 (AB), 2016 WL 10653269, at *1– 2 (C.D. Cal. Jan. 8, 2016) (explaining that, "[u]nlike a case where a corporation exists in some form but perhaps lacks a technical capacity to sue in a particular forum, Plaintiff's own allegations indicate that Plaintiff may not legally exist under Delaware law"). Because one elemental precondition for meeting the case-or-controversy requirement is a claimant with standing, <u>Lujan</u>, 504 U.S. at 560–61, it must be that the non-

existence of the supposed claimant is a problem of constitutional magnitude, see: *In re 2016 Primary Election, 836 F.3d 584, 587* (6th Cir. 2016) (holding that "[t]here is no plaintiff with standing if there is no plaintiff"); see also *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A*., 957 F.3d 943, 953 (9th Cir. 2020) (same); *House v. Mitra QSR KNE LLC, 796 F. App'x 783, 787* (4th Cir. 2019) (same).

Here, in these ("Emmitt Till Hearings"), before this court the record indicates that according to a "certificate of fact" issued by Texas Secretary of State on Jun 6, 2024, that P.C.F. Properties in TX, LLC., is **_not_** a Texas limited liability company, but instead is a fictional entity that has **_no_** legal existence due to never being duly formed. *See*: **Exhibit**. 2. Without legal existence, P.C.F. Properties in TX, LLC., lacked standing to file any, sort of Motion to Remand or to raise or seek relief or appear be heard before the bankruptcy court. **_See_**: 11 U.S. Code § 1109(b). Standing in bankruptcy cases is governed by section 1109(b) of the Bankruptcy Code since courts have since found that section 1109(b) and Article III are effectively coextensive. Section 1109(b) provides that "a party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter. 11 U.S.C. §1109(b); A "party in interest" is determine by whether a party has a legally protected interest that could be affected by a bankruptcy proceeding by showing an Article III injury-in-fact requirement and section 1109(b). After all, "[t]he most elemental requirement of adversary litigation is that there be two or more parties," meaning that "[a]bsent a plaintiff with legal existence, there can be **_no_** Article III case or controversy." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) (quoting Wright & Miller § 3530); *See*: also *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A*., 957 F.3d 943, 953 (9th Cir. 2020) (concluding that it is "obvious" that "the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"); *Hernandez v. Smith*, 793 F. App'x 261, 265

(5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased"); *In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("[O]ne elemental precondition for meeting the case-or-controversy requirement is a claimant with standing. There is no plaintiff with standing if there is no plaintiff." (internal citation omitted)); cf. *Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997) (explaining that it was a jurisdictional error for the appeal to be brought only in the name of a dead party as a "deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation").

The final issue under § 158(d)(2)(iii) is whether an immediate appeal would materially advance the progress of the case. In its Motion for Certification, Thomas argues that a direct appeal would ***not*** materially advance the progress of a bankruptcy case because no such bankruptcy case exist as there exist no debtor and presently their exist no Appellee as P.C.F. Properties in TX, LLC, is a fictitious entity that lacks a legal existence as such it would be no different then litigating with the dead. The proceeding will advance and produce supportive evidence before the U.S. Congress Judiciary Committee Civil Rights Division as why certain judicial impeachment hearings should be held due to over bearing violations of African Americans Civil Rights in the State of Texas. This request was innate by the late Honorable Congresswomen Sheila L. Jackson and will assist with the criminal aspect of the case.

## MOTION TO TRANSFER

Appellant seeks to file a separate motion moving the court to transfer this appeal to U.S. Southern District of New York in the interest of justice and under the civil rights removal statue. The bankruptcy court is contesting the district court jurisdiction over this appeal by alleging that the on November 5, 2024; the fictional case was remanded to the 80th District Court Harris County Texas to a non-existing MISC Docket No. 2020-35780. However on November 4, 2024,

Appellant filed a "Notice of Appeal."  A notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal**.** *In re Bialac*, 694 F.2d 625 (9th Cir. 1982).  U.S. Southern District Court (federal) and the 80th District Court (state) cannot both have jurisdiction over this case.

## CONCLUSION

**WHEREFORE**,  the Appellant Elizabeth Thomas the sole existing party to this appeal moves the court to grant this Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158  or in the Alternative to Transfer Venue and for such relief deem just.

Respectfully submitted

/s/ Elizabeth Thomas
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

### Certificate of Service

I certify that according to the Texas Secretary of State P.C.F. Properties in TX, LLC., is a fictitious entity that lacks a legal existence thereby making it legally impossible to serve  upon information and belief John V. Burger and the Barry & Sewart PLLC., law firm  are counsel of record and can be served via by EFC-filing system and U.S. Postal Service regular mail on December 18, 2024.

/s/ Elizabeth Thomas