UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELIZABETH THOMAS** § | |
| § | |
| V. § | Case No. 4:24-cv-04357 |
| § | |
| **PCF PROPERTIES IN TEXAS, LLC,** § | |
| Et al. § | |
| *Defendants.* § | |

**DEFENDANT, P.C.F. PROPERTIES IN TX, LLC'S OBJECTION TO
NOTICE OF APPEAL AND MOTION TO CERTIFY ORDER FOR DIRECT APPEAL
PURSUANT TO 28 U.S.C. § 158, OR IN THE ALTENATIVE
MOTION TO TRANSFER (Docket No. 6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Though this "removal" appeal was filed by Elizabeth Thomas on November 7, 2024, Defendant, P.C.F. PROPERTIES IN TX, LLC ("PCF"), did not receive notice of the appeal until December 30, 2024. PCF files its Objection to Notice of Appeal and Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158, or in the alternative, Motion to Transfer (Docket No. 6)(the "Motion"). There is no basis for the appeal of the remand order and this Court should dismiss the appeal.

**INTRODUCTION**

1. This appeal is part of fifteen year legal battle waged by Elizabeth Thomas. The appeal arises out of yet another series of Removals filed to avoid hearings set in Case No. 2020-35780 to consider and rule on PCF's (1) Motion for ELIZABETH THOMAS and JAMES ANDERSEN to Show Cause Why They Should Not be Held In Contempt for Violations of the Vexatious Litigant Order and Recusal Sanction Order and (2) Motion for Judicial Review of Documentation or Instrument Purporting to Create Liens or Claims (the "Motions"). The Motions were set for oral hearing on August 13, 2024 at 1:30 P.M. Judgment Debtor, James Andersen, filed his purported removal on

the evening of August 12, 2024. Mr. Andersen filed amended notices on October 10, 2024These removals relate to the property located at 8202 Terra Valley Lane, Tomball, TX 77375 (the "Property").

2.  In the notice, Andersen also attempted to remove Case No. 01-23-00331-CV, and styled *Elizabeth Thomas, et al, v. PCF Properties in Texas, LLC, et al*, which is an appeal of a summary judgment entered in PCF's favor quieting title to the Property. Additionally, Mr. Andersen, filing on behalf of Elizabeth Thomas, attempted to their Petition for Review, presently pending in the Texas Supreme Court under Case No. 24-0694, and styled, *Elizabeth Thomas, et al v. PCF Properties in Texas, LLC*, in which Elizabeth Thomas seeks to enforce a void settlement agreement relating to title to the Property.

3.  Ms. Thomas, Allan Haye, James Allen, Robert Thomas, and James Andersen have removed these and other cases[1] multiple times and have been ordered by multiple courts to stop. On April 15, 2019, Judge Hittner ordered that:

> Elizabeth Thomas [and others] (collectively, "Defendants") … are hereby **ENJOINED, collectively and individually,** from henceforth filing any notice of removal from the 127th Judicial District Court in Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288 (collectively, "State Cases") in the Southern District of Texas without advance written permission from the Chief Judge of the Southern District of Texas. Any New notices of removal from the State Cases which Defendants seek to file in this Court will not be docketed until the Chief Judge of United States District Court for the Southern District of Texas grans Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. (Emphasis in original.)

*See* Exhibit A. No Motion for Leave to File Notice of Removal was filed for this current notice that purports to remove Cause No. 2017-76078.

4.  On February 16, 2023, Judge Bennett ordered that he "expands Judge Hittner's previous directive that the Aligned Litigants [(including Elizabeth Thomas)] receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include

---

[1] These cases include Cause No. 2016-87941, Cause No. 2016-87941, Cause No. 2017-76078, Cause No. 2017-82388,d Cause No. 2017-04089, and Case No. 2018-91506. All have been remanded to state court.

any and all removals from any Harris County District Court." *See* Exhibit B. Again, here, no removing party obtained prior written approval for this purported current removal.

5.     On March 30, 2023, this Court *sua sponte* remanded Ms. Thomas's 2017-76078 case to the 333rd Judicial District Court. *See* Exhibit C. In his order, Judge Hanks:

> "broaden[ed] the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt for court both the removing party and its counsel. (Emphasis in original.)

*See* Exhibit C.  No such written approval was obtained.

5.     On February 8, 2024, Ms. Thomas and Attorney James Andersen escaped sanctions because Judge Bennett referred only to his prior February 16, 2023 order and said that Mr. Andersen was not listed in that order. *See* Exhibit D. However, Mr. Andersen was listed as counsel and a party in another Elizabeth Thomas-related Delaware bankruptcy, involved another attempt to remove the State Court case to federal court, which was an involuntary bankruptcy petition filed against a defunct Delaware company bearing a similar name to PCF's parent company[2].  Judge Bennett was apparently not aware of Judge Hanks's March 30, 2023 order that applied to the removing party and her counsel.

6.     For this current purported removal, Mr. Andersen, on behalf of Allan A. Haye (but really acting on behalf of Elizabeth Thomas), is again attempting to avoid the prior orders precluding removal. Here, though, Mr. Andersen is a party – Mr. Andersen is a judgment debtor in State Court Case; he is also the subject of the State Court's Recusal Sanctions Order and Vexatious Litigant Order with respect to the Property.  *See* Exhibits E (the Summary Judgment), F (the Recusal

---

[2] Mr. Andersen filed the attempted removal in Case No. 23-10378, in the United States Bankruptcy Court for the District of Delaware, on March 30, 2023, in a failed attempt to delay/avoid a ruling on PCF's summary judgment.  The Delaware Bankruptcy case was dismissed on May 2, 2023.  Elizabeth Thomas, though has appealed but the United States Court of Appeals for the Third Circuit under Case No. 24-1979 dismissed the appeal.

Sanctions Order), and G (the Vexatious Litigant Order) . Mr. Andersen did not seek prior written permission to remove the State Court case. Further, they attempt to remove Cause No. 2017-76078, and their actions are precluded by Judge Hittner's April 15, 2019 Order, Judge Bennett's February 16, 2023 order, and Judge Hanks's March 30, 2023 Order. Mr. Haye, Mr. Andersen, and Elizabeth Thomas failed to file timely briefs in the Appeal Case. On April 25, 2024, the Court of Appeals of Texas for the First District of Texas issued an order dismissing them as parties. Therefore, the judgments against them are final and non-appealable. See, Exhibit H.

7. In a recent ruling in another removal, the Hon. Bankruptcy Judge Marvin Isgur found Elizabeth Thomas and Mr. Andersen willfully and intentionally violated the removal orders and ordered them to compensate the affected parties' lawyers. *See*, Exhibit I. Judge Isgur ordered them not to file any more removals in open court.

8. On October 10, 2024, Mr. Andersen again attempted to remove the State Court Cases to his Chapter 13 Bankruptcy. However, Mr. Andersen's bankruptcy case was dismissed on September 27, 2024, which meant that a time he attempted to remove the State Court Cases, there was no pending case to which the attempted removals would apply. Out of an abundance of caution, PCF sought and obtained an order remanding the State Court Cases back to their respective state courts. The Hon. Alfred Perez entered a Consent Order Striking the Notice of Removal on November 5, 2024. See, Exhibit J. Elizabeth Thomas, though not a party to the Consent Order and in an effort to avoid scrutiny by this Court, appealed the orders and seeks either to appeal directly to the United States Court of Appeals for the Fifth Circuit or transfer the case to another federal district court, which is the subject of the Motion.

**A Direct Appeal to the Fifth Circuit is Not Available – PCF Does Not Consent to Such Relief.**

9. In general, District Courts have jurisdiction over appeals of final judgments, orders, and

decrees entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). However, Federal Rule of Bankruptcy Procedure 8006 allows for a certification of a bankruptcy court's judgment, order, or decree to the court of appeals for direct review under 28 U.S.C. § 158. Federal Rule of Bankruptcy Procedure 8006(f) requires that request must be made by a party – or a request by a majority of the appellants and of the appellees – where the matter is pending. Fed. R. Bankr. P. 8006(f)(1). The request must be served on all parties to the appeal in the manner required for serving a notice of appeal under Federal Bankruptcy Rule of Procedure 8003(c)(1). Title 28 provides jurisdiction in the Court of Appeals if all appellants and appellee (if any) acting jointly, certify that –

> **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i) – (iii).

10. **PCF does not consent to a direct appeal to the Fifth Circuit Court of Appeals**.

    a. **The Bankruptcy Court Lacked Jurisdiction Over the Removed Actions.**

        i. **Andersen's Bankruptcy Case was Dismissed at the Time of the Removal.**

11. The Bankruptcy Court lacked jurisdiction over the claims made the basis of the attempted removals. Section 1452 allows a party to "remove any claim or cause of action . . . the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334(b) of 28 U.S.C. gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under [T]itle

11, or arising in or *related to a case under [T]itle 11*. 28 U.S.C. § 1334(b)(emphasis added). A matter is related to a Title 11 case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). The removed State Couret Cases are not related to Mr. Andersen's bankruptcy case because it had been dismissed at the time he attempted to remove them. Additionally, the Property is not property of Mr. Andersen's estate and the judgments against him were final, non-appealable judgments. Therefore, removal of the State Court Cases would not have affected the outcome of his bankruptcy case.

### ii. Elizabeth Thomas Does Not Have Standing to Appeal Consent Order

12.     Additionally, Elizabeth Thomas does not have standing to appeal the Consent Order entered in Mr. Andersen's bankruptcy case. She was a joint debtor in Mr. Andersen's bankruptcy proceeding. She is not a party to the Consent Order, and is not a party in interest. Therefore, she is not a proper appellant to the Consent Order.

### iii.     A Remand Order is Not Appealable.

13.     Title 28 U.S.C. § 1447(d) provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).   Section 1442 addresses cases involving federal officers or agencies, which do not apply. 28 U.S.C. § 1442. Section 1443 permits appeals in civil rights cases. 28 U.S.C. § 1443. Those sections do not apply to this proceeding.

14.     However, Bankruptcy Court jurisdiction is not automatic and removal actions are very strictly construed in the Bankruptcy Court. Bankruptcy Courts only have jurisdiction over *core* proceedings that directly relate to a bankruptcy case. See, 28 U.S.C. § 157(a). Core proceedings

are matters arising under Title 11, or arising in a case under Title 11.  28 U.S.C. § 157(b).  Cases removed to the Bankruptcy Court are adversary proceedings subject to Rule 7001, et seq, of the Federal Rules of Bankruptcy Procedure.  See. Fed. R. Bankr. P. 9027(a)(1).

15. Mr. Andersen's bankruptcy case was dismissed at the time he attempted to remove the cases to Bankruptcy Court on behalf of Ms. Thomas.  At that time, the State Court Cases did not arise out of matter related to a case pending under Title 11, United States Code.

16. Ms. Thomas, who filed the notice of appeal, asserts that she, along with others similarly situated, have been denied due process and access to the courts.  That could not be farther from the truth.  Ms. Thomas has engaged in a 15-year legal campaign attempting to get a free house and courts have bent over backward to indulge her claims.  Furthermore, Ms. Thomas cannot use Mr. Andersen's bankruptcy case to assert her alleged civil rights claims because those alleged claims do arise under or in connection with *Mr. Andersen's* bankruptcy estate, conferring bankruptcy court jurisdiction over those claims.   Therefore, the request should be denied.

**RESPONSE TO MOTION TO TRANSFER**

17. In this current purported removal, Mr. Andersen seeks to transfer the State District Court and Appeal Cases case to Mr. Haye's Southern District of New York bankruptcy case file on August 8, 2024 under Case No. 24-11375-mew-7, and pending in the United States Bankruptcy Court for the Southern District of New York.  Incidentally, Mr. Haye filed bankruptcy *pro se*, listing his addresses as 536 East 6th Street, New York, NY 10009,  and 500 8th Avenue FRNT 3, 1839, New York, NY 10018.  However, when Mr. Andersen filed the Notices of Removal and Suggestions of Bankruptcy, on August 1, 2024, Mr. Andersen listed Mr. Haye's address as 4548 NW 6th Ct., Ocala, FL 33475.

18. Judge Bennett previously rejected Ms. Thomas's prior attempts to transfer the cases to her bankruptcy case in New York related to the property that she purchased in 2007 at 8202 Terra Valley Lane, Tomball, Texas. He wrote:

> On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S. Bankruptcy Court for the Southern District of New York, While Plains Division, where she has a pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).
>
> …
>
> E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17. However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even Further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the … Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to' jurisdiction when the asset in question nis not property of the estate and the dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction under Section 1334(b) as required for a removal pursuant to Section 1452.

*See* Exhibit B. Judge Bennett clearly rejected the claims that Ms. Thomas makes to support transfer to her closed bankruptcy case.

19.     Additionally, this Court similarly rejected Ms. Thomas's argument, writing about the long, twisted history of this and similar litigation:

> "This case is one strand in a complex web of protracted civil lawsuits and bankruptcy proceedings that … Thomas … and several associated parties … have crafted to effectuate, in the words of the United States Bankruptcy Court for the Southern District of New York, "a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan … to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas … from being foreclosed." Judges of this Court share the New York bankruptcy court's astute view of these cases. In a related bankruptcy appeal, Judge Hughes referred to [Thomas and several associated parties] actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have been filed—to avoid foreclosure" through "frivolous litigation" and the recording of "questionable or invalid documents in real property records … including a purported satisfaction and release of the lien." (Internal citations omitted.)
>
> "One of the … favored tactics is the filing of dilatory notices of removal….

> "…. The judges presiding over the bankruptcy [(18-23676)] have explicitly 'determined that the filing of [Elizabeth Thomas's] bankruptcy petition was part of a scheme to delay, hinger, and defraud creditors" through "a long-running systemic plan … to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas … from being foreclosed.'" (Internal citations omitted.)
>
> …. This removal was plainly an obstruction tactic.

*See* Exhibit C. As stated above, this Court remanded the case and clearly wrote how unimpressed he was with Mr. Thomas's argument that these cases were related to her New York bankruptcy. *Id.*

20. Nevertheless, Mr. Andersen's attempted removal is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal bankruptcy case [as Mr. Andersen attempted to do in the New York Bankruptcy Court]. Instead, the litigant must comply with the procedures of removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022); *see, also, Gillian v. Austin*, No. C-02-1389, 2022 WL 1034115, at *4 (N.D. Cal. May 13, 2002)("[T]he notice of removal is a means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] A case cannot be removed from state court to become a part of an already existing federal case.") Mr. Andersen did not comply with required procedures; therefore, the attempted removal was never part of any pending bankruptcy case.

21. For reasons cited by Judge Hughes, Judge Hittner, Judge Bennett, Judge Hanks, as attributed to Judge Morriss while she presided over Ms. Thomas's New York bankruptcy, and Judge Isgur's recent rulings, the Motion to Transfer should be denied.

## CONCLUSION

22. Ms. Thomas and Mr. Andersen have been sanctioned monetarily multiple times, and there is no evidence that any sanctions have been paid. They have been ordered numerous times to not remove these cases without prior court approval, yet they continue to do so without regard to or

respect for the Courts' prior orders. PCF prays that the Court deny the Motion to Transfer and remand these cases back to their respective courts of origin.

    Respectfully submitted,

    BARRY & SEWART, PLLC

    _/s/ John V. Burger_
    Anna C. Sewart, SBN: 24029832
    David W. Barry, SBN: 01835200
    Austin R. DuBois, SBN: 24065170
    John V. Burger, SBN: 03378650
    Christopher T. Boyd, SBN: 24108500

    4151 Southwest Freeway, Suite 680
    Houston, Texas 77027
    Telephone: (713) 722-0281
    Telecopier: (713) 722-9786
    evictions@barryandsewart.com
    john@barryandsewart.com

    ATTORNEYS FOR P.C.F. Properties in TX, LLC

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument was served upon the following persons at the address below on this the 6st day of January 2025 by prepaid U.S. regular and certified mail, return receipt requested, and by email at the addresses listed below:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email:  *jandersen.law@gmail.com*

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

And via email at:   elizthomas234@gmail.com; and tethomas3@aol.com


      /s/ *John V. Burger*
      John V. Burger