IN THE UNITED STATES DISTRICT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Elizabeth Thomas                                               Case No. 4:24-cv-04357

    *Appellant*

vs.

P.C. F. Properties in TX, LLC

    *Appellee*

_____

## MOTION TO STRIKE

**COMES NOW,** Elizabeth Thomas (the "Appellant"), and files this Motion to Strike Non-Party P.C.F. PROPERTIES IN TX, LLC, pleadings (the "Alleged Response"), as they are not named or designated as a party to this appeal pursuant to Rule 7(a) of the Federal Rules of Civil Procedure as such lacks standing to file any pleadings before this court as this court lacks jurisdiction and for cause shows:

### PARTIES TO THIS APPEAL

On November 4, 2024, Appellant filed a Notice of Appeal in the U.S. Bankruptcy Southern District Texas in adversary proceeding case No. 24-03216 styled as *P.C.F. Properties in TX, LLC vs. James M. Andersen et al.*[EFC. No. 14]. Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, the Appellant named and designated *P.C.F. Properties in TX, LLC* as the Appellee whom is named as the sole plaintiff in adversary proceeding and the state court Lawsuit.

1 | P a g e

Non-Party P.C.F. PROPERTIES IN TX, LLC, (in all Caps) according to the Texas Secretary of State is a Texas Limited liability company and the similar name but unrelated entity that is separate and distinct from *P.C.F. Properties in TX, LLC* whom is not a Texas Limited liability company, instead lacks a legal existence. See Exhibit- 1 and 2.

Appellant seeks the record to reflect that P.C.F. PROPERTIES IN TX, LLC, is not named or designated as a party to this appeal per Rule 7(a) designation of parties to appeal" refers to the requirement in the Federal Rules of Civil Procedure to clearly identify all parties involved in an appeal within the caption of a notice of appeal, the format outlined in Rule 7(a) which governs the structure of pleadings and captions; this ensures clarity and proper identification of the appellant and Appellee in a case. In these ongoing Emmitt Till like proceedings. Its clear that P.C.F. PROPERTIES IN TX, LLC, is not named as a party in the Notice of Appeal; as such its pleadings should be stricken from the record.

### NON-PARTY P.C.F. PROPERTIES IN TX, LLC

Appellant seeks the record to reflect that to the extent that Non-Party P.C.F. PROPERTIES IN TX, LLC, seeks the Court its pleadings to be accepted as a notice of intervention it's untimely and must be stricken from the record. Fed. R. Bankr. P. 8013(g), requires that a Motion to Intervene or other notice of intervention *must* be filed within 30 days after the appeal is docketed. Rule

8013(g) of the Federal Rules of Bankruptcy Procedure governs motions to intervene in an appeal to District Court or Bankruptcy Appellate Panel and provides:

> Unless a statute provides otherwise, an entity seeking to intervene in an appeal pending in the District Court must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed in the District Court. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the Bankruptcy Court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate.

On November 4, 2024, Appellant filed a Notice of Appeal, U.S. Bankruptcy Court Southern District Texas in adversary proceeding case No. 24-03216 styled as *P.C.F. Properties in TX, LLC vs. James M. Andersen et al.*[EFC. No. 14]. On November 7, 2024, the Appeal was docketed in the U.S. District Court Southern District Texas, under case No. 24-04354. [Doc. No. 1]. If Non-Party P.C.F. PROPERTIES IN TX, LLC, wanted to intervene it must comply with Fed. R. Bankr. P. 8013(g), which provides that "[u]nless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court . . . must move for leave to intervene ***within 30 days*** after the appeal is docketed in the District Court." In these ongoing Emmitt Till like proceedings its clear as a matter of law the time for Non-Party P.C.F. PROPERTIES IN TX, LLC, to intervene has passed, therefore its pleadings before the court must be stricken.

## APPELLANT MOTION STANDS UNOPPOSED

A response to a "Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158" <u>*must be filed within 14 days*</u> after service of the motion, as per the Federal Rules of Bankruptcy Procedure (FRBP) Rule 8006, which governs this process; this timeframe allows for a timely opposition to the request for certification to the Court of Appeals.

On December 18, 2024, the Appellant filed a "Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158." [Doc. 6]. Attached to the Appellant Motion is a certificate of service which certifies that that according to the Texas Secretary of State P.C.F. Properties in TX, LLC., is a fictitious entity that lacks a legal existence thereby making it legally impossible to serve upon information and belief John V. Burger and the Barry & Sewart PLLC., law firm are counsel of record and can be served via by EFC-filing system and U.S. Postal Service regular mail on December 18, 2024.

In these ongoing Emmitt Till like proceedings its clear as a matter of law that according to the Texas Secretary of State the Appellee P.C.F. Properties in TX, LLC., is a fictitious entity that lacks a legal existence thereby making it legally impossible like the dead to file a response just as dead are unable to rise up and participate in litigation.

Lastly Appellant Thomas November 4, 2024, notice of appeal deprived the bankruptcy court of jurisdiction to enter orders after said date that would affect or modify any issue or matter on appeal. *In re Bialac*, 694 F.2d 625 (9th Cir. 1982); *In re Health Care Prods.*, 169 B.R. 753, 755 (M.D. Fla. 1994) ("Filing a Notice of Appeal from an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill. 1995) (bankruptcy court lacks authority to provide guidance or modify order pending appeal); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction "to anything that impacts on any issue or matter under appeal").

## CONCLUSION

**WHEREFORE,** because Non-Party P.C.F. PROPERTIES IN TX, LLC, is not named or designated as a party to this appeals its pleadings must be struck as a matter of law for want of jurisdiction and because the Appellee P.C.F. Properties in TX, LLC., a fictitious non-extent entity has failed to file a timely response to the Appellant Motion it should be granted in its entirety, the Appellant reverses the right to file a Motion to Transfer.

                                        Respectfully submitted

                                        /s/ *Elizabeth Thomas*
                                        Elizabeth Thomas Pro, Se
                                        712 H Street NE #2487
                                        Washington DC 20002

6 | P a g e

elizthomas234@gmail.com

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument was served upon counsel of record for Non-Existent P.C.F. Properties in TX, LLC., via the court electronic EFC-filing system and/or U.S. Postal Service regular mail on January 7, 2025.

/s/ Elizabeth Thomas