**Civil Action No. 24-cv-04357**

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON: DIVISION

_____

**Elizabeth Thomas**

*Appellant,*

**v.**

**P.C.F. Properties in TX, LLC ,**

*Appellees.*

_____

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas; Houston Division
Bankruptcy Case No. 24-03216

_____

## APPELLANTS' OPENDING BRIEF

_/s/Elizabeth Thomas_
 Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

**APPELLANT**

# TABLE OF CONTENTS

1NTEREST'ED PARTIES…………………………………………………………..ii

STATEMENT REGARDING ORAL ARGUMENT…………………………….iii

TABLE OF AUTHORITIES…………………………………………………iv,v

I. JURISDICTIONAL STATEMENT ........................................................................1

II. STATEMENT OF ISSUES…………………………………………………..1

III.   STATEMENT OF THE CASE…………………………………………….2,5

IV .   STANDARD OF REVIEW……………………………………………………5

V.  SUMMARY OF ARGUMENT ........................................................................6

VI.   ARGUMENT

     1.   **Whether the Bankruptcy Court lacked both personal and subject matter jurisdiction to grant any relief to P.C.F. Properties in TX, LLC who lacks standing due lack of a legal existence just as the dead** …………………......................6,11

     2.   **Whether the Bankruptcy Court lacked subject jurisdiction over as such to Issue a "Show Cause Order"  due lack of an existing debtor**………………………………………….11,14

     3.   **Whether the Bankruptcy Court denied the Appellant her Due Process  rights to be heard**………………………………14,16

CONCLUSION.......................................................................................................16

CERTIFICATE OF COMPLIANCE…………………………………………..17

CERTIFICATE OF SERVICE……………………………………………………17

## INTERESTED PARTIES

The undersigned appellant certifies that the following listed entity are the true and correct parties to this appeal:

Appellant:                      Elizabeth Thomas

Appellants Counsel:             Elizabeth Thomas pro,
                                712 H Street NE #2487
                                Washington DC 20002

Appellee:                       Non-Existent P.C.F. Properties in TX,LLC.

Counsel for Appellee:           John V. Burger
                                Burger Law Firm
                                4151 Southwest Frwy Suite 680
                                Houston, TX 77027

## STATEMENT REGARDING ORAL ARGUMENT

Appellant   does not seeks oral arguments as the brief submitted to this court presents no disputed issues of fact in this case. Moreover the Appellee lacks a legal existence. The issues presented for review are purely questions of law, involving interpretations of the Bankruptcy Code and interpretations of state law with regard to the ultimate question of whether the bankruptcy court have jurisdiction over fictional entities.

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                              <u>**Pages**</u>

*Arnold v. Garlock*, Inc., 278 F.3d 426, 434 (5th Cir. 2001)………………………11

*Bailey v. Vanscot Concrete Co., 894 S.W.2d 757, 759 (Tex. 1995)*………………..8

*Billino v. Citibank, N.A*., 123 F.3d 723, 725 (2d Cir. 1997)………………………10

*Brown v. Fifth Jud. Dist. Drug Task Force*,
    255 F.3d 475, 477 (8th Cir. 2001)………………………………………………….8

*Burke v. Barnes,* 479 U.S. 361, 363(1987)……………………………………………6

*China Cast Educ. Corp. v. Chen Zhou Guo*,
    No. 15-cv-5475... (AB), 2016 WL 10653269, at *1– 2
    (C.D. Cal. Jan. 8, 2016)………………………………………………………………..8

*Fire Eagle LLC v. Bischoff* (In re Spillman Dev. Grp.),
    710 F.3d 299, 304 (5th Cir. 2013) (quotation omitted)………………………..11

*Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019)……………………..10

*House v. Mitra QSR KNE LLC,*
    *796 F. App'x 783, 787* (4th Cir. 2019)………………………………………9,10

*In re 2016 Primary Election, 836 F.3d 584, 587* (6th Cir. 2016)………………9,10

*In re Bissonnet Invs.,* 320 F.3d 520, 525 (5th Cir. 2003)…………………………..5

*In re Foundation for New Era Philanthropy*,
    201 B.R. 382, 398………………………………………………………………………14

*In re JMP-Newcor International, Inc*.,
    225 B.R. 457, 460 (Bankr. N.D. Ill. 1998)………………………………………..14

In re *TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)…………………….6

*In re Williams*, 244 B.R. 858, 865-66 (S.D. Ga. 2000)…………………………...14

*In re Wood,* 825 F.2d 90, 93, (5th Cir. 1987). ………………………………….5

*Kingman Holdings, L.L.C. v. Chase Home Fin., L.L.C.,*
   2015 WL 13802564, at *2 (W.D. Tex. Apr. 20, 2015…………………………….7

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.,*
   957 F.3d 943, 953 (9th Cir. 2020)…………………………………………..9,10

*Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)…………………………………15

*Mullane v. Central Hanover Trust Co.,* 339 U.S. 306 (1950)…………………15

*Roby v. Corp. of Lloyd's,* 796 F. Supp. 103, 110 (S.D.N.Y. 1992)………………8

*Smith v. CDI Rental Equipment, Ltd.,*
   310 S.W.3d 559, 565 (Tex. App.— Tyler 2010)…………………………………8

*United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950))……………………7

*United States v. One Parcel of Real Property, Commonly Known as Star Route Box
1328, Glenwood, Washington County, Oregon,*
   137 B.R. 802, 805 (D.Or. 1992)………………………………………………14

*Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)………………………………..7

*Williams v. Sears, Roebuck Co.,*
   ___ F.3d ___, 2002 WL 649108 (11th Cir. 2002)……………………………..14

**FEDERAL STATUES**

28 U.S.C. § 158……………………………………………………………1

28 U.S.C. § 158(a)…………………………………………………………5

28 U.S.C. § 1334(b)). …………………………………………………...5

11 U.S. Code § 1109(b)……………………………………………………9

v.

## I.  Statement of Jurisdiction

On November 4, 2024, Appellant filed a timely "Notice of Appeal" from the U.S. Bankruptcy Court October 21, 2024, and November 3, 2024 Orders to Show Cause Orders as they have significant implications on her rights or the proceedings, and I believe the court made a mistake in issuing it. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## II.    Statement of Issue Presented

**ISSUE ONE**:    Whether the Bankruptcy Court lacked both personal and subject matter jurisdiction to grant any relief to P.C.F. Properties in TX, LLC who lacks standing due lack of a legal existence just as the dead.

**ISSUE TWO**:    Whether the Bankruptcy Court lacked subject jurisdiction over as such to Issue a "Show Cause Order"  due lack of an existing debtor.

**ISSUE THREE**:    Whether the Bankruptcy Court denied the Appellant her Due Process  rights to be heard.

1

## III.   STATEMENT OF FACTS

On October 10, 2024, Mr. Andersen (the "Defendant"), filed a Notice of Removal, with the U.S. District Court Clerk, Allan Haye was named as the debtor however Mr. Andersen in error named parties in two separate cases the former parties, prior to a July 11, 2024, amendment of the case namely: *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* under former cause No. 2020-35780 and new parties presently before the court namely: *P.C.F. Properties in TX, LLC.[1], vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* under Misc. Docket No. 2020-35780, as removed from the 80th District Court to the U.S. District Court for the Southern District of Texas: Houston Division under case No. 24-cv-02999.

On or about October 12, 2024, the U.S. Deputy Clerk contacted Mr. Andersen and advised that the October 10, 2024, Notice of Removal filed in the U.S. Southern District Court of Texas (Houston) is *incorrectly* filed as one **cannot** filed a "case within a case" or named the parties as and/or as shown case No. 24-cv-02999 . *See:* **Exhibit**-1

---

[1.]   *P.C.F. Properties in TX, LLC, alleges to be a Texas limited liability company.*

2

On October 15, 2024, Mr. Andersen filed a Amended Notice of Removal and correctly renamed the parties that were presently before the state court prior to removal as: *P.C.F. Properties in TX, LLC[1]., vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* Misc Doc. 2020-35780, from the 80th District Court, Harris County, Texas to the U.S. District Court for the Southern District of Texas: Houston Division case No. 24-cv-03875. *See:* (App. Tab-1 Exhibits pgs. 12-60).

The October 15, 2024, Amended Notice of Removal removed the Debtor Allan Haye he was no longer named as a party to the stat court action.

On June 6, 2024, the Texas Secretary of State, had issued a "Certificate of Fact" that P.C.F. Properties in TX, LLC., is ***not*** a Texas limited liability company, but instead is a fictional entity that has ***no*** legal existence due to never being duly formed. *See:* (Exhibit 2 ).

On or about October 17 2024, the U.S. District Court for the Southern District of Texas: Houston Division case No. 24-cv-03875, referred the case styled as *P.C.F. Properties in TX, LLC., vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* Misc Doc. 2020-35780, to the U.S. Bankruptcy Court Southern District of Texas: Houston Division case No.. 24-03216. *See:* (App. Tab 2.).

3

On October 18, 2024, Attorney John V. Burger and the Barry & Sewart PLLC., law firm filed a Remand Motion on behalf of the Plaintiff P.C.F. Properties in TX, LLC. *See:* ( App. Tab. 3 Exhibits pgs. 75-100).

On October 21, 2024, Judge Alfredo R. Perez U.S.B.J., issued a "Show Cause Order" ordering James M. Andersen and Elizabeth Thomas to appear before the Court on November 5, 2024, in response to Plaintiff P.C.F. Properties in TX, LL, remand motion which included a request for sanctions. *See:(*App. Tab 4 ).

On November 1, 2024, James M. Andersen, filed a  Ex Parte Motion to Withdraw the Reference, (the "Motion"), challenging that the bankruptcy court lacked subject matter jurisdiction after the amended October 15, 2024,  Notice of Removal, as there is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that P.C.F. Properties in Texas LLC claims could have any such effect on debtor Haye's estate as his bankruptcy has already been dismissed and he has been removed from the case on July 11, 2023 and the amended Notice of Removal. *See:*  (App. Tab 5).

On  November 1, 2024,   the Appellant., filed a Motion for Continuance of the November 5, 2024,  hearing on the grounds that on October 17, 22024, she had emergency surgery and still under medical care in the hospital due to

4

complications from the surgery. *See*: (App. Tab 6).

On November 3, 2024, Judge Alfredo R. Perez U.S.B.J., amended his "Show Cause Order" ordering and removed the Appellant from the order so as to move forward with November 5, 2024, hearing and simply deny Appellant the right to be heard. *See*: (App. Tab 7).

On November 4, 2024, Appellant filed a timely "Notice of Appeal" from the U.S. Bankruptcy Court October 21, 2024, and November 3, 2024 Orders to Show Cause as the orders have significant implications on my rights or the proceedings, and Appellant believe the court made a mistake in issuing it. *See:* (App. Tab. 8).

## STANDARD OF REVIEW

District courts have appellate authority over dispositive orders and judgments of the bankruptcy court. 28 U.S.C. § 158(a). "District courts, and their adjunct bankruptcy courts," enjoy broad jurisdiction over "all civil proceedings arising under title 11, or "arising in" or "related to" cases under title 11." *In re Bissonnet Invs.*, 320 F.3d 520, 525 (5th Cir. 2003) (quoting 28 U.S.C. § 1334(b)). So in evaluating jurisdiction, this Court need "only to determine whether a matter is at least 'related to' the bankruptcy." *In re Wood,* 825 F.2d 90, 93, (5th Cir. 1987). A matter is "related to" bankruptcy where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id.

5

(cleaned up).  *See*: also In re *TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

## SUMMARY OF ARGUMENT

The State of Texas is the only State in the Union where courts litigants can litigate with entities like the dead have no legal existence and the courts presume to have both personal and subject matter jurisdiction over the non-existent fictional entity claims just as the dead and enter judgments and orders in their favor. However there is a catch you have to be African American in order to litigate with a fictional non-existence entity that has never existed due to never being form as such is no different than litigating with the dead.

## ARGUMENTS

**a. The Bankruptcy Court lacked both personal and subject matter jurisdiction to grant any relief to P.C.F. Properties in TX, LLC who lacks standing due lack of a legal existence just as the dead.**

Court's opinion are based on the recognition that the Constitution restricts federal jurisdiction to live cases and controversies between at least a plaintiff and a defendant in order for any court  to maintain jurisdiction over a case, a judicially cognizable live controversy must exist. *See: Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). An actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.  *See*; *Burke v. Barnes,* 479 U.S. 361, 363

6

(1987) (Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case).

Appellant argues that on October 21,2024, when bankruptcy court erroneously issued a "Order to Show Cause" mandating that the Appellant appear before the court in response to and to answer to the relief requested in pleadings filed on behalf of  Plaintiff P.C.F. Properties in TX, LLC, the bankruptcy court, lacked jurisdiction to issue said order for the Appellant to appear and answer to the relief requested by Plaintiff P.C.F. Properties in TX, LLC, because their exist no live controversy with said plaintiff as they like the dead have  no legal existence.

Appellant argues that on October 21, 2024, the bankruptcy **c**ourt lacked jurisdiction to compel her to appear before the court based relief requested on behalf of Plaintiff P.C.F. Properties in TX, LLC, whom lacked standing before the court due to the lack of legal existence.

No court has personal or subject matter jurisdiction over entities that lack a legal existence due to **_never_** being duly formed. Any order or judgment entered in favor of said entity that had or has no legal existence, is a nullity and is void *ab initio.* A judgment or order  cannot be rendered against for an entity that does not exists because it is not a proper party and *must be void.");* *See:* _Kingman Holdings, L.L.C. v. Chase Home Fin., L.L.C.,_ 2015 WL 13802564, at *2 (W.D. Tex.Apr. 20, 2015. Courts in Texas, apply the rule that "[c]ivil suits may be maintained only by

or against parties having an actual or legal existence.*"See: Bailey v. Vanscot Concrete Co., 894 S.W.2d 757, 759 (Tex. 1995);(* without a legal existence;, no judgment can be rendered for or against it . *See: Smith v. CDI Rental Equipment, Ltd.,* 310 S.W.3d 559, 565 (Tex. App.— Tyler 2010).

To start, the Federal Rules of Civil Procedure differentiates between corporate existence and capacity. For instance, Rule 17(b)(3)(A) permits courts to imbue unincorporated associations and partnerships with the capacity to sue.  But this power does not extend to entities that lack legal existence. *See*: *Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (explaining that "the questions of legal or juridical existence and capacity to sue and be sued are distinct, and that a group of persons working together for a common purpose must first be found to have a legal existence before the question of capacity to sue or be sued can arise"); see also *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992) (holding that "[c]apacity to be sued and legal existence are separate and distinct concepts"), aff'd on other grounds, 996 F.2d 1353 (2d Cir. 1993). Compare *China Cast Educ. Corp. v. Chen Zhou Guo*, No. 15-cv-5475 (AB), 2016 WL 10653269, at *1– 2 (C.D. Cal. Jan. 8, 2016) (explaining that, "[u]nlike a case where a corporation exists in some form but perhaps lacks a technical capacity to sue in a particular forum, Plaintiff's own allegations indicate that Plaintiff may not legally exist under Delaware law").

Because one elemental precondition for meeting the case-or-controversy requirement is a claimant with standing, _Lujan_, 504 U.S. at 560–61, it must be that the non-existence of the supposed claimant is a problem of constitutional magnitude, see: _In re 2016 Primary Election, 836 F.3d 584, 587_ (6th Cir. 2016) (holding that "[t]here is no plaintiff with standing if there is no plaintiff"); see also _LN Mgmt., LLC v. JPMorgan Chase Bank, N.A_., 957 F.3d 943, 953 (9th Cir. 2020) (same); _House v. Mitra QSR KNE LLC, 796 F. App'x 783, 787_ (4th Cir. 2019) (same). Indeed in any court of law a civil action can only be maintained by a legal person, i.e., a natural person or an artificial or quasi-artificial person, a nonentity is incapable of suing or being sued or filing lawsuit.

On June 6, 2024, The Texas Secretary of State, issued a "Certificate of Fact" that P.C.F. Properties in TX, LLC., is **_not_** a Texas limited liability company, but instead is a fictional entity that has **_no_** legal existence due to never being duly formed. Without legal existence, P.C.F. Properties in TX, LLC., lacked standing to file any, sort of pleadings or to raise or seek relief or appear be heard before the bankruptcy court. **_See_**: 11 U.S. Code § 1109(b).

Standing in bankruptcy cases is governed by section 1109(b) of the Bankruptcy Code since courts have since found that section 1109(b) and Article III are effectively coextensive. Section 1109(b) provides that "a party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. §1109(b);  A "party in interest" is determine by whether a party has a legally protected interest that could be affected by a bankruptcy proceeding by showing  an  Article III injury-in-fact requirement and section 1109(b).

A  non-existent  entity  just  as  the  dead  could  never  have  legally  protected interest that could be affected by a bankruptcy proceeding by showing  an  Article III injury-in-fact requirement and section 1109(b) having no legal existence.  After all, "[t]he most elemental requirement of adversary litigation is that there be two or more parties," meaning that "[a]bsent a plaintiff with legal existence, there can be **_no_** Article III case or controversy." _House v. Mitra QSR KNE LLC_, 796 F. App'x 783, 787 (4th Cir. 2019) (quoting Wright & Miller § 3530); _See_: also _LN Mgmt., LLC  v.  JPMorgan  Chase  Bank,  N.A_., 957  F.3d  943,  953  (9th  Cir.  2020) (concluding that it is "obvious" that "the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"); _Hernandez v. Smith_, 793 F. App'x 261, 265 (5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased"); _In re 2016 Primary Election_, 836 F.3d 584, 587 (6th Cir. 2016) ("[O]ne elemental precondition for meeting the case-or-controversy requirement is a claimant with standing. There is no plaintiff with standing if there is no plaintiff." (internal citation omitted)); cf. _Billino v. Citibank, N.A_., 123 F.3d 723, 725 (2d Cir. 1997) (explaining that it was a jurisdictional error for the appeal to be brought only in the name of a dead party as a "deceased plaintiff simply no

longer has a cognizable interest in the outcome of litigation").

Based on the forgoing the court should find that the bankruptcy lack jurisdiction to issue the order to show cause.

### B.    The Bankruptcy Court lacked subject jurisdiction over as such to Issue a "Show Cause Order"  due lack of an existing debtor.

Appellant argues that the bankruptcy court lacked jurisdiction to compel her to appear before the court because  on or about October 17, 2024, the U.S. District Court erroneously referred the case to the bankruptcy after Mr. Andersen on October 15, 2024, Amended of the Notice of Removal, (the "Adversary Complaint") which effectively removed debtor Allan Haye from the case prior to the referral.

Mr.  Andersen filed an Amended Notice of Removal as it was necessary to reflect the actual parties that were presently before the state court prior to the removal. On July 11, 2024, per trial court the case formerly styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen,* under cause No. 2020-35780, was amended to *P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires,* MISC. Doc. No. 2020-35780.

The October 15, 2024, amendment effectively removed debtor Allan Haye from the case because as of July 11, 024, he no longer named as a party the state

11

court action. Their exists no debtor in this case or any claims against any debtor that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. Accordingly, subject matter jurisdiction over this case does not exist.

More specifically: "For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." Id. "A conceivable effect in this context is any that could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."See: *Fire Eagle LLC v. Bischoff* (In re Spillman Dev. Grp.), 710 F.3d 299, 304 (5th Cir. 2013) (quotation omitted); see also *Arnold v. Garlock*, Inc., 278 F.3d 426, 434 (5th Cir. 2001) ("Certainty, or even likelihood[,] of such an effect is not a requirement.").

There is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that P.C.F. Properties in Texas LLC claims could never have had any such effect on Haye's estate after being non-suited through a amendment. See generally *In re Baltic Associates, L.P*., 149 B.R. at 95.

On or about October 17, 2024, this case was improperly referred and commence as an adversary proceeding in the bankruptcy court despite lack of subject matter jurisdiction due to the lack of existing debtor. Non-Existent P.C.F. Properties in Texas LLC's, non-bankruptcy state law claims are not related to any pending bankruptcy case and do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case.

This statutory language makes clear that the power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b). A bankruptcy subject matter jurisdiction exists over ***debtors*** or ***claims against debtors***. Thus, a district court may not properly refer to the bankruptcy court any civil proceedings over which they lack subject matter jurisdiction were as here their exist no debtors or existing claims against a debtor.

Non-Existent P.C.F. Properties in Texas LLC's, non-bankruptcy law claims does  not be related to any pending bankruptcy case as such  do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case.  The power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b).  A bankruptcy subject matter jurisdiction exists over debtors or claims against debtors.   Thus, a district court may not properly refer to the bankruptcy court all civil proceedings

over which it may have subject matter jurisdiction.

Instead, such a referral is limited by § 1334(b) to cover only those proceedings that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. See, e.g., *In re Williams*, 244 B.R. 858, 865-66 (S.D. Ga. 2000) ("The jurisdiction of bankruptcy courts, as § 157's terms make clear, is derivative: They can only exercise jurisdiction if that jurisdiction has been first granted to the district courts pursuant to 28 U.S.C. § 1334"), aff'd sub nom. *Williams v. Sears, Roebuck Co.*, ___ F.3d ___, 2002 WL 649108 (11th Cir. 2002) (Table); *In re Foundation for New Era Philanthropy*, 201 B.R. 382, 398 ("If a proceeding is unrelated to the bankruptcy case, the district court has no authority to refer it to a bankruptcy judge — even if the proceeding falls within some other federal jurisdictional grant"); see also *United States v. One Parcel of Real Property, Commonly Known as Star Route Box 1328, Glenwood, Washington County, Oregon,* 137 B.R. 802, 805 (D.Or. 1992); *In re JMP-Newcor International, Inc.*, 225 B.R. 457, 460 (Bankr. N.D. Ill. 1998). For the reasons mentioned above bankruptcy court subject matter jurisdiction does not lie.

## C. The Bankruptcy Court denied the Appellant her Due Process rights to be heard.

The Fifth Amendment vest the Appellant with procedural due process rights at the federal level which includes not only **notice** of the action being taken against them but also an opportunity to be heard meaning Appellant must be given a

14

chance to respond to the action being taken against her.

On October 21, 2024, Judge Alfredo R. Perez U.S.B.J., issued a "Show Cause Order" ordering Elizabeth Thomas to appear before the Court on November 5, 2024, in response to Non-Existent Plaintiff P.C.F. Properties in TX, LL, motion which included a request for sanctions.

On November 1, 2024, the Appellant, filed a Motion for Continuance of the November 5, 2024, show cause hearing on the grounds that on October 17, 2024, she had emergency surgery and was still under medical care in the hospital due to complications from the surgery.

On November 4, 2024, Judge Alfredo R. Perez U.S.B.J, amended the "Order to Show Cause," and excuses Defendant Thomas from appearing at the show cause hearing scheduled for November 5, 2024.

Appellant argues that she never filed any pleading before the bankruptcy court seeking to be "excused" from the show cause hearing scheduled for November 5, 2024.  Instead Appellant filed a motion for a continuance seeking that court show cause hearing scheduled for November 5, 2024, be continued to another date to give the Appellant the opportunity to exert her due process rights to be hard on any judgment or order of the court that will have affect on the appellant.

Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *See*: *Mathews v. Eldridge,* 424 U.S.

319, 333 (1976); *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306 (1950).

Procedural due process involves the preservation of both the appearance and reality

of fairness so that "no person will be deprived of his interests in the absence of a

proceeding in which he may present his case with assurance that the arbiter is not

predisposed against him." *Marsahll v. Jerrica, Inc.,* 446 U.S. 238 91980). *Id.* at

2259 (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

For the reasons mentioned above bankruptcy court denied the Appellant her

due process rights to be heard.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, the Appellant prays that the Court

finds that the bankruptcy court lack jurisdiction to issue a order show cause on

behalf of Plaintiff/Appellee P.C.F. Properties in TX. LLC whom lack standing due

having  no legal existence, the bankruptcy court lack jurisdiction due to the lack of

a debtor and the bankruptcy court denied the Appellant her due process rights to be

heard by failing to continue the November 5, 2024 hearing and such further relief

the court deems just and proper.

Respectfully submitted,

/s/Elizabeth Thomas
 Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002

elizthomas234@gmail.com

16

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f): this document contains 3,968 words

2.      This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in font size 14 in Times New Roman.

/s/Elizabeth Thomas

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025,   a true and correct copy of the foregoing instrument transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice of this appeal case.

/s/Elizabeth Thomas

17