Civil Action No. 24-cv-04357

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON: DIVISION

_____

**Elizabeth Thomas**

*Appellant,*

**v.**

**P.C.F. Properties in TX, LLC ,**

*Appellees.*

_____

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas; Houston Division
Bankruptcy Case No. 24-03216

_____

**APPELLANTS' APPENDIX TO OPENING BRIEF**
**(EXCERTS TABS- -1 8 TO THE RECORD)**
**( EXHBITS 1 -2)**

/s/Elizabeth Thomas
 Elizabeth Thomas Pro, Se
 712 H Street NE #2487
 Washington DC 20002
 elizthomas234@gmail.com

**APPELLANT**

# TABLE OF CONTENTS

## Appellant Designation of Record

| Tab # | Date | Docket No. | Record | Exhibits |
|---|---|---|---|---|
| 1 | 1/15/2024 | **4-2** | Amended Notice of Removal | Exhibit 1BK Motion to Vacate Hearing Transcript |
| | 7/11/2024 | **4-2** | STATE RECORDS | Exhibit 2 State Court Petition Misc Doc |
| | 10/9/2024 | **4-2** | STATE RECORDS | Exhibit 2Answer and Counterclaim |
| 2 | | | Court Docket Sheet | |
| 3 | 12/11/24 | **4-2** | Motion to Remand | |
| 4 | 10/21/24 | **4-2** | Order to Show Cause | |
| 5 | 11/1/24 | **4-3** | Motion to Withdraw the Reference | |
| 6 | 11/1/24 | **4-3** | Motion for Continuance | Under seal |
| 7 | 11/4/24 | **4-3** | Amended Order to Show Cause | |

## Mandatory Excerpts of the Record (Fed. R. Bankr. P §8009(b))

| Tab # | Date | Docket No. | Excerpt Record | |
|---|---|---|---|---|
| 8 | 10/12/24 | **N/A** | case No. 24-cv-02999 docket sheet | |
| **9** | 6/6/24 | **N/A** | Texas Secretary of State Certificate of Fact | |
| | | | | |

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025,   a true and correct copy of the foregoing instrument transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice of this appeal case.

/s/Elizabeth Thomas

TAB-1-AMENDED NOTICE OF REMOVAL

## UNITED STATES DISTRICT COURT
## SOUTHERN OF TEXAS
## HOUSTON  DIVISION

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC<br>*Plaintiff*<br><br>*vs*<br><br>James M.  Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore et al.<br>*Defendants* | CIV- 24-3875<br>**MISC.  DOCKET NO. 2020-35780**<br><br><br>**Removed from: 80th District Court<br>Harris County, Texas** |

### AMENDED NOTICE OF REMOVAL
### TRANSFER TO U.S. SOUTHERN DISTRICT OF NEW YORK
### MOTION FOR CONTEMPT OF COURT

**TO: Clerk of the U.S. District Court for the Southern District of Texas: Houston**

PLEASE TAKE NOTICE THAT, James M. Andersen (the "Defendant") filed  an Notice of Removal on October  10, 2024, removing the state court action described above herein, pursuant Federal Rule of Bankruptcy Procedure 9027, this Amended Notice of Removal is necessary to correct the names of parties in the caption to correspond with the same named parties that before the state court prior to removal and cure the attempt to remove a "case within a case" which prohibited copies of the Amended Notice of Removal will be  served with

in the 80th District Court and The Texas Supreme Court.

### BACKRGROUND FACTS

On  August  12,  2024,  James  M.  Andersen  filed  a  "Notice  of  Removal"  Federal  Rule  of Bankruptcy Procedure Rule 9027(a)(1) removing parties and the entire case under cause No. 2020-35780,  styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* from

the 80th District Court, Harris, County Texas to the U.S. District Court for the Southern District of Texas: Houston Division under case No. 24-cv-02999.

On August 12, 2024, James M .Andersen filed to effectuate the removal from state court by filing with the 80th District Clerk of Court in cause No. 2020-35780, case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen,* a stamped copy of the Notice of Removal pursuant to F.R.B.P. Rule 9027(c) giving notice that the case No. 2020-35780 had been removed to federal Court.

On or about August 15, 2024, the U.S. District Court Southern District Texas case No. 24-cv-02999, in the case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* assigned the case to the U.S. Bankruptcy Court for the Southern District of Galveston as a Adversary Proceeding under case No. 24-08005.

Prior to Mr. Andersen filing of its August 12, 2024, "Notice of Removal" unknown at the time is that on July 11, 2024, John V. Burger and Barry & Sewart PLLC., initiated a "new cause of action" as a amendment in the 80th District Court in case No. 2020-35780, by filing a "Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims." Mr. Burger amended new cause of action converts/amends the case from Cause No. 2020-35780, to MISC Docket No. 2020-35789 and names new parties Mr. Burger as assigned Misc Docket to the 80th District Court, Harris County, Texas.

On July 11, 2024, Mr. Burger removed the parties: original named parties of: James Allen, Allan Haye, Robert L. Thomas (the Plaintiffs) PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., as (the "Defendants"), Elizabeth Thomas and James M. Andersen as

(the "Third Party Defendants"):  and converted via amended the 80th District Court case from Cause No. 2020-35780,to a Misc. Docket No.  2020-35780 and renamed the parties as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") and James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants").*

On August 16, 2024, John V.Burger of Barry & Sewart PLLC., filed a "Motion to Remand" on behalf of  P.C.F. Properties in TX, LLC.

On August 22, 2024, Mr. Andersen filed in the U.S. Bankruptcy Court a "Second Amended Notice of Removal" ( the Adversary Complaint") and renamed the parties in the case as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants*").

On August 23, 2024, the U.S. Bankruptcy Court terminated and removed PCF Investments Inc., *its Subsidary PCF Properties in Texas LLC,  Allan A Haye, Robert L Thomas* and James Allen as parties from the case.

None of the above named Defendants *James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires*, filed an answer or objection to the Plaintiff  In re P.C.F. Properties in TX, LLC, Motion to Remand its case to the 80th District Court.

On September 10, 2024, the Honorable Judge Alfredo R. Perez U.S.B.J., granted the remand Motion and remanded the case styled as *Plaintiff P.C.F. Properties in TX, LLC vs. James M. Andersen et, al., Defendants*, to the 80th Judicial District Court docket No. 2020-35780.

## BASIS FOR REMOVAL

There no other court within the union wherein a lawyer such as Attorney John V. Burger and Barry & Sewart PLLC., litigate in a court of law on behalf of fake fictitious entities that

according to the Texas Secretary of State, have no legal existence on grounds that the adverse parties named in the case African Americans that have no due process, civil rights or equal protection rights in the State of Texas and lawyers that represent  African Americans lose their due process, civil rights or equal protection rights also.

.Defendant intends to file a separate motion pursuant to  Subsection (1) of section 1443 any of the following civil actions or criminal prosecutions, commenced in a <u>State court</u> may be removed by the defendant to the district court of the United <u>States</u> for the district

**(1)**   Against any person who is denied or cannot enforce in the courts of such <u>State</u> a right under any law providing for the equal civil rights of citizens of the United <u>States</u>, or of all persons within the jurisdiction thereof;

**(2)**   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

### MOTION FOR CONTEMPT OF BANKRUPCTY ORDER

On March 14, 2024, the Honorable Judge Jeffrey P. Norman U.S.B.J., held hearing in the case stayed In Re Elizabeth Thomas Case No. 23-34971, on P.C.F. Properties TX, LLC, "Motion to Vacate" the courts prior order lifting stay in  a appeal pending in another state.  Attorney John V. Burger attended the hearing on behalf of P.C.F. Properties TX, LLC, and argued at length that main basis for seeking the Court to vacate or modify its order lifting the bankruptcy stay is because the adverse parties will improperly misrepresent and misuse the order for other purposes other than its intended use. See Exhibit 1. [Mr. Burger lengthy argument].

 The Honorable Judge Jeffrey P. Norman U.S.B.J., response what a bankruptcy court retains   authority to enforce that order and to basically penalize anyone for   the misrepresentation.

This case is of significance because at the hearing Mr. Burger argued at length throughout the whole hearing how Ms. Thomas and those associated with her will misuse and misrepresent the courts order lifting the stay if the order is not vacated.

Here Mr. Burger is attempting to misuse and misrepresent the Honorable Judge Alfredo R. Perez U.S.B.J., September 10, 2024, remand order which remanded the case styled as as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants*") to the 80th District Court under MISC Docket No, 2020-35780, . by attempting tot use it as a global or universal remand order to reinstate and remand other cases and parties that were never before the court as Judge Norman ruled bankruptcy courts have authority to enforce their orders and to basically penalize anyone for the misrepresentation

Again Mr. Burger argument is that the adverse parties in the case are African Americans that have no due process, civil rights or equal protection rights in the State of Texas and lawyers that represent African Americans lose their due process, civil rights or equal protection rights also

## MOTION TO TRANSFER

Defendant seeks to file Motion to Transfer this case to the U.S. District Court for the Southern District of New York.

Dated: October 15, 2024,

Respectfully submitted,

By:/s/*James M. Andersen*

James M. Andersen Pro, Se
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 15,  22, 2024  a copy of the foregoing Notice

of Removal  was served EFC- Service System or E-mail and U. S. Mail, postage prepaid, to:

John V. Burger
Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
evictions@barryandsewart.com

Harris County District Attorney Office
Public Corruption Department
1201 Franklin St
Houston, TX 77002

New York Attorney General Office
Civil Rights/Criminal Division
28 Liberty St.
New York, NY 10005

U.S. Attorney Office
For the Southern District of New York
Criminal Division
26 Federal Plaza, 37th Floor
New York, NY 10278

By:/s/*James M. Andersen*

EXHIBIT-1- MOTION TO VACATE
HEARING TRANSCRIPT

1          IN THE UNITED STATES BANKRUPTCY COURT

2          FOR THE SOUTHERN DISTRICT OF TEXAS

3                    HOUSTON DIVISION

4  IN RE:                    §    CASE NO. 23-34971-13
                             §    HOUSTON, TEXAS
5  ELIZABETH THOMAS,         §    THURSDAY,
        DEBTOR.              §    MARCH 14, 2024
6                            §    1:32 P.M. TO 2:00 P.M.

7

8              **MOTION TO VACATE (VIA ZOOM)**

9       BEFORE THE HONORABLE JEFFREY P. NORMAN
            UNITED STATES BANKRUPTCY JUDGE

10

11

12     APPEARANCES:                SEE NEXT PAGE

13     ELECTRONIC RECORDING OFFICER: AARON JACKSON

14     COURTROOM DEPUTY:           TRACEY CONRAD

15

16

17

18

19

20          TRANSCRIPTION SERVICE BY:

21       JUDICIAL TRANSCRIBERS OF TEXAS, LLC
              935 Eldridge Road, #144
22             Sugar Land, TX  77478
                  281-277-5325
23          www.judicialtranscribers.com

24

25  Proceedings recorded by electronic sound recording;
       transcript produced by transcription service.

1                      **APPEARANCES**:

2

3  FOR PCF PROPERTIES IN TX, LLC:        ATTORNEY AT LAW
                                          John V. Burger, Esq.
4                                         4151 Southwest Freeway
                                          Suite 680
5                                         Houston, TX 77027
                                          713-960-9696
6

7  FOR THE CHAPTER 13 TRUSTEE:           Christina Rodriguez, Esq.

8

9  ALSO APPEARING:                       ELIZABETH THOMAS,
                                          Pro Se
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **HOUSTON, TEXAS; THURSDAY, MARCH 14, 2024; 1:32 P.M.**

2                    THE COURT:  The next case is the Thomas case,

3    23-34971.

4                    MR. BURGER:  Good afternoon, Your Honor.

5                    John Burger on behalf of the Movant and Creditor

6    P.C.F. Properties in TX, LLC, and Tony Halaris (phonetic) is

7    on line.  He's the corporate representative.

8                    THE COURT:  Thank you, Mr. Burger.

9                    MS. RODRIGUEZ:  Good afternoon, Your Honor.

10                    Christina Rodriguez appearing behalf of the

11   Chapter 13 Trustee.

12                    THE COURT:  Thank you, Ms. Rodriguez.

13                    Anyone else appearing in this matter?

14                    MS. THOMAS:  Elizabeth Thomas, I'm the Debtor and

15   the Appellate.

16                    THE COURT:  Ms. Thomas, I need you to appear by

17   video.

18                    Are you able to connect by video?

19                    MS. THOMAS:  Oh, I didn't -- I read your

20   procedure and it said for me to appear by -- no, not at this

21   moment, Your Honor, I don't have access to appear by video.

22   I apologize.

23                    THE COURT:  If you're going to appear in front of

24   me, Ms. Thomas, you have to appear by video.

25                    Let me do this.  Let me recall the case.  I've

4

1  got two matters who should take just a few seconds to take

2  care of, and then I'll come back to you, all right?

3          So, I'll recall the Thomas case.  Ms. Thomas, if

4  you, during the pendency, can arrange to connect by video,

5  it would be in your best interest, all right?

6          MS. THOMAS:  Okay.

7      (Recess taken from 1:34 p.m. to 1:40 p.m.)

8          THE COURT:  Let me return to the Thomas case,

9  which is 23-34971.  Ms. Thomas is on the line now.  I see

10  her.  Mr. Burger is here.  I see him.

11          All right.  Mr. Burger, I'm going to let you

12  argue your motion.  I think I have an understanding of

13  what's going on, and I just want to make sure that I

14  understand this.  Let me just do this real quick.  There is

15  various PCF Properties in Texas, LLC.  That's your client,

16  correct?

17          MR. BURGER:  No, P.C.F. Properties in TX, LLC is

18  my client.

19          THE COURT:  Okay, and I'm sorry.  I didn't write

20  that correctly.  P.C.F. Properties in TX, LLC is your

21  client?

22          MR. BURGER:  That's correct, Your Honor.

23          THE COURT:  And there also is a PCF Properties

24  in Texas, LLC, very similar name, but not related to your

25  client.

5

1            Is that correct?

2            MR. BURGER:  That is correct.

3            THE COURT:  Okay, is there any connection between

4  those two companies at all other than their names are eerily

5  similar?

6            MR. BURGER:  No, Your Honor.  See, what happened

7  was it was by way of background --

8            THE COURT:  Okay, bear with me.  Let me ask my

9  questions first.

10            MR. BURGER:  Okay, okay.

11            THE COURT:  I lifted the stay in this litigation.

12  Is your client P.C.F. Properties in TX, LLC part of that

13  litigation?

14            MR. BURGER:  Let me answer that two ways.  There

15  is State Court litigation relating to property located at

16  8202 Terre Valley Lane in Tomball, Texas.  My client

17  purchased that property at a nonjudicial foreclosure sale in

18  March of 2020.

19            In June of 2020, James Allen and Robert Thomas

20  filed a suit to quiet title.  They named my client

21  incorrectly in the initial filings.  My client appeared and

22  litigated the District Court in that case.  It's 2020-65753,

23  I believe, issued a judgment in April of this year, of last

24  year quieting title to the property in my client's name.

25            Prior to the entry of the summary judgment in my

1   client's name in April of last year, Elizabeth Thomas, James

2   Anderson, who is an attorney, James Alan, Alan Hay, and

3   Robert Thomas filed an involuntary bankruptcy case in

4   Delaware and named as the Debtor, P.C.F. Investments, Inc.,

5   dba P.C.F. Properties in TX, LLC and tried to tied that

6   State Court litigation up in the involuntary bankruptcy.

7          The problem is the Debtor that they try to put

8   into bankruptcy was formed in Delaware in 1987, but

9   forfeited its corporate charter in 1993.

10         THE COURT:  Okay.  So, you haven't answered my

11   question though.  You've gone around the horn.

12         So, there's litigation 23-CV-00147 pending in the

13   US Federal District Court of Delaware, correct?

14         MR. BURGER:  Yeah, and that's where I was going

15   with the involuntary --

16         THE COURT:  So, bear with me one second.  Is that

17   an adversary procedure or is that a District Court action?

18         MR. BRUGER:  That is an appeal of Judge Horan's

19   orders in the involuntary denying motions to reinstate and

20   remand a case.  No, no, no.

21         THE COURT:  So, it's an appeal of an adversary,

22   correct?  Is that what you're telling me?

23         MR. BURGER:  No, it's a -- no, it's an appeal of

24   the judge's orders denying matters in the involuntary case.

25   There was no adversary case filed.  When Elizabeth Thomas

7

1  and the other petitioning creditors --

2          THE COURT:  Again, you want to give me more

3  details than I want to know.  So, bear with me for one

4  second.

5          So, that's an appeal of the Bankruptcy Court

6  decision?

7          MR. BURGER:  Yes, and what they're doing in the

8  Delaware --

9          THE COURT:  Mr. Burger, hold on.  Okay?

10          MR. BURGER:  Okay.

11          THE COURT:  Answer my questions and then shut up,

12  okay?  All right?

13          So, it's an appeal of a Bankruptcy Court

14  decision, okay?  Is your client involved in that appeal at

15  all, a named party appearing in that appeal?

16          MR. BURGER:  We have made an appearance in that

17  matter on behalf of the Texas Corporation.

18          THE COURT:  Okay.

19          MR. BURGER:  And the reason for that is --

20          THE COURT:  Again, you want to give me more

21  information than I want, and I asked you just to answer my

22  question.  I'll give you every opportunity to argue it --

23          MR. BURGER:  Okay.

24          THE COURT:  -- in just a second, okay?

25          So, James Anderson is a lawyer who represents

1  apparently the other PCF Investment, the other similarly

2  named corporation; is that correct?

3          MR. BURGER:  No, I believe the person who

4  represents the similarly named company is somebody by the

5  name of Azalea Spiders (phonetic).

6          THE COURT:  Okay, and that's the woman who

7  basically signed without prejudice and without recourse.

8          Okay, all right.

9          MR. BURGER:  Yeah, yeah.

10         THE COURT:  All right.  So --

11         MS. THOMAS:  Can I say something?

12         THE COURT:  Ms. Thomas, you get to speak in just

13  a few minutes. but not until then.

14         MS. THOMAS:  Okay.

15         THE COURT:  Okay.  So, it says James --

16         MS. THOMAS:  Yes, Your Honor.

17         THE COURT:  -- M. Anderson is the Movant,

18  Elizabeth Thomas is the Debtor, Co-Debtors are James Allen,

19  Allen Hay, and Robert L. Thomas, and Judgment Creditor, PCF

20  Properties in TX, LLC, all right?  You've made an appearance

21  in that.

22         You're not a named party, correct?

23         MR. BURGER:  That's correct.

24         THE COURT:  All right.  So, tell me why I should

25  vacate my order lifting the stay.

1            MR. BURGER:  Because, Your Honor, the motion that

2   was originally filed, there was an agreed motion lifting the

3   stay.  I filed an objection to it because the language that

4   they wanted to submit to the Court says that there is a

5   settlement agreement that affects the Terre Valley property

6   and my client's interest in that property.

7            THE COURT:  Okay, but I'm looking at the order,

8   and all my order says is, "Accordingly, it is ordered that

9   the motion is granted leave from the automatic stay to

10  pursue the US Federal District Court of Delaware remedies."

11  That's all my order provides for.

12           MR. BURGER:  That's what the order provides, but

13  if the Court looks at what they filed, it says that there's

14  a global --

15           THE COURT:  I don't care what they filed.  I only

16  care what I signed.  What they filed has no legal effect

17  whatsoever.

18           MR. BURGER:  But what happens is Ms. Thomas and

19  her people take your orders and other Court's orders, and

20  they misrepresent the effects of those orders to other

21  Courts, and it costs my client in excess of $100,000 trying

22  to get this thing straightened out.

23           THE COURT:  Okay.  So, let's answer this question

24  then.  Assuming that this order is misrepresented to anyone,

25  don't I have an authority to enforce that order and to

1   basically penalize anyone for doing that?

2           MR. BURGER:  Yeah, I think the Court should

3   penalize them for misleading the Court about what the status

4   of the underlying litigation is.  They are going to take

5   your Court's order.  They're going to put it in front of the

6   Delaware Court.  The Delaware Court has already reinstated

7   the bankruptcy appeal and set a certain briefing deadline.

8           THE COURT:  Okay.  So, let's assume that I vacate

9   the order.  What then happens?  What do you want me to do?

10          MR. BURGER:  I don't want an order from your

11  Court being used as a subterfuge to affect the title that my

12  client has in the Terre Valley property.  If the Court looks

13  at whatever the settlement agreement that they filed or

14  they've entered into, it says that their vacating --

15          THE COURT:  Mr. Burger, I couldn't care less

16  about any sort of settlement agreement.  I haven't approved

17  the settlement agreement.  I don't -- I mean, all I did was

18  lift the stay.  That's all I did.  That's all the order

19  provides for.

20          MR. BURGER:  Right.  Yeah, but that motion says

21  that the stay needed to be lifted to effectuate a settlement

22  agreement, and that settlement agreement vacates my client's

23  judgment in April of 2023, it vacates the orders out of the

24  Delaware Bankruptcy Court, it vacates orders holding

25  Ms. Thomas and the other people liable for numerous motions

1   to recuse the State Court Judge, to vacate a vexatious

2   litigant order that was entered in November sanctioning her

3   and James Thomas in the amount of $50,000 for the actions

4   that they had undertaken.  It's not simply lifting the

5   automatic stay, Your Honor.

6           Ms. Thomas has a history --

7           THE COURT:  Mr. Burger, I'm showing you the

8   order.  Here's the order right there, okay?  You can look at

9   it.

10          MR. BURGER:  And I --

11          THE COURT:  All right, and the last paragraph,

12  "Accordingly, it is ordered the motion is granted leave from

13  the automatic stay to pursue US Federal District Court of

14  Delaware remedies."  That's the only thing it says.  It

15  lifts the stay.  It doesn't do anything more.  I can clarify

16  it and say it doesn't do anything other than lift the stay,

17  but if I don't lift the stay, what do I then do?

18          MR. BURGER:  Well, first, I think the Court -- if

19  Ms. Thomas and her parties have entered into a settlement

20  agreement as part of their motion, I think they need to

21  express what those terms are to your Court, because your

22  Court is the one that has jurisdiction over whatever claims

23  and whatever matters she's trying to settle, and she didn't

24  do it.  She didn't file any of the settlement agreements

25  with your Court.

1           THE COURT:  But again, Mr. Burger, I haven't

2    approved any sort of settlement agreement.  I'm assuming

3    someone's going to have to do that.  Could be me or someone

4    else, but as a practical matter, all I did was lift the

5    stay.  That's all I did.

6           I can clarify that.  I haven't proved anything.

7    I haven't taken any action on anything else.  All I've done

8    is lift the stay.

9           I mean, if you want me to do something else other

10   -- I mean, I'm just trying to figure out where we go.  If I

11   don't lift the stay, if I vacate the order, what am I then

12   going to do?

13       (Phone loudly ringing in background.)

14           THE COURT:  Whoever that is, just turn them off.

15           Okay, what's the practical ramification?

16           MR. BURGER:  Well, the --

17           THE COURT:  You've got litigation going on in

18   Delaware, okay?

19           MR. BURGER:  Right.

20           THE COURT:  You can't remove it to me.  It's

21   already in Federal Court, right?

22           MR. BURGER:  Right.

23           THE COURT:  Okay.  So, either I lift the stay or

24   I don't lift the stay.  What am I going to do if I don't

25   lift the stay?  What's the practical effect of that?

1          MR. BURGER:  The practical effect -- I agree with

2    the Court.  Lifting of the automatic stay, in my opinion,

3    is --

4          THE COURT:  Does nothing other than lift the

5    stay.  I mean, that's all it does.

6          MR. BURGER:  It does nothing --

7          THE COURT:  I mean --

8          MR. BURGER:  Right, but my concern, Your Honor,

9    and I know the Court is not really concerned about the

10   underlying obligations, but I guarantee you that Ms. Thomas

11   is going to take your order to the Federal District Court in

12   Delaware, and she is going to misrepresent what happened in

13   your court and she's going to tell the Delaware District

14   Court that the company that she tried to put in bankruptcy

15   is a title interest holder in my client's property, and

16   she's going to try to get that Federal District Court to

17   approve a settlement, which she will then bring back to the

18   Texas courts.  And then --

19         THE COURT:  Okay, but here's the problem,

20   Mr. Burger.  I can't -- I'm not an appeals court for what

21   happens in some District Court somewhere else.  I can't

22   basically usurp their jurisdiction by simply saying the stay

23   is going to remain in place and don't do anything.  I mean,

24   there's got to be some sort of practical way to resolve your

25   claims, okay?  And I understand that, but if I can't resolve

1  them, what am I supposed to do?  I mean, I understand your

2  predicament.

3          MR. BURGER:  Right.

4          THE COURT:  Okay, but again, litigation is -- go

5  ahead.

6          MR. BURGER:  Litigation is litigation.  I get

7  that, Your Honor, but remember, Ms. Thomas has broken into

8  my client's house twice since August of last year.

9          THE COURT:  Okay, that's argument.  That's not

10  evidence and I'm not sure I want to hear evidence on this.

11  I'm trying to determine whether I should vacate my order

12  lifting the stay, and if I should vacate it or modify it,

13  what do I then do, okay?

14          MR. BURGER:  Right.

15          THE COURT:  You want me to vacate the order,

16  right?

17          MR. BURGER:  Right.

18          THE COURT:  Okay.

19          MR. BURGER:  If the Court wants to clarify --

20          THE COURT:  Okay.  So, bear with me.  Bear with

21  me.

22          So, assuming that you want me to vacate the

23  order, what do you then want me to do?

24          MR. BURGER:  If the Court wants to clarify that

25  it is expressing no, it's not making any expressions one way

1  or another on the underlying merits of whatever settlement

2  agreement is entered into between Elizabeth Thomas and the

3  other parties to what she says is her settlement agreement,

4  that's fine, but my concern is that you have two lawyers who

5  have misrepresented to you what the status of the underlying

6  lawsuit is.

7          THE COURT:  Okay, 9011 applies.  9011 applies,

8  and you can file some sort of motion for sanctions.  That's

9  not before me right now.  I agree there may be real problems

10  with what the lawyers have done in this case based on what

11  I've seen, but that's not before me.  If you want to file a

12  9011 motion, feel free.

13          MR. BURGER:  Okay.

14          THE COURT:  Okay, I'm here.  I'm working.  I'll

15  do it, okay?  But the problem is, what do I then do?  And I

16  think that if you want me to clarify the order, saying all

17  I've done is lift the stay, I've done anything else, and

18  Ms. Thomas, don't make any representations about what my

19  order says or doesn't say.  It does one thing.  It lifts the

20  stay.  That's all it does.

21          I'm happy to do that as well, Okay?

22          MS. THOMAS:  Can I be excused?

23          THE COURT:  No, ma'am, you may not, because you

24  basically have to tell me what you want me to do or not do,

25  and I want to give you an opportunity to respond to what

1  Mr. Burger is saying.

2           Ms. Rodriguez, do you have anything you want to

3  tell me?

4           MS. RODRIGUEZ:  No, Your Honor, we're just

5  observing.

6           THE COURT:  Okay, and again -- and Ms. Thomas

7  just left, which is why I hate virtual hearings.

8           But Mr. Burger, I don't think this case is --

9           FEMALE SPEAKER:  Sorry.

10          THE COURT:  Bear with me.

11          I don't think this case is going anywhere.

12  Effectively, I think at some point in time, it's going to

13  end up being dismissed, and if that's the case, what

14  difference will it make?

15          MR. BURGER:  Understood.  I know that the Trustee

16  does have a motion to dismiss pending, and we haven't taken

17  a position on that at this point and we'll just deal with

18  that, but if the Court does want to issue an order

19  clarifying that it does nothing more than lift the stay,

20  then I'm comfortable with that --

21          THE COURT:  All right, Ms. Thomas --

22          MR. BURGER:  -- and we will proceed.

23          THE COURT:  -- I'm going let you respond now to

24  what we've talked about, and I need you to tell me anything

25  you think I need to know about lifting the stay and any sort

1    of other representations you want to make to me right now.

2            MS. THOMAS:  Well, first of all, Your Honor, I'm

3    really confused because P.C.F. Properties in TX was non-

4    suited from the State Court litigation on February 18th,

5    2020.  They were non-suited.

6            First of all, this is not my lawsuit.  I'm not a

7    plaintiff in this State Court litigation.  I'm a defendant.

8    So, I didn't file anything against anybody.  That's number

9    one.  And second --

10           THE COURT:  Okay.  Whoa, whoa, whoa.  Ms. Thomas,

11   you signed off on this order, the order that I signed.

12           MS. THOMAS:  Yeah.  Yeah, I'm talking about he's

13   talking about the State Court litigation.

14           THE COURT:  Okay, and I don't want to talk about

15   the litigation that's going on in District Court, because I

16   can't do anything about that.  I want to know why I should

17   or should not vacate this order.

18           MS. THOMAS:  The litigation in the Delaware case

19   for PCF Investment, Inc., also known as PCF Investments.

20   PCF, Inc. is a Delaware corporation.  It doesn't have

21   anything to do with Attorney Burger's P.C.F.  They're not a

22   party to it.  They didn't even file -- if he has problems

23   with their appeal or if he thinks there's going to be some

24   misrepresentation of the appeal, he could have filed a

25   motion to intervene.  He could have filed a motion to

 1  intervene and brought all these issues in front of the

 2  Delaware Court, but he waited until I filed an appeal.  He

 3  knew that all the claims that he's bringing up were

 4  transferred to the Court.

 5          THE COURT:  Okay.  Ms. Thomas, again, I'm going

 6  to direct you back to this order, okay?

 7          MS. THOMAS:  Yes, Your Honor.

 8          THE COURT:  It's an order you signed off on.

 9  Mr. Burger wants me to vacate it or to clarify it.  I want

10  to know what your position is relative to this order,

11  because I don't have any of that other litigation before me

12  and honestly, can't do anything about it because I don't

13  have jurisdiction.

14          I just want to know what you think about this

15  order and whether you're happy if I clarify and say all I've

16  done is lift the stay.  I haven't done anything else in the

17  case.  I don't want you representing that I've done anything

18  else other than lift the stay.

19          MS. THOMAS:  I don't have any objection to you

20  doing that, Your Honor, because you haven't.  No one has put

21  anything before you about the Delaware case.  So, if you

22  want to clarify it, if you want to clarify lifting the stay,

23  that's fine.

24          And as far as Mr. Burger's talk about the

25  settlement, the Delaware District Court is the one who

1   issued an order.  No one even asked me.  I'm an Appellant

2   and no one even asked for a settlement.  It's part of their

3   mandatory procedure for all bankruptcy appeals, that you

4   participate in mediation.

5           THE COURT:  All right, Ms. Thomas.  Ms. Thomas,

6   okay.

7           So, here's what I'm going to do, Mr. Burger,

8   okay?  I'm going to allow you, if you feel like these

9   lawyers have misrepresented facts to me by pleadings, if you

10  want to file a motion for sanctions, I'm more than happy to

11  hear that.  I'm going to enter an order, in effect, that

12  clarifies my prior order that says I've done nothing as it

13  relates to any of the claims or causes of action against any

14  of the parties who are named or unnamed in this order, that

15  all I've done is lift the stay so other courts can litigate

16  the issue, and if there's some way for me to exercise

17  jurisdiction, I will, but I don't think that there is.

18          And Mr. Burger, you can do what you need to do.

19          Ms. Thomas, you need to prosecute this case

20  properly because if you don't prosecute this case properly,

21  anything I enter after the case is dismissed doesn't do you

22  any good, doesn't do anybody any good, all right?

23          And I think we're unfortunately marching towards

24  dismissal because I don't think the case is being properly

25  prosecuted, but that's a call for another day, all right?

1          Thank you all for appearing.

2          MS. RODRIGUEZ:  Thank you, Your Honor.

3          THE COURT:  Thank you.

4          You're all excused, and we're adjourned.

5      (Hearing adjourned at 2:00 p.m.)

6                    *  *  *  *  *

7          *I certify that the foregoing is a correct*

8  *transcript to the best of my ability due to the condition of*

9  *the electronic sound recording of the ZOOM/video/telephonic*

10 *proceedings in the above-entitled matter.*

11 */S/ MARY D. HENRY*

12 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

13 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

14 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

15 *JTT TRANSCRIPT #68413*

16 *DATE FILED:  MARCH 31, 2024*

17

18

19

20

21

22

23

24

25

**UNITED STATES  DISTRICT COURT**
**SOUTHERN OF TEXAS**
**HOUSTON DIVISION**

In re.  P.C.F.  Properties in TX, LLC                    **CIV. 24-3875**
*Plaintiff*

*vs*

James M.  Andersen, Elizabeth Thomas
Jasmine B .Jarbis, Jireh Pitts, and
Monique Moore et al.                         **Removed from: 80ᵗʰ District Court**
*Defendants*                                 **Harris County, Texas**

                                      **MISC. DOCKET NO. 2020-35780**

**FILING OF STATE COURT RECORDS FOR CAUSE**

| No. | Date Filed | Document | New Filing Party |
|---|---|---|---|
| Exhibit 1 | July 11, 2024 | Misc Doc, Petition initiating a **new Case** | P.C.F. Properties in TX, LLC, against, Elizabeth Thomas, Jasmine Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires et al |
| Exhibit 2 | July 11, 2024 | Proposed Order | P.C.F. Properties |
| Exhibit 3 | October 9, 2024 | Answer, Counter-claim | James M. Andersen |

Respectfully submitted,

By:/s/*James M. Andersen*

Dated: August 15, 2024
James M. Andersen
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2024  a copy of the foregoing document

was served via EFC-Filing system or e-mail and U. S. Mail, postage prepaid, to:

John V. Burger
Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
evictions@barryandsewart.com

Harris County District Attorney Office
Public Corruption Department
1201 Franklin St
Houston, TX 77002

New York Attorney General Office
Civil Rights/Criminal Division
28 Liberty St.
New York, NY 10005

U.S. Attorney Office
For the Southern District of New York
Criminal Division
26 Federal Plaza, 37th Floor
New York, NY 10278

By:/s/James M. Andersen

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

EXHIBIT-1

*CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants*, | § | |
| | § | 80th JUDICIAL DISTRICT |
| v. | § § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL | § § § | HARRIS COUNTY, TEXAS |
| *Defendant/Third-Party Plaintiff* | § | |

MISC. DOCKET NO. 2020-35780

In Re: A Purported                    In the District Court
Lien or Claim Against Real Property Owned by In and For Harris County, Texas
P.C.F. Properties in TX, LLC          80th Judicial District

**Motion for Judicial Review of Documentation**

**or Instrument Purporting to Create Liens or Claims**

Now Comes, P.C.F. Properties in TX, LLC and files this motion requesting a judicial determination of the status of documentation or instruments purporting to create interests in real property, or liens or claims on real, or an interest in real property relating to 8202 Terra Valley Lane, Tomball, TX 77375, all of which are filed in the office of the Clerk of Harris County, Texas, and in support of the motion would show the court as follows:

I.        P.C.F. Properties in TX, LLC, Movant herein, is the owner of the real property commonly known as 8202 Terra Valley Lane, Tomball, TX 77375, or the interest in real property described in the documentation or instrument. The Property is more particularly described as:

Lot Twenty-Five (25), in Block Two (2), of Miramar Lake Section Three (3), a Subdivision in Harris County, Texas, according to the Map or Plat thereof recorded under Film Code No. 553108 of the Map Records of Harris County, Texas.

Movant's interest in the Property is derived from a Trustee's Deed from Anna C. Sewart dated March 13, 2020, and recorded under Instrument No. RP-2020-116398 in the Real Property Records of Harris County, Texas. Movant also is the holder of a final judgment dated April 19, 2023, in Case No. 2020-35780, by the 80th Judicial District Court, Harris County, Texas, in *Thomas, et al v. P.C.F. Properties in TX, LLC., et al*. The Judgment quieted title to the Property, avoiding all other claims and/or interests in the Property.

II.     As set forth below, in the exercise of the county clerk's official duties as County Clerk of Harris County, Texas, the county clerk received and filed and recorded the following documentation or instruments attached hereto and containing 22 pages. Said documentation or instruments purport to have created liens or claim interests on the Terra Valley Property, or a purported legal interest in real property against one the parties listed below:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
|---|---|---|---|---|
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

III.    Movant alleges that these deeds, documents and/or instruments attached hereto are fraudulent, as defined by Section 51.901(c)(2), Government Code, and that these deeds, documentation, and/.or instrument should therefore not be accorded lien or claim status and should be removed from Movant's chain of title..

IV.    Movant attests that assertions herein are true and correct.

V.    Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien.  Movant further acknowledges that movant may be subject to sanctions, as provided by Chapter 10, Civil Practice and Remedies Code, if this motion is determined to be frivolous.

Unofficial Copy Office of Marilyn Burgess District Clerk

PRAYER

Movant requests the court to review the attached documentation or instrument and enter an order determining whether it should be accorded lien status, together with such other orders as the court deems appropriate.

Respectfully submitted,

BARRY & SEWART. PLLC

___/s/ John V. Burger_____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN: 24108500BARRY
& SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel.  (713) 722-0281
Fax. (713) 722-9786
Email:   john@barryandsewart.com
        evictions@barryandsewart.com

*Attorneys for Movant, P.C.F. Properties in TX, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing was served to all parties in interest listed below by electronic delivery as allowed by the Texas Rules of Civil Procedure by first class United States mail, postage prepaid, on or before the 11th day of July, 2024.

James M. Andersen
Agent for Jireh Pitts
PO Box 58554
Webster, TX 77598

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

 /s/ *John V. Burger*
John V. Burger

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

### Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instruments Purporting to Create Liens or Claims

On the _____ day of _____, 2024), in the above entitled and numbered cause, this court reviewed a motion, verified by affidavit, of P.C.F. Properties in TX, LLC and the documentation or instrument(s) attached thereto. No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument under the authority vested in the court under Subchapter J, Chapter 51, Government Code.  1

The court finds as follows (only an item checked and initialed is a valid court ruling):

_____ The documentation or instrument(s) attached to the motion herein IS asserted against real or personal property or an interest in real or personal property and:

(1) IS provided for by specific state or federal statutes or constitutional provisions;

(2) IS created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by consent of an agent, fiduciary, or other representative of that person; or

(3) IS an equitable, constructive, or other lien imposed by a court of competent jurisdiction created or established under the constitution or laws of this state or of the United States.

_____ The documentation or instrument(s) attached to the motion herein:

(1) IS NOT provided for by specific state or federal statutes or constitutional provisions;

(2) IS NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;

(3) IS NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) IS NOT asserted against real or personal property or an interest in real or personal property.   There is no valid lien or claim created by this documentation or instrument(s).   The following liens and/or claims against the real property located at 8202 Terra Valley Lane, Tomball, TX 77375, are declared null and void:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |
| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act.   The county clerk shall file this finding of fact and conclusion of law in the same class of records as the

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

Unofficial Copy Office of Marilyn Burgess District Clerk

subject documentation or instrument was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject documentation or instrument.

SIGNED ON THIS THE _____ DAY OF _____.

_____

DISTRICT JUDGE
80th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants*, | § | |
| | § | 80th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL | § § | HARRIS COUNTY, TEXAS |
| *Defendant/Third-Party Plaintiff* | § | |

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

## NOTICE OF IN-PERSON ORAL HEARING

**Motion for Judicial Review of Documentation
or Instrument Purporting to Create Liens or Claims**

Please take notice that an **in-person** oral hearing will be conducted on August 13, 2024, at

1:30 p.m., to consider and rule P.C.F. PROPERTIES IN TX, LLC's MOTION FOR JUDICIAL

REVIEW OF DOCUMENTATION OR INSTRUMENT PURPORTING TO CREATE LIENS

OR CLAIMS. **THIS IS HEARING WILL BE CONDUCTED by the Honorable Jerlynn**

**Manor, 80th Judicial District Court of Harris County**, Texas, 201 Caroline Street, 13th Floor,

Houston, TX 77002.

Respectfully submitted,

BARRY & SEWART. PLLC


_____/s John V. Burger_ _____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel.  (713) 722-0281
Fax. (713) 722-9786
 Email:  evictions@barryandsewart.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 11, 2024, a true and correct copy of the foregoing pleading has been furnished to all parties as follows:

James M. Andersen
Agent for Jireh Pitts
PO Box 58554
Webster, TX 77598

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

*/s/John V. Burger*
John V. Burger

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Wm. LanceLewis | | lewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

7/11/2024 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89675417
By: DANIELLE JIMENEZ
Filed: 7/11/2024 1:16 PM

EXHIBIT-2

MISC. DOCKET NO. 2020-35780

In Re: A Purported                          In the District Court
Lien or Claim Against Real Property Owned by   In and For Harris County, Texas
P.C.F. Properties in TX, LLC                  80th Judicial District

**Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or
Instruments Purporting to Create Liens or Claims**

On the _____ day of _____, 2024), in the above entitled and numbered cause, this court reviewed a motion, verified by affidavit, of P.C.F. Properties in TX, LLC and the documentation or instrument(s) attached thereto. No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument under the authority vested in the court under Subchapter J, Chapter 51, Government Code.  1

The court finds as follows (only an item checked and initialed is a valid court ruling):

_____ The documentation or instrument(s) attached to the motion herein IS asserted against real or personal property or an interest in real or personal property and:

(1)  IS provided for by specific state or federal statutes or constitutional provisions;

(2)  IS created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by consent of an agent, fiduciary, or other representative of that person; or

(3)  IS an equitable, constructive, or other lien imposed by a court of competent jurisdiction created or established under the constitution or laws of this state or of the United States.

_____ The documentation or instrument(s) attached to the motion herein:

(1)  IS NOT provided for by specific state or federal statutes or constitutional provisions;

(2)  IS NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;

BAS200099 – ORDER AVOIDING LIENS & CLAIMS

(3) IS NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) IS NOT asserted against real or personal property or an interest in real or personal property.  There is no valid lien or claim created by this documentation or instrument(s).  The following liens and/or claims against the real property located at 8202 Terra Valley Lane, Tomball, TX 77375, are declared null and void:

| Instrument No. | Date Recorded | Type | Grantor | Grantee |
|---|---|---|---|---|
| EXHIBIT A RP-2023-141432 | 04/20/2023 | Release of Lien | ANDERSEN JAMES M | THOMAS ELIZABETH |
| EXHIBIT B RP-2023-148789 | 04/26/2023 | Warranty Deed | MOORE MONIQUE | BEGUESSE-JARBIS JASMINE |
| EXHIBIT C RP-2023-428601 | 11/09/2023 | Lis Pendens[1] | PITTS JIREH | P C F INVESTMENTS INC P C F PROPERTIES IN TX LLC P C F PROPERTY MANAGEMENT LLC |
| EXHIBIT D RP-2023-455646 | 12/04/2023 | Warranty Deed | MOORE MONIQUE | THOMAS ELIZABETH |
| EXHIBIT. E RP-2024-49552 | 02/13/2024 | Deed of Trust | JARBIS JASMINE B | SPIRES SHELVY |
| EXHIBIT. F RP-2024-175520 | 05/14/2024 | Notice of Trustee's Sale | NRIA MAIKI SPIRES SHELVY | JARBIS JASMINE |
| EXHIBIT. G RP-2024-209741 | 06/10/2024 | Trustee's Deed | JARBIS JASMINE B NRIA MALKI | SPIRES SHELVY |

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act.  The county clerk shall file this finding of fact and conclusion of law in the same class of records as the

---

[1] P.C.F. Properties in TX, LLC is not a named party in the litigation and the Lis Pendens alleges facts not supported by any court record.

subject documentation or instrument was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject documentation or instrument.

SIGNED ON THIS THE _____ DAY OF _____.


_____

DISTRICT JUDGE
80th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 89675417
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO AVOID LIENS & DEEDS3
Status as of 7/11/2024 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 7/11/2024 1:16:46 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 7/11/2024 1:16:46 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/11/2024 1:16:46 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 7/11/2024 1:16:46 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 7/11/2024 1:16:46 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 7/11/2024 1:16:46 PM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 7/11/2024 1:16:46 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 7/11/2024 1:16:46 PM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 7/11/2024 1:16:46 PM | SENT |

EXHIBIT-3

## MISC Docket No. 2020-35780

| | | |
|---|---|---|
| In re. P.C.F.  Properties in TX, LLC | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs/Counter-Defendants* | § | |
| *vs* | § | |
| | § | |
| James M.  Andersen, Elizabeth Thomas | § | **80ᵗʰ JUDICIAL DISTRICT COURT** |
| Jasmine B .Jarbis, Jireh Pitts, and | | |
| Monique Moore et al. | § | |
| *Defendants/Third-Party Plaintiff* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | **"JURY TRIAL DEMANDED"** |

## ORIGINAL ANSWER AND COUNTERCLAIM

Comes now, James M. Andersen and files this Original Answer and Counter Claim against P.C.F. Properties in TX, LLC a purported Texas limited liability company , and in support thereof, would show unto the Court:

### I. ORIGINAL ANSWER

*A. Affirmative Defenses*

1.  Defendant pleads the affirmative defense of fraud this type of action is only available to the current owner of the property and according to the Harris County Real Property Record P.C.F. Property in TX, LLC is not the current owner.

2.  Defendant pleads the affirmative defense of illegality.

3.  Defendant pleads the affirmative defense of   res judicata. Multiple lawsuits and orders concerning the subject property exists which limits Plaintiff's right to recovery.

### *B. General Denial*

4.      Defendant enters a general denial on each and every cause of action and demands strict proof thereof.

## II. COUNTERCLAIM

*A. Preamble:*

     5.    This case is the latest attempt in a saga that spans more than 4 years of the debt collectors Barry & Swart PLLC., attempt to collect an unlawful debt. Barry & Swart PLLC, and its client Plaintiff P.C.F.  Properties in TX, LLC, as part of statewide RICO Enterprise scheme in the State of Texas in which they attempt to collect outstanding mortgage debts for a lender named FLAGSTONE LENDING GROUP a purported State of Utah Corporation and/or MTH LENDING GROUP LP.,  a a purported State Texas Corporation whom also operated out of the State of Utah, none of these alleged lenders had any license as a matter of fact FLAGSTONE LENDING GROUP a purported State of Utah Corporation has no legal existence instead.

### Statement of Facts

     6.    On October 19, 2007, Elizabeth Thomas attended a real estate settlement closing at  f/k/a MTH  Title Company L.C., with  her lender  MTH  Lending  Group  L.P, license address being 550  Westcott,  STE  450,  Houston Tex,  77007,  and  executed  loans  document  for  a  Texas Equity mortgage loan  in the  amount of $235, 262.37, an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of property at 8202 Terra Valley Lane, Tomball Tx. 77375.

     7.    On October 19, 2007, although Ms. Thomas executed the loan documents with lender MTH  Lending  Group  L.P,  sold the loan and the Deed of Trust securing the mortgage loan were executed in the name of MTH  Lending  Group  L.P, then partner **Flagstone Lending Group L.P.**, a Texas limited Partnership  address being  8501 Katy Freeway Houston Texas 77024.

     8.    Instead unknown is the fact that on October 19, 2007, a "Deed of Trust" was filed in the Harris County Real Property Records which names the lender FLAGSTONE  LENDING

GROUP, a purported State of Utah Corporation as the beneficiary of a alleged money purchase

loan to Ms. Thomas allegedly funded in the amount of $239,400.00, and names  Tilwa Grooms

as the Trustee.

9.      Flagstone Lending Group is a Non-Existent Foreign "Utah <u>Corporation"</u> and

<u>MTH Lending Group L.P.</u>, a Non-Existent   "<u>Texas Corporation</u>"   "<u>*do not*</u>" hold a

"Regulated Loan License" as required to engage in the business of making, transacting, or

negotiating loans mandatorily required pursuant to Texas Finance Code § 342.051 and

operating without a license is *illega*l its a criminal offense a "<u>*felony of the third degree*</u>"

pursuant to Texas Finance Code 151.708(2).

10.      FLAGSTONE LENDING GROUP   is an Non-Existent "**Utah Corporation**"

and MTH Lending Group L.P., a Non-Existent "**Texas Corporation**" operated **their**

criminal illegal lending business in the State of Texas among through Twila Grooms Law

Firm LLP, Barry & Sewart PLLC, John V Burger and P.C.F. Properties in TX, LLC.

11.      On or about December 27, 2016, recorded in the Harris County Real Property

Records was Special Warranty Deed which dissolved the trust created in favor of beneficiary

FLAGSTONE  LENDING  GROUP is a Non-Existent "**Utah Corporation**"as a non-

existent entity cannot be a beneficiary of a trust.

12.     On February  23, 2018, a Satisfaction and Release of FLAGSTONE LENDING

GROUP a Non-Existent Foreign "Utah <u>Corporation"</u>  Deed of Trust was recorded in the

Harris County Real Property Records including that said deed of trust no longer has any force of

effect as of December 27, 2026.

13.      On February 14, 2019, the Honorable Judge McFarland has already ruled the Deed of
Trust is not a vaild lien.

14.   On March 3, 2020, P.C.F. PROPERTIES IN TX. LLC,  a Texas limited liability company claims to have allegedly foreclosed on FLAGSTONE LENDING GROUP a a Non-Existent Foreign "Utah <u>Corporation"</u>  that has been recorded in the Harris County Real Property as release since the year of 2026 the power of sale no longer having any legal force or effect.

15.   P.C.F. PROPERTIES IN TX. LLC,  a Texas limited liability company is separate and distinct entity from P.C.F. Properties in TX, LLC, in that this entity according to the Texas Secretary of State is not a Texas limited liability company.

16.   According to the Texas Secretary of State the entity P.C.F. Properties in TX, LLC, has no legal existence in the State of Texas due to never being legally form.  Instead this entity which lacks a legal existence was created by P.C.F. PROPERTIES IN TX. LLC, John V. Burger and Barry & Sewart PLLC., law firm after losing in the Justice of the Peace Court.

17.   On March 19, 2020, P.C.F. PROPERTIES IN TX LLC., filed a "Forcible Detainer" action against Elizabeth Thomas or All Other Occupants for possession of the property located at 8202 Terra Valley  Lane Texas 77375 in the Justice of the Peace Court Precinct 4, Place 1 Cause No. 1156772,.

18.   P.C.F. PROPERTIES IN TX LLC alleged Debtor Thomas defaulted on  her mortgage loan from Flagstone Lending Group a Utah Corporation as a result on March 3, 2020, its counsel Anna Sewart the alleged "substitute trustee" foreclosed on beneficiary Flagstone "Deed of Trust" _**formerly**_ recorded in the Public Harris County Real Property Record, _under instrument_ No. 20070643669, and the Trustee Deed was recorded on March 13, 2020.

19.   Ms. Thomas responded that said Flagstone Lending Group a Utah Corporation has been recorded as release due to being wrongfully recorded and this Flagstone a Utah Corporation has

no legal existence or funded Thomas with a loan effective the release was recorded on **December 27, 2016**, stating that said deed of trust no longer has any legal force or effect.

20.     Secondly Debtor Thomas also raised the affirmative defense that her mortgage loan from lender said Flagstone Lending Group L.P/MTH Lending Group was been in bankruptcy in the year of 2011**.**

21.     On July 13, 2020, the Honorable Judge Lincoln, held a non-jury trial; and ruled that on March 3, 2020, Ana Sewart  the alleged substitute trustee had no power to transfer title of the property to P.C.F. PROPERTIES IN TX LLC.,  because the Deed of Trust had been  recorded as release in the public record no longer has any legal force or effect. Therefore P.C.F. PROPERTIES IN TX LLC., could not have obtained title or color of title from the substitute trustee. See *Martin v. Cadle* Company, 133 S.W.3d 897 (Tex. App.- 2004 Precedential) and the court awarded possession of said property to Elizabeth Thomas and James Allen..

22.     On July 13, 2020, P.C.F. PROPERTIES IN TX LLC., *filed a* appealed to the  County Court at Law No. 3 cause number No.  1156772, case entitled P.C.F. PROPERTIES IN TX *vs. Elizabeth Thomas, Inventor James Allen et al*, before the Honorable Judge LaShawn A. Williams.

23.      On **August 20, 2020**, Barry & Stewart, wrote a letter to Attorney James Andersen and threaten him that unless he agrees to make a statement that the signatures on certain documents recorded in the Harris County Real Property (i) Special Warranty Deed; and (ii) Satisfaction of Deed of Trust cancelling the trust allegedly created on October 19, 2007, on behalf of Flagstone Lending Group is a Non-Existent Utah due to a lack of a existing beneficiary are both  forgeries within 7 days they were going to report him to the Texas State Bar, and when Andersen failed to response within the 7 days

period a phone was placed to him offering him a financial bribe which Andersen refused.

24.    The Honorable Judge LaShawn A. Williams,

25.     Having loss in the Justice of the Peace Court and County Court at Law P.C.F. PROPERTIES IN TX LLC, John V. Burger together with the Barry & Sewart PLLC., law firm created this fake fictions non-existent entity P.C.F. Properties in TX, LLC to file a false affidavit alleging to be the current owner and thereby moving to the court to declare all others deeds void is just a ongoing scheme targeted against African Americans to steal their property.

26.    This misc docket number does not exist according thee Harris County District Clerk Administration office this whole proceeding is merely evidence of ongoing fraud.

## *Cause of Action*

### *Declaratory Judgment*

27.    Defendant brings this counterclaim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37. Defendant asks this Court to declare that (i) P.C.F. Properties in TX, LLC is a fake fictions non-existent entity (ii) this Misc Docket No. 2020-35780 is fake cause of action number that does not exist; and (iii) that neither the Defendant or fake fictions non-existent entity P.C.F. Properties in TX, LLC, hold any interest in any property located at 8202 Terra Valley Lane, Tomball TX, 77375.

### *Attorney Fees*

28. 26. Defendant seeks recovery of its costs and reasonable and necessary attorneys' fees from Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009.

### *. Conditions Precedent*

29.   All conditions precedent to Defendants' right to recover have been performed, have occurred, and/or have been waived

### III. REQUEST FOR DISCLOSURES

30. Defendants hereby request that the Plaintiffs disclose the information set forth in TRCP 194.2(a) through (l) within 31 days of receipt of this request and that Plaintiffs supplement such responses on an ongoing basis as soon as additional information becomes known.

### IV. NOTICE UNDER TEX. R. CIV. P. 193.7

31. Defendants serve notice of their intent to rely on the self-authentication provisions of Rule 193.7 TRCP with respect to any document produced by any party unless the producing party or some other party objects as required by the rule.

Respectfully submitted

/**s**/ James M. Andersen
James M, Andersen
Attorney At Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851
Jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of October 2024, a true and correct copy of the foregoing document was served by E-File to all parties of record or by email and/or mail via the United States Postal Service regular mail.

/**s**/ James M. Andersen
James M, Andersen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Andersen on behalf of James Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 92963814
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Answer Affirmative Defenses and Counter-Claims
Status as of 10/9/2024 11:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Allen | | jamesthegreat74@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN HONORABLE ADMINSTRATIVE JUDGE SUSAN BROWN | | Rebecca_Brite@justex.net | 10/9/2024 11:29:14 AM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 10/9/2024 11:29:14 AM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 10/9/2024 11:29:14 AM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 10/9/2024 11:29:14 AM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 10/9/2024 11:29:14 AM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 10/9/2024 11:29:14 AM | SENT |
| James Andersen | | jandersen.law@gmail.com | 10/9/2024 11:29:14 AM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 10/9/2024 11:29:14 AM | ERROR |
| Wm. LanceLewis | | llewis@qslwm.com | 10/9/2024 11:29:14 AM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 10/9/2024 11:29:14 AM | SENT |
| Honorable Judge Susan Brown Judge Susan Brown | | Rebecca_Brite@justex.net | 10/9/2024 11:29:14 AM | SENT |

TAB-2-COURT DOCKET SHEET

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Adversary Proceeding #: 24-03216

| | |
|---|---|
| *Assigned to:* Bankruptcy Judge Alfredo R Perez | *Date Filed:* 10/10/24 |
| *Lead BK Case:* 99-99999 | *Date Terminated:* 11/05/24 |
| *Lead BK Title:* Out of District Main Case | *Date Removed From State:* |
| *Lead BK Chapter:* 7 | 10/10/24 |
| *Demand:* | |

*Nature[s] of Suit:*  01 Determination of removed claim or cause

**Plaintiff**
-----------------------

**P.C.F. Properties in TX, LLC**      represented by **John V Burger**
4151 Southwest Frwy
Suite 680
Houston, TX 77027
713-960-9696
Fax : 713-961-4403
Email: bankruptcy@burgerlawfirm.com

V.

**Defendant**
-----------------------

**James Michael Andersen**      represented by **James Michael Andersen**
17041 El Camino Real      Attorney at Law
Suite 204      17041 El Camino Real
Houston, TX 77058      Ste 204
281-488-2800      Houston, TX 77058
SSN / ITIN: xxx-xx-8554      281-488-2800
Email: jandersen.law@gmail.com

**Defendant**

**Elizabeth Thomas**                    represented by **Elizabeth Thomas**
                                          PRO SE


*Defendant*
------------------------

**Jasmine B. Jarbis**                   represented by **Jasmine B. Jarbis**
                                          PRO SE


*Defendant*
------------------------

**Jireh Pitts**                         represented by **Jireh Pitts**
                                          PRO SE


*Defendant*
------------------------

**Monique Moore**                       represented by **Monique Moore**
                                          PRO SE


| Filing Date | # | Docket Text |
|---|---|---|
| 10/10/2024 | 1<br>(28 pgs) | Nature of Suit: (01 (Determination of removed claim or cause)) Complaint by P.C.F. Properties in TX, LLC against James Michael Andersen , Elizabeth Thomas , Jasmine B. Jarbis , Jireh Pitts , Monique Moore . Receipt Number 0, Fee Amount $350 (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 2<br>(27 pgs) | Amended Notice of Removal by James Michael Andersen . (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 3<br>(29 pgs; 4 docs) | State Court Records by James Michael Andersen . (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (hem4) (Entered: 10/17/2024) |
| 10/15/2024 | 4<br>(2 pgs) | Withdrawal of claim (Filed By James Michael Andersen ).(Related document(s):1 Complaint) (hem4). (Entered: 10/17/2024) |

| | | |
|---|---|---|
| 10/18/2024 | 🌐 5<br>(66 pgs; 16 docs) | Motion for Remand. Objections/Request for Hearing Due in 21 days. Filed by Plaintiff P.C.F. Properties in TX, LLC (Attachments: # 1 Exhibit Texas Supreme Court Abatement Order # 2 Exhibit 24-08005 Remand Order # 3 Exhibit Andersen Dismissal Order # 4 Exhibit Judge Hittner Order # 5 Exhibit Judge Hughes Order # 6 Exhibit Judge Bennett Order # 7 Exhibit Judge Hanks Order # 8 Exhibit Second Judge Bennett Order # 9 Exhibit Final Summary Judgment # 10 Exhibit Recusal Sanctions Order # 11 Exhibit Vexatious Litigant Order # 12 Exhibit Court of Appeals Dismissal Order # 13 Exhibit Appeal Dismissal Order # 14 Exhibit Judge Isgur Order # 15 Proposed Order) (Burger, John) (Entered: 10/18/2024) |
| 10/21/2024 | 🌐 6<br>(1 pg) | Show Cause Order, Signed on 10/21/2024. (Related document(s):1 Complaint, 2 Document) **Show Cause hearing to be held on 11/5/2024 at 09:00 AM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 10/21/2024) |
| 10/23/2024 | 🌐 7<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):6 Order Setting Hearing) No. of Notices: 1. Notice Date 10/23/2024. (Admin.) (Entered: 10/23/2024) |
| 10/25/2024 | 🌐 8<br>(2 pgs) | Order for Conference Pre-Trial Conference set for 12/18/2024 at 11:00 AM at Houston, Courtroom 400 (ARP). (tjl4) (Entered: 10/25/2024) |
| 10/27/2024 | 🌐 9<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):8 Order for Conference) No. of Notices: 1. Notice Date 10/27/2024. (Admin.) (Entered: 10/27/2024) |
| 11/01/2024 | 🌐 10<br>(8 pgs; 2 docs) | Ex Parte Motion for Withdrawal of Reference. Objections/Request for Hearing Due in 21 days. Fee Amount: $ 181. Filed by James Michael Andersen (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/01/2024) |
| 11/01/2024 | 🌐 11<br>(3 pgs; 2 docs) | Opposition Motion to Continue Hearing On (related document(s):5 Motion for Remand). Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/01/2024) |
| 11/01/2024 | 🌐 12<br>(1 pg) | Sealed Document *Out on Medical Until 11/13/2024* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 11/01/2024) |
| 11/04/2024 | 🌐 13<br>(1 pg) | Amended Order to Show Cause, Signed on 11/4/2024 (Related document(s):6 Order Setting Hearing, 10 Motion for Withdrawal of Reference, 11 Motion to Continue/Reschedule Hearing) The Court hereby amends the initial show cause order (ECF #6) and excuses Defendant Thomas from appearing at the show cause hearing. (abm4) (Entered: 11/04/2024) |
| 11/04/2024 | 🌐 14<br>(2 pgs) | Notice of Appeal filed. (related document(s):6 Order Setting Hearing, 13 Generic Order). Fee Amount $298. Appellant Designation due by 11/18/2024. (Andersen, James) (Entered: 11/04/2024) |
| 11/04/2024 | 🌐 15 | Election to Appeal to Court of Appeals *Elizabeth Thomas*. (Andersen, James) (Entered: 11/04/2024) |
| 11/05/2024 | 🌐 16 | Courtroom Minutes. Time Hearing Held: 9:41 AM to. Appearances: John Burger for Plaintiff and James Andersen as defendant. Argument heard. Defendant, James Andersen, consented to striking the Notice of Removal |

| | | |
|---|---|---|
| | | [1](#). The court will enter an order remanding case back to 80th District Court of Harris County, Texas. ERO: yes. (Related document(s):[1](#) Complaint, [2](#) Document). (abm4) (Entered: 11/05/2024) |
| 11/05/2024 | 🔊[17](#)<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 11/5/2024 9:41:07 AM ]. File Size [ 7120 KB ]. Run Time [ 00:14:50 ]. (admin). (Entered: 11/05/2024) |
| 11/05/2024 | [18](#)<br>(2 pgs) | Consent Order Striking the Notice of Removal and Remanding the Case to Texas State Court, Signed on 11/5/2024 (Related document(s):[1](#) Complaint, [2](#) Document, [6](#) Order Setting Hearing) (abm4) (Entered: 11/05/2024) |
| 11/06/2024 | [20](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):[13](#) Generic Order) No. of Notices: 1. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |
| 11/07/2024 | [21](#)<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 11/4/2024, Elizabeth Thomas filed a notice of appeal. The appeal has been assigned to U.S. District Judge George C Hanks, Jr, Civil Action 4:24cv4357. Parties notified (Related document(s):[14](#) Notice of Appeal) (bwl4) (Entered: 11/07/2024) |
| 11/07/2024 | [22](#)<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):[18](#) Generic Order) No. of Notices: 1. Notice Date 11/07/2024. (Admin.) (Entered: 11/07/2024) |
| 11/09/2024 | [23](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):[21](#) Clerk's Notice of Filing of an Appeal) No. of Notices: 1. Notice Date 11/09/2024. (Admin.) (Entered: 11/09/2024) |
| 11/14/2024 | [24](#)<br>(3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):[14](#) Notice of Appeal, 15 Election to Appeal). (Andersen, James) (Entered: 11/14/2024) |
| 10/21/2024 | ⚫ | Judge Alfredo R Perez added to case. (tjl4) (Entered: 10/21/2024) |
| 11/01/2024 | | Receipt of Motion for Withdrawal of Reference( [24-03216](#)) [motion,mwdrefad] ( 181.00) Filing Fee. Receipt number A25681936. Fee amount $ 181.00. (U.S. Treasury) (Entered: 11/01/2024) |
| 11/05/2024 | ⚫ | Adversary Case 4:24-ap-3216 Closed. (abm4) (Entered: 11/05/2024) |
| 11/07/2024 | | Receipt of Notice of Appeal( [24-03216](#)) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25694755. Fee amount $ 298.00. (U.S. Treasury) (Entered: 11/07/2024) |
| 11/12/2024 | ⚫ | ***Delivery Confirmation; delivery date(s) 11/8/2024 (Related document(s):[18](#) Generic Order, [19](#) Document(s) Sent) (dah4) (Entered: 11/12/2024) |

TAB-3-MOTION TO REMAND

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF
## TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **P.CF. PROPERTIES IN TX, LLC,** | § | |
| **Plaintiff,** | § | **Case No. 24-03216** |
| | § | |
| **vs.** | § | |
| | § | |
| **JAMES ANDERSEN, ELIZABETH** | § | |
| **THOMAS, JASMINE JARBIS, JIREH** | § | |
| **PITTS, MONIQUE MOORE AND** | § | |
| **ALLAN ARMANDO HAYE,** | § | |
| ***Defendants.*** | § | |

### P.C.F. PROPERTIES IN TX, LLC'S OBJECTION TO NOTICE OF REMOVAL (Doc. Nos. 1 and 2), MOTION TO REMAND AND RESPONSE TO MOTION TO

### <u>TRANSFER AND MOTION FOR SANCTIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

This removal proceeding is yet another part of a long-running legal battle waged by

Elizabeth Thomas and those aligned with her to challenge title to property located at 8202

Terra Valley Lane, Tomball, TX 77375. P.C.F. Properties in TX, LLC ("PCF"), the owner

of the Property, files its Objection to the attempted Notice of Removal (Doc. Nos. 1 and 4),

Motion to Remand this case back to the 80th Judicial District Court of Harris County, Texas

under Cause No. 2020-35780 (the "State District Court Case"), to the Court of Appeals of

Texas for the First District of Texas under Case No. 01-23-00331-CV (the "Appeal"), and

to the Texas Supreme Court in Case No. 24-0694 (the "Petition for Review") (all collectively

referred to as the "State Court Litigation")m its Response to the Motion to Transfer Venue,

and its Motion to Show Cause why Elizabeth Thomas and those aligned with her should not

be held in contempt of numerous District Court Orders, and shows as follows:

## OBJECTION TO REMOVAL AND MOTION TO REMAND

1.      Elizabeth Thomas and those aligned with her have removed this State Court Litigation and other cases to federal court to avoid substantive rulings against them.  In the instant case, PCF had set a hearing set on October 14, 2024, in State District Court Case related to an order issued by the Texas Supreme Court because of confusion caused by an attorney purporting to PCF's interest over PCF's objection.  A copy of the order is attached as Exhibit 1.

2      In August, 2024, James Andersen, an attorney, attempted to remove the State District Court Case to his chapter 13 bankruptcy case, Case No. 24-80252, pending in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division to rulings on PCF's (1) Motion for ELIZABETH THOMAS and JAMES ANDERSEN to Show Cause Why They Should Not be Held in Contempt for Violations of the Vexatious Litigant Order and Recusal Sanction Order and (2) Motion for Judicial Review of Documentation or Instrument Purporting to Create Liens or Claims (the "Motions") which were pending at the time.  The Motions were set for oral hearing on August 13, 2024 at 1:30 P.M.  The Bankruptcy Court remanded the case on September 10, 2024, and dismissed the bankruptcy on September 27, 2024.  See, Exhibits 2 and 3, respectively.

3.      In the present notice, Andersen, acting on behalf of or in concert with Elizabeth Thomas, attempted to remove the entire State Court Litigation to federal court, and transfer the case to the United States Bankruptcy Court for the Southern District of New York, under Case No. 24-11375, and styled, *In re Allan Armando Haye*, Debtor.  PCF objects to a transfer to New York.

## History of Removals and District Court Orders.

4.      Ms. Thomas, Allan Haye, James Allen, Robert Thomas, and James Andersen have removed these and other cases[1] multiple times and have been ordered to stop. Elizabeth Thomas and Mr. Andersen have openly, willfully and intentionally defied those District Court orders.   District Courts in this district have issued the following orders prohibiting further removals without express, written permission of the Chief Judge of this District.

       a.      Case No. 4:19-cv-00559; Order entered by Judge Hittner;

       b.      Case No. 4:19-cv-04321; Order entered by Judge Hughes;

       c.      Case No. 4:22-cv-00705; Order entered by Judge Bennett, and

       d.      Case No. 4:22-cv-00742; Order entered by Judge Hanks.

### Relevant District and Bankruptcy Court Orders

### i.      Judges Hittner and Hughes' Orders.

5.      On April 15, 2019, Judge Hittner ordered that:

Elizabeth Thomas [and others] (collectively, "Defendants") … are hereby **ENJOINED, collectively and individually,** from henceforth filing any notice of removal from the 127th Judicial District Court in Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288 (collectively, "State Cases") in the Southern District of Texas without advance written permission from the Chief Judge of the Southern District of Texas. Any New notices of removal from the State Cases which Defendants seek to file in this Court will not be docketed until the Chief Judge of United States District Court for the Southern District of Texas grans Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. (Emphasis in original.)

*See* Exhibit 4. No Motion for Leave to File Notice of Removal was filed for this current notice that purports to remove Cause No. 2017-76078.   In another order relating to a

---

[1] These cases include Cause No. 2016-87941, Cause No. 2016-87941, Cause No. 2017-76078, Cause No. 2017-82388,d Cause No. 2017-04089, and Case No. 2018-91506.  All have been remanded to state court.

bankruptcy court appeal, Judge Hughes issued an order outlining the pattern of abuse of the legal process engaged in by Elizabeth Thomas and those aligned with her.  See, Exhibit 5.

### ii.    Judge Bennett's Order

5.    On February 16, 2023, Judge Bennett ordered that he "expands Judge Hittner's previous directive that the Aligned Litigants [(including Elizabeth Thomas)] receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court." *See* Exhibit 6. Again, here, no removing party obtained prior written approval for this purported current removal.

### iii.    Judge Hanks' Order

6..    On March 30, 2023, Judge Hanks *sua sponte* remanded Ms. Thomas's 2017-76078 case to the 333rd Judicial District Court. *See* Exhibit C. In his order, Judge Hanks:

> "broaden[ed] the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt for court both the removing party and its counsel. (Emphasis in original.)

*See* Exhibit 7.  No such written approval was obtained.

### iv.    Judge Bennett's Second Order

7..    On February 8, 2024, Ms. Thomas and Attorney James Andersen escaped sanctions because Judge Bennett referred only to his prior February 16, 2023 order and said that Mr. Andersen was not listed in that order. *See* Exhibit 8.

8.      Mr. Andersen was listed as counsel and a party in another Elizabeth Thomas-related Delaware bankruptcy, involved another attempt to remove the State Court case to federal court, which was an involuntary bankruptcy petition filed against a defunct Delaware company bearing a similar name to PCF's parent company[2].  Judge Bennett may not have been aware of Judge Hanks's March 30, 2023 order that applied to the removing party and her counsel.

### v.      Judge Pérez's Order

9.      On August 12, 2024, Mr. Anderson attempted to remove the litigation to federal bankruptcy court in New York.  The case was filed in Mr. Andersen's chapter 13 bankruptcy, pending under Case No. 24-80252, pending in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division.  The attempted removal was assigned Adv. No. 24-08005.

10.     Mr. Andersen, on behalf of Allan A. Haye (but really acting on behalf of Elizabeth Thomas), filed the attempted removal as agent for Mr. Haye to avoid the prior orders precluding removal. Mr. Andersen is a party – Mr. Andersen is a judgment debtor in State Court Case; he is also the subject of the State Court's Recusal Sanctions Order and Vexatious Litigant Order with respect to the Property.  *See* Exhibits 9 (the Summary Judgment), 10 (the Recusal Sanctions Order), and 11 (the Vexatious Litigant Order).  Mr. Andersen did not seek prior written permission to remove the State Court case.  On April 25, 2024, the Court of Appeals of Texas for the First District of Texas issued an order dismissing

---

[2] Mr. Andersen filed the attempted removal in Case No. 23-10378, in the United States Bankruptcy Court for the District of Delaware, on March 30, 2023, in a failed attempt to delay/avoid a ruling on PCF's summary judgment.  The Delaware Bankruptcy case was dismissed on May 2, 2023.  Elizabeth Thomas, though has appealed and the case is pending before the United States Court of Appeals for the Third Circuit under Case No. 24-1979.

them as parties. Therefore, the judgments against them are final and non-appealable. See, Exhibit 12. The appeal was dismissed on August 22, 2024. Exhibit 13.

11.     In a brazen attempt to avoid a remand by Judge Pérez, Elizabeth Thomas, acting as Mr. Andersen's legal assistant attempted to remove the bankruptcy adversary case to Delaware federal court – **while the Bankruptcy Court was conducting a hearing, in open court, when Mr. Andersen was physically present in the courtroom, all without Mr. Andersen's knowledge.**

12.     In a recent ruling in another removal, the Hon. Bankruptcy Judge Marvin Isgur found Elizabeth Thomas and Mr. Andersen willfully and intentionally violated the removal orders and ordered them to compensate the affected parties' lawyers. *See*, Exhibit 14. Judge Isgur ordered them not to file any more removals in open court. Mr. Andersen and Elizabeth Thomas ignored that order, too. A hearing is set for October 21, 2024, to determine if they should be held in contempt for failing to pay the sanctions entered by Judge Isgur.

### vi.  Most Recent Foray into Removals of the State Court Litigation

13.     Now, on the eve of yet another hearing in state court, Mr. Andersen attempted to remove the entire State Court Litigation to federal court and transfer it to the Haye Bankruptcy pending in New York. Again, Mr. Andersen failed to obtain written authorization prior to removing the State Court Litigation to federal court. Mr. Andersen, as well as all other parties associated with Elizabeth Thomas, should be compelled to show cause for their defiance of numerous federal district court and bankruptcy court orders. The inclusion of non-parties to the State Court Litigation is merely another attempt to confuse or

distract courts. There is no federal question and there is no basis for federal court jurisdiction over the State Court Litigation.

14. Based on the prior orders, though this case was not properly removed, in abundance of caution, and out of deference to the Texas state courts, PCF seeks an order remanding the case back to the 80th District Court and to the Court of Appeals of Texas for the First District of Texas. Further, the Court should consider how to stop further attempts at frivolous removals.

15. Pursuant to 28 U.S.C. § 1446, this attempted removal is not timely. A notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting for the claim for relief. 28 U.S.C. § 1446(b). Here, the State District Court lawsuit was filed in June 2020, and the Summary Judgment was entered by the State District Court on April 19, 2023; the Appeal Case has been pending since May 2023, and the Supreme Court Case has been pending since August 26, 2024. The State Court Litigation involves matters purely of state law relating to real property located in Harris County, Texas. There is no basis for federal court jurisdiction. Additionally, the Summary Judgment is final as to Mr. Haye, Mr. Andersen, and Elizabeth Thomas. See, 28 U.S.C. § 1331. Furthermore, Mr. Andersen failed to comply with 28 U.S.C. § 1446(a). Additionally, the attempted removal fails to meet the requirements of the removal rules. Andersen has not copies of all pleadings in the State Court Litigation from either the District Court Case, the Court of Appeals Case, or the Texas Supreme Court case.

16. Consequently, the purported removal should be remanded to the Texas state courts.

## RESPONSE TO MOTION TO TRANSFER

17.     In this current purported removal, Mr. Andersen seeks to transfer the State

District Court and Appeal Cases case to Mr. Haye's Southern District of New York

bankruptcy case file on August 8, 2024 under Case No. 24-11375-mew-7, and pending in

the United States Bankruptcy Court for the Southern District of New York.  Incidentally,

Mr. Haye filed bankruptcy *pro se*, listing his addresses as 536 East 6th Street, New York, NY

10009, and 500 8th Avenue FRNT 3, 1839, New York, NY 10018.  However, when Mr.

Andersen filed the Notices of Removal and Suggestions of Bankruptcy, on August 1, 2024,

Mr. Andersen listed Mr. Haye's address as 4548 NW 6th Ct., Ocala, FL 33475.

18.     Judge Bennett previously rejected Ms. Thomas's prior attempts to transfer the

cases to her bankruptcy case in New York related to the property that she purchased in 2007

at 8202 Terra Valley Lane, Tomball, Texas. He wrote:

> On March 7, 2022, E. Thomas removed the case to this Court claiming that
> under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer
> the case to the U.S. Bankruptcy Court for the Southern District of New York,
> While Plains Division, where she has a pending Chapter 13 bankruptcy case.
> Doc. #4 at 17 (Amended Notice of Removal).
> …
> E. Thomas argues that this case "is directly related" to her bankruptcy case
> within the meaning of Section 1334 because the relief sought by PCF and
> Chase is the same as claims already litigated against her. Doc. #4 at 17.
> However, United States Bankruptcy Judge Cecelia G. Morris of the Southern
> District of New York, who presided over E. Thomas' aforementioned Chapter
> 13 case, stated in a memorandum decision that the Property "is not (and has
> never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even
> Further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure
> sale on the … Property is not invalidated or affected in any way whatsoever
> by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of
> the bankruptcy estate, the case is not related to a title 11 proceeding; the
> outcome of this case as it relates to the Property will not impact the estate being

administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d
746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to'
jurisdiction when the asset in question nis not property of the estate and the
dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction
under Section 1334(b) as required for a removal pursuant to Section 1452.

*See* Exhibit 6. Judge Bennett clearly rejected the claims that Ms. Thomas makes to support

transfer to her closed bankruptcy case.

19.     Judge Hanks similarly ruled and wrote about the long twisted history of this

and similar litigation:

> This case is one strand in a complex web of protracted civil lawsuits and
> bankruptcy proceedings that … Thomas … and several associated parties …
> have crafted to effectuate, in the words of the United States Bankruptcy Court
> for the Southern District of New York, "a scheme to delay, hinder, and defraud
> creditors" through "a long-running systemic plan … to prevent a piece of
> property located at 8202 Terra Valley Lane, Tomball, Texas … from being
> foreclosed." Judges of this Court share the New York bankruptcy court's astute
> view of these cases. In a related bankruptcy
> appeal, Judge Hughes referred to [Thomas and several associated parties]
> actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have
> been filed—to avoid foreclosure" through "frivolous litigation" and the
> recording of "questionable or invalid documents in real property records …
> including a purported satisfaction and release of the lien." (Internal citations
> omitted.)
>
> One of the … favored tactics is the filing of dilatory notices of removal….
>
> …. The judges presiding over the bankruptcy [(18-23676)] have explicitly
> "determined that the filing of [Elizabeth Thomas's] bankruptcy petition was
> part of a scheme to delay, hinger, and defraud creditors" through "a long-
> running systemic plan … to prevent a piece of property located at 8202 Terra
> Valley Lane, Tomball, Texas … from being foreclosed." (Internal citations
> omitted.)
>
> …. This removal was plainly an obstruction tactic.

*See* Exhibit 7. As stated above, Judge Hanks remanded the case and clearly wrote how

unimpressed he was with Mr. Thomas's argument that these cases were related to her New

York bankruptcy. *Id.*

20.     Likewise, Mr. Andersen's attempt to transfer this case to Mr. Haye's New York bankruptcy should be denied.  Mr. Haye does not own the Property, he does not reside in the Property, and claims no interest in and to the Property.  Mr. Haye is no longer a party to the State Court Case or the Appeal Case, having been dismissed as a party.  *See*, Exhibit H.  A litigant should not be able to challenge state court orders in federal courts as a means of relitigating matters that already have been considered and decided by a court of competent jurisdiction. *See, Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

21.     Notwithstanding Mr. Andersen's failure to abide by numerous court orders, the attempted  removal to the New York Bankruptcy Court is fundamentally flawed.  Fed. R. Bankr. P. 9027 states that a notice of removal shall be filed with the clerk for the *district and division* within which is located the state of federal court *where the civil action is pending*.  See, Fed. R. Bank. P. 9024(a)(1) (emphases added).  Any removal notice, therefore, had to be filed in the United State District Court for the Southern District of Texas, Houston Division.  *Id*.

22.     However, Bankruptcy Court jurisdiction is not automatic and removal actions are very strictly construed in the Bankruptcy Court.  Bankruptcy Courts only have jurisdiction over *core* proceedings that directly relate to a bankruptcy case.  See, 28 U.S.C. § 157(a).  Core proceedings are matters arising under Title 11, or arising in a case under Title 11.  28 U.S.C. § 157(b).  Cases removed to the Bankruptcy Court are adversary proceedings subject to Rule 7001, et seq, of the Federal Rules of Bankruptcy Procedure.  See. Fed. R.

Bankr. P. 9027(a)(1).  Mr. Andersen completely failed to comply 11 U.S.C. § 303 applicable to bankruptcy cases, and further failed to comply with the Federal Rules of Bankruptcy Procedure by not filing this removed proceeding as an adversary proceeding and paying the required filing fee.

23.     Nevertheless, Mr. Andersen's attempted removal is legally impossible.  "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal bankruptcy case [as Mr. Andersen attempted to do in the New York Bankruptcy Court].  Instead, the litigant must comply with the procedures of removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022); *see, also, Gillian v. Austin*, No. C-02-1389, 2022 WL 1034115, at *4 (N.D. Cal. May 13, 2002)("[T]he notice of removal is a means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.]  A case cannot be removed from state court to become a part of an already existing federal case.")  Mr. Andersen did not comply with required procedures; therefore, the attempted removal was never part of any pending bankruptcy case.

24.     For reasons cited by Judge Hughes, Judge Hittner, Judge Bennett, Judge Hanks, as attributed to Judge Morriss while she presided over Ms. Thomas's New York bankruptcy, and Judge Isgur's recent rulings, the Motion to Transfer should be denied.

## <u>SANCTIONS ARE APPROPRIATE</u>

25.     Furthermore, Mr. Andersen, Ms. Thomas, and all of those acting in concert

with them should be compelled to show why they should not be sanctioned for willful, intentional violations of numerous court orders prohibiting repeated removals, abusing the legal system, and forcing PCF to incur extraordinary legal fees defending baseless, meritless lawsuits brought solely for the purposes of harassment.

26.     Elizabeth Thomas, Mr. Andersen, and those acting in concert with them, have demonstrated contempt of this Courts' orders.  They simply refuse to abide by orders issued by Courts in this District, willfully and intentionally defying orders compelling them to obtain written approval from the Chief Judge of this District prior to attempting to remove other cases to federal court.  Their conduct is egregious.  It is willful.  It is intentional.  It is knowing.  This Court has inherent power to compel compliance with orders issued by Courts in this District.    This Court should issue appropriate orders to Elizabeth Thomas, Mr. Andersen, and those acting in concert with them to show cause why they should not be held in contempt of court.

## CONCLUSION

27.     Ms. Thomas and Mr. Andersen have been sanctioned monetarily multiple times, and there is no evidence that any sanctions have been paid. They have been ordered numerous times to not remove these cases without prior court approval, yet they continue to do so without regard to or respect for the Courts' prior orders. PCF prays that the Court deny

the Motion to Transfer and remand these cases back to their respective courts of origin.

Respectfully submitted,

BARRY & SEWART, PLLC


 /s/ John V. Burger
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN: 24108500

4151 Southwest Freeway, Ste 680
Houston, Texas 77027
Telephone: (713) 722-0281
Telecopier: (713) 722-9786
evictions@barryandsewart.com
john@barryandsewart.com

ATTORNEYS, P.C.F. Properties in TX, LLC

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Remand, was served upon the Defendants at the addresses listed below by CM/ECF service on this the 18th day of October, 2024 by prepaid U.S. regular and certified mail, return receipt requested, and by email at the addresses listed below:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email: *jandersen.law@gmail.com*

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

Via email at: elizthomas234@gmail.com; and tethomas3@aol.com

Allan A. Haye
536 East 6th Street
New York, NY 10009,

Allan A. Haye
500 8th Avenue FRNT 3, 1839
New York, NY 10018.

Allan A. Haye
4548 NW 6th Ct.
Ocala, FL 33475

Jasmine Beguesse-Jarbis
2844 Kings Circle
Kingwood, TX 77345

Jasmine Jarbis
8292 Terra Valley Lane
Tomball, TX 77375

Elizabeth Thomas
8202 Terra Valley Lane
Tomball, TX 77375

Don Burris
1302 Waugh Dr.
Houston, TX 77019

Shelvy Spires
6046 FM 2920
Spring, TX 77379

Maiki Nria
6046 FM 2920
Spring, TX 77379

        /s/ *John V. Burger*
         John V. Burger

TAB-4-ORDER TO SHOW CAUSE

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 21, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXES
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3216** |
| | § | |
| **JAMES MICHAEL ANDERSEN,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

A show cause hearing is scheduled for November 5, 2024 at 9:00 am in Courtroom 400, 515 Rusk, Houston, TX 77002. Parties to the case are required to appear in person to show cause as to why this case should not be remanded to Texas State Court in view of the previous remand order issued in case 24-8005 ECF No. 26 on September 10, 2024.  Any response to this order shall be filed no later than November 1, 2024 at 4:00 pm.

SIGNED 10/21/2024

Alfredo R Pérez
United States Bankruptcy Judge

1 / 1

TAB-5-MOTION TO WITHDRAW REFERENCE

## UNITED STATES BANKRUPCTY COURT
## SOUTHERN OF TEXAS
## HOUSTON  DIVISION

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC<br>**_Plaintiff_**<br><br><br>_vs_<br><br><br>James M.  Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore Shelvy Spires<br>**_Defendants_** | **24-AP-03216**<br><br>**MISC.  DOCKET NO. 2020-35780**<br><br><br>**Removed from: 80th District Court<br>Harris County, Texas** |

### MOTION TO WITHDRAW REFERENCE
### AND TO STAY PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

James M. Andersen ("Andersen"), a Defendant in the above styled adversary proceeding (the "Adversary Proceeding"), hereby submits this Motion to Withdraw Reference (the "Motion"), pursuant to 28 U.S.C. § 157 and Movant also request the Bankruptcy Court issue a stay of proceedings as permitted by 28 U.S.C. § 157(c) pending the District Court's ruling on the motion to withdraw reference. respectfully states as follows:

### I.
### NATURE OF ANDERSEN MOTION

1.   This case has been improperly filed in bankruptcy court due to the absence of a debtor.   Andersen    files this "Motion to Withdraw the Reference", due the bankruptcy court "lack of jurisdiction" to hear this case due to their being "no debtor,"  as such the matter presented does not constitute a legitimate bankruptcy proceeding as there is no debtor involved and a  lack of a debtor, deprives  the Bankruptcy Court lacks jurisdiction. No Defendants in this case have been served with citation of service and or notice of scheduled hearings.

2.   There is no "debtor" named in this case for the Bankruptcy Court to have jurisdiction over; the Bankruptcy Court only has jurisdiction over cases involving a debtor who has filed for bankruptcy protection, and without a debtor, the court cannot properly adjudicate the dispute.

3.   On October 10, 2024, Defendant Andersen filed a "Notice of Removal" [Doc. 1],  the case under Misc Doc. No. 2020-35780, styled as ***In re P.C.F. Properties in TX , LLC, vs. James M.  Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and  Shelvy Spires*** from the 80th District Court, Harris County, Texas to the U.S. District Court for the Southern District of Texas: Houston Division case No.  24-cv-03875.

4.   On October 15, 2024, after communications with Training Specialist Ms. Claudia Gutierrez, for the U.S. District Court for the Southern District of Texas: Houston Division discovered was the fact that Allan Haye whom is presently in a bankruptcy was wrongfully named as party to this Misc Doc case. Mr. Haye is not named as a party to this proceeding and as such he was removed  though a Amendment.

5.   On October 15, 2024, Andersen filed a Withdrawal [Doc. 6], as to the October 10, 2024, "Notice of Removal" on the grounds that it erroneously named non-party Allan Haye as a party to this case.    On October 15, 2024, Andersen   timely filed a "Amended Notice of Removal" which effectively removed non-party debtor Allan Haye. [Doc. 4. ],

6.   On July 11, 2024, P.C.F. Properties in Texas LLC, a purported Texas limited liability company commenced a new cause of action under Misc Doc. No, 2020-35780 in the 80th District Court solely against ***James M.  Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and  Shelvy Spires***. See State Court Filings. Mr. Haye is not named as a party.

7.   On September 10, 2024, a Remand Order was issued remanding the parties In re P.C.F. P.C.F. Properties in Texas LLC, vs. ***James M.  Andersen, Elizabeth Thomas ,Jasmine B***

*Jarbis, Jireh Pitts, and  Shelvy Spires*.under Misc. Docket No. 2020-35780 to the 80th District Court, Harris County Texas.  See **Exhibits** 1, 2, and 3. Mr. Haye is not named as a Party to this order or proceeding.

8.      On October 17, 2024, the district court in error referred this case to the bankruptcy and there exists no debtor in this case or any claims against any debtor that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. Accordingly, subject matter jurisdiction over this case does not exist..

## II.
## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This proceeding was in error referred to this Court under General Order 2012-06 consistent with 28 U.S.C. § 157(a). Andersen seeks the District Court's withdrawal of this proceeding. Section 157 commits to the District Court the decision to withdraw a bankruptcy proceeding. 28 U.S.C. § 157(d) (2020); FED. R. BANKR. P. 5011(a). Hence, the Court may only issue a report and recommendation to the District Court about whether this proceeding should be withdrawn.

## III.
## ARGUMENT AND AUTHORIES

This case lacks a debtor, meaning the Bankruptcy Court lacks jurisdiction to hear the matter the dispute falls outside the scope of bankruptcy jurisdiction.  The District Court may withdraw proceedings "for cause." *Benjamin v. United States* *(In re Benjamin*), No. 17-33255, 2021 WL 3861615, at *3 (Bankr. S.D. Tex. Apr. 30, 2021) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  The most important factor is whether the matters referred are core or non-core. S*. St. Seaport Ltd. P'ship v. Burger Boys, Inc.* (In re Burger Boys, Inc.), 94 F.3d 755, 762 (2d Cir. 1996).

Andersen argues that this Motion is timely. "In an adversary proceeding, a party should move to withdraw the reference within 90 days of the complaint or notice of removal." In the Matter of Bankruptcy Jurisdiction, General Order No. 2011-12. Because Andersen filed it's Amended Notice of Removal on October 15, 2024. [Doc. .4 ],this  motion is timely.

### 1.  Bankruptcy Court lack of Jurisdiction

There is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that  P.C.F. Properties in Texas LLC claims could have any such effect on Haye's estate.. See generally _In re Baltic Associates, L.P_., 149 B.R. at 95.

P.C.F. Properties in Texas LLC's, non-bankruptcy law claims would not be related to any pending bankruptcy case and do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case.  28 U.S.C. § 157(d) establishes the power of the District Court to withdraw the reference This statutory language makes clear that the power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b).  A bankruptcy subject matter jurisdiction exists over debtors or claims against debtors.    Thus, a district court may not properly refer to the bankruptcy court all civil proceedings over which it may have subject matter jurisdiction.

Instead, such a referral is limited by § 1334(b) to cover only those proceedings that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. See, e.g., _In re Williams_, 244 B.R. 858, 865-66 (S.D.Ga. 2000) ("The jurisdiction of bankruptcy courts, as § 157's terms make clear, is derivative: They can only exercise jurisdiction if that jurisdiction has been first granted to the district courts pursuant to 28 U.S.C. § 1334"), aff'd sub nom. _Williams v. Sears, Roebuck Co_.,

___ F.3d ___, 2002 WL 649108 (11th Cir. 2002) (Table); _In re Foundation for New Era Philanthropy_, 201 B.R. 382, 398 ("If a proceeding is unrelated to the bankruptcy case, the district court has no authority to refer it to a bankruptcy judge — even if the proceeding falls within some other federal jurisdictional grant"); see also _United States v. One Parcel of Real Property, Commonly Known as Star Route Box 1328, Glenwood, Washington County, Oregon,_ 137 B.R. 802, 805 (D.Or. 1992); _In re JMP-Newcor International, Inc_., 225 B.R. 457, 460 (Bankr.N.D.Ill. 1998)

In law and fact the case should be dismissed as it follows that, under section 157(d), the district court may only withdraw from the bankruptcy court the reference of those proceedings which were improperly referred initially: via., those within the scope of section 1334(b). Accordingly, whether or not the plaintiffs' claims could have originally been filed in the district court under its federal question jurisdiction, 28 U.S.C. § 1331, the putative claims could only be withdrawn from this court under section 157(d) if bankruptcy jurisdiction under § 1334 exists for those claims. For the reasons mentioned earlier, bankruptcy subject matter jurisdiction does not lie. Therefore, withdrawal of the reference under section 157(d) for the claims would not be appropriate and should instead be dismissed.

Although BLR 5011-1 provides that the withdrawal motion will first be presented to the bankruptcy court "[u]nless the district court orders otherwise," that local rule seems to contravene title 28 and Rule 5011.

_In Healthcentral_, the Ninth Circuit held that a local rule could not contravene the requirements of 28 U.S.C. § 157, providing that only a district court may withdraw the reference. 504 F.3d at 786. The Ninth Circuit thus invalidated the local rule providing otherwise as inconsistent with section 157(d) and Rule 5011(a):

 The rules associated with local bankruptcy rules are clear. As part of the Bankruptcy Code Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2075. Pursuant to this authority, the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule 9029"), which grants district courts the power to adopt their own local rules. Brown v. Smith (In re Poole), 222 F.3d 618, 621 (9th Cir.2000). Under Rule 9029, however, this power is strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1], 9029–2 (rev. 15th ed. 2006.) Rule 9029 states a local bankruptcy rule must: (1) be consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy Procedure; and (3) not limit the use of Official Bankruptcy Forms. Steinacher v. Rojas (In re Steinacher), 283 B.R. 768, 772–73 (9th Cir. BAP 2002). If any of these limits are not observed, the local bankruptcy rule must be held invalid.

Moreover, comparing, and contrasting Rule 5011(a) with Rule 5011(b), governing abstention under 28 U.S.C. § 1334(c), further calls into question BLR 5011-1's requirement that a motion to withdraw the reference be presented to the bankruptcy court. Whereas Rule 5011(a) (and title 28) requires motions to withdraw the reference to be decided by the district court, "motions to abstain are heard by bankruptcy judges." 1 COLLIER ON BANKRUPTCY ¶ 3.05 (16th ed.). And Rule 5011(b) further specifies motions to abstain are "governed by Rule 9014 . . . ." Rule 5011(a) contains no such requirement.

In any event, the text of BLR 5011-1 itself provides that the requirement of a prior recommendation by the bankruptcy court is not absolute, and the district court has discretion to bypass that recommendation in the interests of judicial economy. See Franklin Sav. Ass'n v. Office of Thrift Supervision, 150 B.R. 976, 978 (D. Kan. 1993) (holding, in case governed by local rule similar to BLR 5011-1, that district court would rule on motion for withdrawal of reference without seeking a bankruptcy court recommendation  as the bankruptcy court lacks jurisdiction as such the District Court should consider the Motion in the first instance.

**IV.**
**CONCLUSION**

Accordingly, the Defendant James M. Andersen requests that the District Court withdraw the reference of this adversary proceeding and grant such other and further relief as is equitable and just

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2024 the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

By:/s/James M. Andersen
James M. Andersen

**UNITED STATES DISTRICT COURT**
**SOUTHERN OF TEXAS**
**HOUSTON  DIVISION**

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC | |
| *Plaintiff* | 4-24-cv-03875 |
| | **MISC.  DOCKET NO. 2020-35780** |
| *vs* | |
| James M.  Andersen, Elizabeth Thomas | |
| Jasmine B .Jarbis, Jireh Pitts, and | **Removed from: 80th District Court** |
| Monique Moore Shelvy Spires | **Harris County, Texas** |
| *Defendants* | |

**ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE(Docket No. ___)**

Came  on  for  consideration  James M. Andersen Motion  to  Withdraw  the  Reference ("Motion")  and  after  consideration  of  the  Motion,  response,  and  arguments  of  counsel,  if any,  finds  that  cause exists to grant the motion.  It is therefore, ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and Adversary No 4-24-cv-03875  shall  be  assigned to  the  United  States  District  Court  for  the  Southern  District  of  Texas, Houston Division for further proceedings and trial.

Signed this _____ day of _____, 2024.

_____
United States District Judge

TAB-6-MOTION FOR CONTINUANCE

**UNITED STATES BANKRUPCTY COURT**
**SOUTHERN OF TEXAS**
**HOUSTON  DIVISION**

| | |
|---|---|
| In re.  P.C.F.  Properties in TX, LLC<br>*Plaintiff* | 24-ap-03216 |
| | **MISC.  DOCKET NO. 2020-35780** |
| *vs* | |
| James M.  Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore Shelvy Spires<br>*Defendants* | **Removed from: 80th District Court**<br>**Harris County, Texas** |

## MOTION FOR A CONTINUANCE

Comes Now, Elizabeth Thomas (the "Plaintiffs") and files this Emergency Motion to Continue, I have just been notified of Show Cause Hearing set for November 5, 2024, and this notice was not served on any of the pro, se parties.  I don't receive electronic service, this continuance s for good cause shows the court as follows:

On October 9, 2024, I was diagnosed by my doctor with a condition that requires surgery. I am scheduled for said surgery on October 17, 2024 with a pending release date of October 31, 2024, providing that there are no complications. On October 30, 2024, while at my follow-up appointment I was admitted back into the hospital due to complications until November 13, 2024.  As such I am will not be able to appear at the hearing scheduled for November 5, 2024,  and seek that said hearing be continued for the reasons stated above. In

support thereof I have filed under seal a copy of the doctor's letter placing me on a

Medical until November 13, 2024.

Respectfully submitted,

By Permission /s/Elizabeth Thomas
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.con

## CERTIFICATE OF CONFERENCE

On November 1, 2024, I served a copy of this Motion via e-mail upon
**John Burger** <john@barryandsewart.com

/s/Elizabeth Thomas

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 1, 2024, a copy of the foregoing

document was served EFC- Service System or E-mail and U. S. Mail, postage

prepaid upon all counsel of record.

/s/Elizabeth Thomas

**UNITED STATES BANKRUPCTY COURT**
**SOUTHERN OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re. P.C.F. Properties in TX, LLC<br>*Plaintiff*<br><br>*vs*<br><br><br>James M. Andersen, Elizabeth Thomas<br>Jasmine B .Jarbis, Jireh Pitts, and<br>Monique Moore Shelvy Spires<br>*Defendants* | 24-ap-03216<br><br>**MISC. DOCKET NO. 2020-35780**<br><br><br><br>**Removed from: 80th District Court**<br>**Harris County, Texas** |

## ORDER GRANTING MOTION FOR CONTINUANCE

Before the Court is the Motion filed by Elizabeth Thomas (the "Movant") requesting continuance of the current hearing scheduled for November 5, 2024, on the Defendants Motion for Remand. The Court finds that good cause has been shown and the Motion should be granted.

ACCORDINGLY, IT IS ORDERED that the hearing on the Defendants Motion for Contempt as to the Movant is continued to the _____ date and time _____.

SIGNED On _____.

 

 

_____
Hon. Alfredo R. Perez
United States Bankruptcy Judge

TAB- 7- AMENDED SHOW CAUSE ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXES
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3216** |
| | § | |
| **JAMES MICHAEL ANDERSEN,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER TO SHOW CAUSE

On October 21, 2024, the Court entered a Show Cause Order (ECF #6) scheduling a show cause hearing for November 5, 2024, at 9:00 am in Courtroom 400, 515 Rusk, Houston, TX 77002. Parties to the case are required to appear in person to show cause as to why this case should not be remanded to Texas State Court in view of the previous remand order issued in case 24-8005 ECF No. 26 on September 10, 2024 and to file any response any November1, 2024.

Rather than file a response to the Show Cause Order, Defendant Andersen filed a Motion to Withdraw the Reference and to Stay Proceedings (ECF #10) and Defendant Thomas filed a Motion for Continuance (ECF #11). The Court hereby amends the initial show cause order (ECF #6) and excuses Defendant Thomas from appearing at the show cause hearing.

SIGNED 11/04/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Jane Nelson
Secretary of State

TAB-8-CERTIFICATE OF FACT

# Office of the Secretary of State

### Certificate of Fact

The undersigned, as Secretary of State of Texas, hereby certifies that a diligent search of the records of this office was performed on the name P.C.F. Properties in TX, LLC. It is further certified that the search revealed the following:

- There is no record of a domestic corporation, professional corporation, professional association, limited partnership, limited liability partnership, or limited liability company by the name searched.
- There is no record of a foreign corporation, professional corporation, professional association, limited partnership, limited liability partnership, limited liability company, business trust, real estate investment trust, or other foreign filing entity with a registration to transact business by the name searched.
- There is no record of an out-of-state financial institution registration by the name searched.
- There is no record of an assumed name certificate on file by the name searched.
- There is no record to indicate that a designation of agent for service of process is on file for a Texas financial institution, unincorporated nonprofit association, or a defense base development authority by the name searched.

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on June 06, 2024.



Jane Nelson
Secretary of State

*Come visit us on the internet at https://www.sos.texas.gov/*

Phone: (512) 463-5555
Prepared by: Deborah Rogers

Fax: (512) 463-5709
TID: 10256

Dial: 7-1-1 for Relay Services
Document: 1370180040002

TAB-9-CASE INCORRECTLY FILED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:24-cv-03875

Incorrectly Filed
Assigned to: Judge Unassigned
Case in other court:  80th District Court, Harris County, TX, 20-
                35780
Cause: 88:8888 Other Statutory Actions

Date Filed: 10/10/2024
Date Terminated: 10/17/2024
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Incorrectly Filed**


V.

**Defendant**

**Incorrectly Filed**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/2024 | 1 | NOTICE OF REMOVAL from 80th District Court Harris County, case number 2020-35780 () filed by James M Andersen. (Andersen, James) (Entered: 10/10/2024) |
| 10/11/2024 | | Referral Judge Selected: Magistrate Judge Peter Bray randomly selected to receive referrals. The selected Magistrate Judge is not assigned to this case until a District Judge refers the case or a motion or the parties consent to jurisdiction of the Magistrate Judge. Once a referral has been made, the name of the referral judge will appear at the top of the docket sheet. (hem4) (Entered: 10/11/2024) |
| 10/11/2024 | 2 | CLERKS NOTICE Regarding Consent to Jurisdiction of Magistrate Judge. Parties notified, filed. (hem4) (Entered: 10/11/2024) |
| 10/11/2024 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 1/10/2025 at 11:00 AM by video before Magistrate Judge Peter Bray. (Signed by Magistrate Judge Peter Bray) Parties notified. (hem4) (Entered: 10/11/2024) |
| 10/15/2024 | 4 | NOTICE *AMENDED NOTICE OF REMOVAL* by James M Andersen, filed. (Andersen, James) (Entered: 10/15/2024) |
| 10/15/2024 | 5 | STATE COURT RECORDS by James M Andersen, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Andersen, James) (Entered: 10/15/2024) |
| 10/15/2024 | 6 | WITHDRAWAL of Claim re: 1 Notice of Removal by James M Andersen, filed. (Andersen, James) (Entered: 10/15/2024) |
| 10/17/2024 | | Initial Conference set for 1/10/2025 at 11:00 AM by video before Magistrate Judge Peter Bray is terminated. (hem4) (Entered: 10/17/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/22/2024 13:37:32 | | | |
| **PACER Login:** | jmanderse4625 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:24-cv-03875 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |