**Civil Action No. 24-CV-04357**

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON: DIVISION

_____

**Elizabeth Thomas**

*Appellant,*

**v.**

**P.C.F. Properties in TX, LLC ,**

*Appellees.*

_____

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas; Houston Division
Bankruptcy Case No. 24-03216

_____

### MOTION TO STRIKE APPELLLEES CROSS BRIEF
### FOR LACK OF JURISDICTION

_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Elizabeth Thomas (the "Appellant") and files this Objection and Motion to Strike ("the Motion"), P.C.F. Properties in Texas LLC, Cross Brief (the "Non-Existent Appellees"), cross opening brief and for cause show the court as follows:

## MOTION TO STRIKE

1. On November 4, 2024, Elizabeth Thomas (the "Appellant"), filed a Notice of Appeal, challenging the U.S. Bankruptcy Court October 21, 2024, and November 3, 2024 Orders to Show Cause.

2.    According to the Federal Rules of Bankruptcy Procedure, to file a cross-appeal, a party must file a "Notice of Cross-Appeal" within 14 days of the date the first notice of appeal was filed by another party, as outlined in Rule 8002(b); this essentially allows the appellee to challenge parts of the bankruptcy court's decision that they believe were unfavorable, even while defending against the initial appeal.

3.    Non-Existent Appellee P.C.F. Properties in Texas LLC., "Notice of Cross Appeal" was due on November 18, 2024, and the court's docket is void of the filing Non-Existent Appellee filing a timely of Cross Appeal"

4.    Despite the fact that Non-Existent Appellee P.C.F. Properties in Texas LLC., failed to file a "Notice of Cross Appeal" they have filed a Cross-Brief as Federal Rules of Bankruptcy Procedure Rule 8002(b), don't apply to them.

5.    Appellant objection to the filing of the Non-Existent Appellee P.C.F. Properties in Texas LLC., Cross-Brief and moves the Court to strike it in its entirety.

6.  Moreover this Court lack jurisdiction to consider arguments raised in an Appellee's Cross Brief if the Appellee did not file a Notice of Cross Appeal, meaning they are essentially trying to appeal aspects of the lower court decision that go beyond defending against the Appellant's claims, without properly initiating their own appeal through a separate notice; this is because a cross-appeal is only considered when a party actively seeks to change the judgment in their favor beyond simply defending against the Appellant's arguments.  The U.S. Supreme Court favors the jurisdictional approach, noting that none of its holdings has ever recognized an exception to the "firmly entrenched" rule requiring the filing of a notice of cross-appeal.. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479-81 (1999).

7.  Non-Existent Appellee P.C.F. Properties in Texas LLC., has not filed a response to the Appellants Brief and raised any objections or disputed any of the facts stated therein in defense against the initial appeal, and it's time to do so has long past.

## CONCLUSION

**WHEREFORE,** Appellant Elizabeth Thomas moves Court to strike Non-Existent Appellee P.C.F. Properties in Texas LLC, due to the Court lack of jurisdiction over a non-existent fictional entity and due the failure to file a "Notice of Cross Appeal" and all other relief the court deems just.

Respectfully submitted,

<u>/s/Elizabeth Thomas</u>
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

**APPELLANT**

**Certificate of Service**

I certify that according to the Texas Secretary of State P.C.F. Properties in TX, LLC., is a fictitious entity that lacks a legal existence thereby making it legally impossible to serve  John V. Burger and the Barry & Sewart PLLC., law firm  are counsel of record and can be served via by EFC-filing system and U.S. Postal Service regular mail on February 22,  2025.

<u>/s/Elizabeth Thomas</u>